THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHILLY DIL CONSULTING INC., a** | § | |
| **Florida corporation,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 3:14-cv-02749-P** |
| | § | |
| **JETPAY ISO SERVICES, LLC, a Texas** | § | |
| **limited liability company; JETPAY, LLC, a** | § | |
| **Texas limited liability company; JETPAY** | § | |
| **CORPORATION, a Delaware corporation;** | § | |
| **and TRENT R VOIGT, an individual,** | § | |
| | § | |
| **Defendants.** | § | |

## APPENDIX OF EVIDENCE IN SUPPORT OF PLAINTIFF'S MOTION FOR TWO-TIERED PROTECTIVE ORDER

Pursuant to Civil Local Rules of Northern District of Texas Local Rule 7-1, Plaintiff,

CHILLY DIL CONSULTING INC., ("Plaintiff") hereby submits this Appendix of Evidence in

support of its Motion for Two-Tiered Protective Order.

**David Steiner & Associates, PLC**

BY: */s/* David Paul Steiner
  David P. Steiner
  California Bar No. 64638
  dpsartnetlaw@gmail.com
  DAVID STEINER & ASSOCIATES, PLC
  1801 Century Park East, Suite 1600
  Los Angeles, CA 90067
  Telephone: (310) 557-8422
  Facsimile: (310) 556-0336
  *Attorneys for Plaintiff*

**LEHTOLA & CANNATTI PLLC**

BY:  */s/* Patricia Beaujean Lehtola
        Patricia Beaujean Lehtola
        State Bar No. 01997700
        plehtola@lc-lawfirm.com
        Phillip E. Cannatti
        State Bar No. 00793456
        pcannatti@lc-lawfirm.com
        Patrick C. Joost
        State Bar No. 24078759
        pjoost@lc-lawfirm.com
        LEHTOLA & CANNATTI PLLC
        5001 Spring Valley Road,
        Suite 400 East
        Dallas, Texas 75244
        (972) 383-1515 (Telephone)
        (866) 383-1507 (Facsimile)
        *Attorneys for Plaintiff*

## TABLE OF CONTENTS

1.  Declaration of David Steiner In Support of Plaintiff's Motion for

    Two-Tiered Protective Order...................................................................1-4

2.  A true and correct copy of David Steiner's January 7, 2015 email correspondence

    to Defendants' counsel containing the draft, two-tier protective order...............5-24

3.  A true and correct copy of parties' meet and confer correspondence of

    January 14, 2015.............................................................................25-26

4.  True and correct copies of the parties meet and confer discussions on

    April 2, 2015 through email.................................................................27-28

### CERTIFICATE OF SERVICE

This is to certify that on April 22, 2015, the foregoing was served upon counsel of record in accordance with the Federal Rules of Civil Procedure as set forth below by U.S. Mail or electronic filing.

COOPER & SCULLY, P.C.
Timothy Micah Dortch
R. Brent Cooper
Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Tel.: 214/712-9501
Fax: 214/712-9540
**COUNSEL FOR DEFENDANTS**

/s/ Patricia Beaujean Lehtola
Patricia Beaujean Lehtola

# EXHIBIT 1

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHILLY DIL CONSULTING INC., a Florida corporation, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 3:14-cv-02749-P |
| JETPAY ISO SERVICES, LLC, a Texas limited liability company; JETPAY, LLC, a Texas limited liability company; JETPAY CORPORATION, a Delaware corporation; and TRENT R VOIGT, an individual, | § § § § § § | |
| Defendants. | § | |

## DECLARATION OF DAVID P. STEINER IN SUPPORT OF PLAINTIFF'S MOTION FOR TWO-TIERED PROTECTIVE ORDER

I, David P. Steiner, declare as follows:

1.    I am counsel of record in this case for Plaintiff Chilly Dil Consulting, Inc. ("Plaintiff"). Unless otherwise stated as based on information and belief, I have personal knowledge of the facts stated herein. If called upon to do so, I could and would testify to the truth thereof.

2.    I make this Declaration in support of the Plaintiff's Motion for a Two-Tiered Protective Order ("Motion") to provide protections to the parties' internal, proprietary, confidential, private, and sensitive information as well as the parties' trade secrets pertaining to customer lists, merchant acquisition and retention, marketing, and other internal, proprietary processes and procedures. This declaration further memorializes the parties' efforts to meet and confer pursuant to Local Rule 7.1(a), (b), and (h) prior to bringing the Motion.

3.    On January 7, 2015, on behalf of Plaintiff, my office sent a draft two-tier protective order to counsel for Defendants. Defendants never signed and never articulated any proposed changes to the draft. A true and correct copy of my January 7, 2015 email correspondence to Defendants' counsel containing the draft, two-tier protective order is attached hereto as Exhibit 2.

4.    On January 14, 2015, on behalf of Plaintiff, my office sent a "meet and confer" email correspondence to counsel for Defendants JetPay ISO Services, LLC; JetPay, LLC; JetPay Corporation; and Trent Voigt (collectively, "Defendants") setting forth deficiencies observed in Defendants initial disclosures under Fed. R. Civ. Proc. § 26(a) and requesting amendments thereto. We also stated that, despite Defendants' insistence, a "one-tier" protective order was insufficient in this case due to the nature of the dispute and the positions of the parties involved. Defendants ostensibly intended to designate defendant Trent Voigt ("Voight") as an expert in this case. It is alleged in the Complaint that Voigt is chairman, owner, operator, and/or controller of the various defendant entities. It

is further alleged that individual defendant Voigt operates the Defendant entities as part of a common enterprise for his personal benefit and that defendant Trent Voigt and the various other JetPay defendant entities are alter egos of each other. Complaint, ¶¶ 7-10. In effect, disclosure to Voigt is disclosure to all the Defendants. It would promote injustice and defeat the purpose of the protective order if Trent Voigt is permitted to circumvent the "attorneys eyes only" protections of the proposed protective order. In light of this risk of irreparable disclosure, Plaintiff requires a two-tier protective order. A true and correct copy of the parties' meet and confer correspondence of January 14, 2015 is attached hereto as Exhibit 3.

5.      Finally, on April 2, 2015, on behalf of Plaintiff, Laurent Tow, counsel for Defendants, sent my office an email communication stating that she would not enter the draft protective order because it did not permit Defendant Voigt to access all of Plaintiff's documents. As noted above in paragraph 4, this is an untenable position for my client. Counsel for Defendants also stated that she was going to name Voigt as an expert, but she had not named him as such in her Rule 26(a) disclosures. I requested that she amend her disclosures and take steps to make Voigt an expert, but she has yet to do so. Defendants counsel still did not provide an alternative protective order draft. True and correct copies of the parties meet and confer discussions on April 2, 2015 through email are attached hereto as Exhibit 4.

6.      The parties were thereafter unable to reach any agreement or resolution of any issues underlying the protective order, necessitating this motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 21, 2015

_____
David P. Steiner

# EXHIBIT 2

| | |
|---|---|
| **From:** | DPS Legal Assistant [jbbartnetlaw@gmail.com] |
| **Sent:** | Tuesday, April 07, 2015 4:21 PM |
| **To:** | Jerl Leutz |
| **Subject:** | Fwd: CHILLY DIL v. JETPAY |
| **Attachments:** | CHILLY DIL v. JETPAY - PROTECTIVE ORDER.pdf |

---------- Forwarded message ----------
From: **Cassandra Larson** <jbbartnetlaw@gmail.com>
Date: Wed, Jan 7, 2015 at 3:52 PM
Subject: CHILLY DIL v. JETPAY
To: lauren.tow@cooperscully.com, plehtola@lc-lawfirm.com
Cc: Cassandra Larson <dpsartnetlaw@gmail.com>

Dear Ms. Tow and Ms. Lehtola:

Attached please find the Protective Order in the above-referenced case for your review and comments.

Thank you.

—

DAVID STEINER & ASSOCIATES, APC
1801 Century Park East, Suite 1600
Los Angeles, CA 90067
(310) 557-8422
(310) 556-0336 / fax

--

*Taly Haghighi*

*Executive Assistant to David Steiner, Esq.*

DAVID STEINER & ASSOCIATES, APC
1801 Century Park East, Suite 1600
Los Angeles, CA 90067
(310) 557-8422
(310) 556-0336 / fax

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHILLY DIL CONSULTING INC., a Florida Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JETPAY ISO SERVICES, LLC, a Texas limited liability company; JETPAY, LLC, a Texas limited liability company; JETPAY CORPORATION, a Delaware corporation; and TRENT R. VOIGT, an individual,<br><br>Defendants. | PROTECTIVE ORDER<br><br>Civil No. 3:14-cv-02749-P<br><br>Honorable Jorge A. Solis |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and for good cause,

IT IS HEREBY ORDERED THAT:

1.    Scope of Protection

This Protective Order shall govern any record of information produced in this action and designated pursuant to this Protective Order, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery.

This Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or local rule of the Court and any supplementary disclosures thereto.

1

6

This Protective Order shall apply to the parties and to any nonparty from whom discovery may be sought who desires the protection of this Protective Order.

Nonparties may challenge the confidentiality of the protected information by filing a motion to intervene and a motion to de-designate.

2.   Definitions

(a)   The term PROTECTED INFORMATION shall mean confidential or proprietary technical, scientific, financial, business, health, or medical information designated as such by the producing party.

(b)   The term CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, shall mean PROTECTED INFORMATION that is so designated by the producing party. The designation CONFIDENTIAL - ATTORNEYS EYES ONLY may be used only for the following types of past, current, or future PROTECTED INFORMATION:   (1) sensitive technical information, including current research, development and manufacturing information and patent prosecution information, (2) sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers, (3) competitive technical information, including technical analyses or comparisons of competitor's products, (4) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products and strategic product planning, or (5) any other PROTECTED INFORMATION the disclosure of which to non-qualified people subject to this Protective Order the producing party reasonably and in good faith believes would likely cause harm.

2

7

    (c)  The term CONFIDENTIAL INFORMATION shall mean all PROTECTED INFORMATION that is not designated as "CONFIDENTIAL - ATTORNEYS EYES ONLY" information.

    (d)  The term TECHNICAL ADVISOR shall refer to any person who is not a party to this action and/or not presently employed by the receiving party or a company affiliated through common ownership, who has been designated by the receiving party to receive another party's PROTECTED INFORMATION, including CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, and CONFIDENTIAL INFORMATION. Each party's TECHNICAL ADVISORS shall be limited to such person as, in the judgment of that party's counsel, are reasonably necessary for development and presentation of that party's case. These persons include outside experts or consultants retained to provide technical or other expert services such as expert testimony or otherwise assist in trial preparation.

    3.  Disclosure Agreements

    (a)  Each receiving party's TECHNICAL ADVISOR shall sign a disclosure agreement in the form attached hereto as Exhibit A. Copies of any disclosure agreement in the form of Exhibit A signed by any person or entity to whom PROTECTED INFORMATION is disclosed shall be provided to the other party promptly after execution by facsimile and overnight mail. No disclosures shall be made to a TECHNICAL ADVISOR for a period of five (5) business days after the disclosure agreement is provided to the other party.

    (b)  Before any PROTECTED INFORMATION is disclosed to outside TECHNICAL ADVISORS, the following information must be provided in writing to the producing party and received no less than five (5) business days before the intended date of

3

8

disclosure to that outside TECHNICAL ADVISOR:   the identity of that outside TECHNICAL ADVISOR, business address and/or affiliation and a current curriculum vitae of the TECHNICAL ADVISOR, and, if not contained in the TECHNICAL ADVISOR's curriculum vitae, a brief description, including education, present and past employment and general areas of expertise of the TECHNICAL ADVISOR.   If the producing party objects to disclosure of PROTECTED INFORMATION to an outside TECHNICAL ADVISOR, the producing party shall within five (5) business days of receipt serve written objections identifying the specific basis for the objection, and particularly identifying all information to which disclosure is objected.  Failure to object within five (5) business days shall authorize the disclosure of PROTECTED INFORMATION to the TECHNICAL ADVISOR. As to any objections, the parties shall attempt in good faith to promptly resolve any objections informally.  If the objections cannot be resolved, the party seeking to prevent disclosure of the PROTECTED INFORMATION to the expert shall move within five (5) business days for an Order of the Court preventing the disclosure. The burden of proving that the designation is proper shall be upon the producing party.  If no such motion is made within five (5) business days, disclosure to the TECHNICAL ADVISOR shall be permitted. In the event that objections are made and not resolved informally and a motion is filed, disclosure of PROTECTED INFORMATION to the TECHNICAL ADVISOR shall not be made except by Order of the Court.

(c)     Any disclosure agreement executed by any person affiliated with a party shall be provided to any other party who, based upon a good faith belief that there has been a violation of this order, requests a copy.

4

9

(d)    No party shall attempt to depose any TECHNICAL ADVISOR until such time as the TECHNICAL ADVISOR is designated by the party engaging the TECHNICAL ADVISOR as a testifying expert. Notwithstanding the preceding sentence, any party may depose a TECHNICAL ADVISOR as a fact witness provided that the party seeking such deposition has a good faith, demonstrable basis independent of the disclosure agreement of Exhibit A or the information provided under subparagraph (a) above that such person possesses facts relevant to this action, or facts likely to lead to the discovery of admissible evidence; however, such deposition, if it precedes the designation of such person by the engaging party as a testifying expert, shall not include any questions regarding the scope or subject matter of the engagement. In addition, if the engaging party chooses not to designate the TECHNICAL ADVISOR as a testifying expert, the non-engaging party shall be barred from seeking discovery or trial testimony as to the scope or subject matter of the engagement.

4.     Designation of Information

(a)    Documents and things produced or furnished during the course of this action shall be designated as containing CONFIDENTIAL INFORMATION by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

CONFIDENTIAL INFORMATION

(b)    Documents and things produced or furnished during the course of this action shall be designated as containing information which is CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY

5

**10**

(c)     During discovery a producing party shall have the option to require that all or batches of materials be treated as containing CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY during inspection and to make its designation as to particular documents and things at the time copies of documents and things are furnished.

(d)     A party may designate information disclosed at a deposition as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY by requesting the reporter to so designate the transcript at the time of the deposition.

(e)     A producing party shall designate its discovery responses, responses to requests for admission, briefs, memoranda and all other papers sent to the court or to opposing counsel as containing CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY when such papers are served or sent.

(f)     A party shall designate information disclosed at a hearing or trial as CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY by requesting the court, at the time the information is proffered or adduced, to receive the information only in the presence of those persons designated to receive such information and court personnel, and to designate the transcript appropriately.

(g)     The parties will use reasonable care to avoid designating any documents or information as CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY that is not entitled to such designation or which is generally available to the public. The parties shall designate only that part of a document or deposition that is CONFIDENTIAL INFORMATION or CONFIDENTIAL

6

11

INFORMATION – ATTORNEYS EYES ONLY, rather than the entire document or deposition. For example, if a party claims that a document contains pricing information that is CONFIDENTIAL – ATTORNEYS EYES ONLY, the party will designate only that part of the document setting forth the specific pricing information as ATTORNEYS EYES ONLY, rather than the entire document.

(h) In multi-party cases, Plaintiffs and/or Defendants shall further be able to designate documents as CONFIDENTIAL INFORMATION – NOT TO BE DISCLOSED TO OTHER PLAINTIFFS or CONFIDENTIAL INFORMATION – NOT TO BE DISCLOSED TO OTHER DEFENDANTS for documents that shall not be disclosed to other parties.

5.     Disclosure and Use of Confidential Information

Information that has been designated CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY shall be disclosed by the receiving party only to Qualified Recipients. All Qualified Recipients shall hold such information received from the disclosing party in confidence, shall use the information only for purposes of this action and for no other action, and shall not use it for any business or other commercial purpose, and shall not use it for filing or prosecuting any patent application (of any type) or patent reissue or reexamination request, and shall not disclose it to any person, except as hereinafter provided. All information that has been designated CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY shall be carefully maintained so as to preclude access by persons who are not qualified to receive such information under the terms of this Order.

In multi-party cases, documents designated as CONFIDENTIAL INFORMATION – NOT TO BE DISCLOSED TO OTHER PLAINTIFFS or CONFIDENTIAL

7

12

INFORMATION – NOT TO BE DISCLOSED TO OTHER DEFENDANTS shall not be disclosed to other plaintiffs and/or defendants.

6.     Qualified Recipients

For purposes of this Order, "Qualified Recipient" means

(a)     For CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY:

(1)     Outside counsel of record for the parties in this action, and the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the action, outside copying services, document management services and graphic services;

(2)     Court officials involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

(3)     Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(4)     Any outside TECHNICAL ADVISOR employed by the outside counsel of record, subject to the requirements in Paragraph 3 above; and

(5)     Any witness during the course of discovery, so long as it is stated on the face of each document designated CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document. Where it is not stated on the face of the confidential document being disclosed that the witness to whom a party is seeking to disclose the document was

8

13

either an author, recipient, or otherwise involved in the creation of the document, the party seeking disclosure may nonetheless disclose the confidential document to the witness, provided that: (i) the party seeking disclosure has a reasonable basis for believing that the witness in fact received or reviewed the document, (ii) the party seeking disclosure provides advance notice to the party that produced the document, and (iii) the party that produced the document does not inform the party seeking disclosure that the person to whom the party intends to disclose the document did not in fact receive or review the documents. Nothing herein shall prevent disclosure at a deposition of a document designated CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY to the officers, directors, and managerial level employees of the party producing such CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or to any employee of such party who has access to such CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY in the ordinary course of such employee's employment.

      (b)    FOR CONFIDENTIAL INFORMATION:

        (1)    Those persons listed in paragraph 6(a);

        (2)    In-house counsel for a party to this action who are acting in a legal capacity and who are actively engaged in the conduct of this action, and the secretary and paralegal assistants of such counsel to the extent reasonably necessary;

        (3)    The insurer of a party to litigation and employees of such insurer to the extent reasonably necessary to assist the party's counsel to afford the insurer an opportunity to investigate and evaluate the claim for purposes of determining coverage and for settlement purposes; and

        (4)    Employees of the parties.

9

14

7.    Use of Protected Information

(a)    In the event that any receiving party's briefs, memoranda, discovery requests, requests for admission or other papers of any kind which are served or filed shall include another party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, the papers shall be appropriately designated pursuant to paragraphs 4(a) and (b), and shall be treated accordingly.

(b)    All documents, including attorney notes and abstracts, which contain another party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, shall be handled as if they were designated pursuant to paragraph 4(a) or (b).

(c)    Documents, papers and transcripts filed with the court which contain any other party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY shall be filed in sealed envelopes and labeled according to local rules.

(d)    To the extent that documents are reviewed by a receiving party prior to production, any knowledge learned during the review process will be treated by the receiving party as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY until such time as the documents have been produced, at which time any stamped classification will control. No photograph or any other means of duplication, including but not limited to electronic means, of materials provided for review prior to production is permitted before the documents are produced with the appropriate stamped classification.

(e)    In the event that any question is asked at a deposition with respect to which a party asserts that the answer requires the disclosure of CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY,

10

15

such question shall nonetheless be answered by the witness fully and completely. Prior to answering, however, all persons present shall be advised of this Order by the party making the confidentiality assertion and, in the case of information designated as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY at the request of such party, all persons who are not allowed to obtain such information pursuant to this Order, other than the witness, shall leave the room during the time in which this information is disclosed or discussed.

 (f) Nothing in this Protective Order shall bar or otherwise restrict outside counsel from rendering advice to his or her client with respect to this action and, in the course thereof, from relying in a general way upon his examination of materials designated CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, provided, however, that in rendering such advice and in otherwise communicating with his or her clients, such counsel shall not disclose the specific contents of any materials designated CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY.

 8. Inadvertent Failure to Designate

 (a) In the event that a producing party inadvertently fails to designate any of its information pursuant to paragraph 4, it may later designate by notifying the receiving parties in writing. The receiving parties shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

 (b) It shall be understood however, that no person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

9.     Challenge to Designation

(a)     Any receiving party may challenge a producing party's designation at any time. A failure of any party to expressly challenge a claim of confidentiality or any document designation shall not constitute a waiver of the right to assert at any subsequent time that the same is not in-fact confidential or not an appropriate designation for any reason.

(b)     Notwithstanding anything set forth in paragraph 2(a) and (b) herein, any receiving party may disagree with the designation of any information received from the producing party as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY. In that case, any receiving party desiring to disclose or to permit inspection of the same otherwise than is permitted in this Order, may request the producing party in writing to change the designation, stating the reasons in that request. The producing party shall then have five (5) business days from the date of receipt of the notification to:

(i)     advise the receiving parties whether or not it persists in such designation; and

(ii)    if it persists in the designation, to explain the reason for the particular designation.

(c)     If its request under subparagraph (b) above is turned down, or if no response is made within five (5) business days after receipt of notification, any producing party may then move the court for a protective order or any other order to maintain the designation. The burden of proving that the designation is proper shall be upon the producing party. If no such motion is made within five (5) business days, the information will be de-designated to the category requested by the receiving party. In the event

12

17

objections are made and not resolved informally and a motion is filed, disclosure of information shall not be made until the issue has been resolved by the Court (or to any limited extent upon which the parties may agree).

No party shall be obligated to challenge the propriety of any designation when made, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

(d)     With respect to requests and applications to remove or change a designation, information shall not be considered confidential or proprietary to the producing party if:

(i)     the information in question has become available to the public through no violation of this Order; or

(ii)    the information was known to any receiving party prior to its receipt from the producing party; or

(iii)   the information was received by any receiving party without restrictions on disclosure from a third party having the right to make such a disclosure.

10.     Inadvertently Produced Privileged Documents

The parties hereto also acknowledge that regardless of the producing party's diligence an inadvertent production of attorney-client privileged or attorney work product materials may occur. In accordance with Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502, they therefore agree that if a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or attorney work product, the producing party may give written notice to the receiving party that the document or thing is subject to a claim of attorney-client privilege or attorney work product and request

13

**18**

that the document or thing be returned to the producing party. The receiving party shall return to the producing party such document or thing. Return of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or attorney work product, nor shall it foreclose any party from moving the Court pursuant to Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502 for an Order that such document or thing has been improperly designated or should be produced.

  11. <u>Inadvertent Disclosure</u>

    In the event of an inadvertent disclosure of another party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY to a non-Qualified Recipient, the party making the inadvertent disclosure shall promptly upon learning of the disclosure: (i) notify the person to whom the disclosure was made that it contains CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY subject to this Order; (ii) make all reasonable efforts to preclude dissemination or use of the CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the non-Qualified Recipient; and (iii) notify the producing party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

14

19

12.   Limitation

This Order shall be without prejudice to any party's right to assert at any time that any particular information or document is or is not subject to discovery, production or admissibility on the grounds other than confidentiality.

13.   Conclusion of Action

(a)   At the conclusion of this action, including through all appeals, each party or other person subject to the terms hereof shall be under an obligation to destroy or return to the producing party all materials and documents containing CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY and to certify to the producing party such destruction or return. Such return or destruction shall not relieve said parties or persons from any of the continuing obligations imposed upon them by this Order.

(b)   After this action, trial counsel for each party may retain one archive copy of all documents and discovery material even if they contain or reflect another party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY. Trial counsel's archive copy shall remain subject to all obligations of this Order.

(c)   The provisions of this paragraph shall not be binding on the United States, any insurance company, or any other party to the extent that such provisions conflict with applicable Federal or State law. The Department of Justice, any insurance company, or any other party shall notify the producing party in writing of any such conflict it identifies in connection with a particular matter so that such matter can be resolved either by the parties or by the Court.

15

**20**

14.    Production by Third Parties Pursuant to Subpoena

Any third party producing documents or things or giving testimony in this action pursuant to a subpoena, notice or request may designate said documents, things, or testimony as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY. The parties agree that they will treat CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY produced by third parties according to the terms of this Order.

15.    Compulsory Disclosure to Third Parties

If any receiving party is subpoenaed in another action or proceeding or served with a document or testimony demand or a court order, and such subpoena or demand or court order seeks CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY of a producing party, the receiving party shall give prompt written notice to counsel for the producing party and allow the producing party an opportunity to oppose such subpoena or demand or court order prior to the deadline for complying with the subpoena or demand or court order. No compulsory disclosure to third parties of information or material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

16.    Jurisdiction to Enforce Protective Order

After the termination of this action, the Court will continue to have jurisdiction to enforce this Order.

17.    Modification of Protective Order

This Order is without prejudice to the right of any person or entity to seek a modification of this Order at any time either through stipulation or Order of the Court.

18.    Confidentiality of Party's own Documents

Nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge. Similarly, the Protective Order shall not preclude a party from showing its own information, including its own information that is filed under seal by a party, to its officers, directors, employees, attorneys, consultants or experts, or to any other person.

SO ORDERED AND ENTERED BY THE COURT EFFECTIVE AS OF THE COMMENCEMENT OF THE ACTION.

17

22

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHILLY DIL CONSULTING INC., a Florida Corporation,<br><br>     Plaintiff,<br><br>vs.<br><br>JETPAY ISO SERVICES, LLC, a Texas limited liability company; JETPAY, LLC, a Texas limited liability company; JETPAY CORPORATION, a Delaware corporation; and TRENT R. VOIGT, an individual,<br><br>     Defendants. | DISCLOSURE AGREEMENT<br><br>Civil No. 3:14-cv-02749-P<br><br>Honorable Jorge A. Solis |

I, _____, am employed by _____.  In connection with this action, I am:

_____  a director, officer or employee of _____ who is directly assisting in this action;

_____  have been retained to furnish technical or other expert services or to give testimony (a "TECHNICAL ADVISOR");

_____  Other Qualified Recipient (as defined in the Protective Order) (Describe:_____).

I have read, understand and agree to comply with and be bound by the terms of the Protective Order in the matter of _____, Civil Action No. _____, pending in the United States District Court for the Northern District of Texas, Dallas Division.  I further state that the Protective Order

18

23

entered by the Court, a copy of which has been given to me and which I have read, prohibits me from using any PROTECTED INFORMATION, including documents, for any purpose not appropriate or necessary to my participation in this action or disclosing such documents or information to any person not entitled to receive them under the terms of the Protective Order. To the extent I have been given access to PROTECTED INFORMATION, I will not in any way disclose, discuss, or exhibit such information except to those persons whom I know (a) are authorized under the Protective Order to have access to such information, and (b) have executed a Disclosure Agreement. I will return, on request, all materials containing PROTECTED INFORMATION, copies thereof and notes that I have prepared relating thereto, to counsel for the party with whom I am associated. I agree to be bound by the Protective Order in every aspect and to be subject to the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division for purposes of its enforcement and the enforcement of my obligations under this Disclosure Agreement. I declare under penalty of perjury that the foregoing is true and correct.

<br>

_____

Signed by Recipient

_____

Name (printed)

Date: _____

# EXHIBIT 3

**From:**          DPS Legal Assistant [jbbartnetlaw@gmail.com]
**Sent:**          Tuesday, April 07, 2015 4:24 PM
**To:**            Jerl Leutz
**Subject:**       Fwd: FW: Chilly Dil v Jet Pay

On 1/14/15, 4:13 PM, "Tow, Lauren" <Lauren.Tow@cooperscully.com>wrote:

> David,
>
> The schedule order does not require that we pick a mediator be January
> 15. It simply requires that Defendants provide 3 names and we cooperate.
> We provided those three names last week. We intend to cooperate but I
> cannot agree to picking a mediator from your names by tomorrow when I
> haven't even seen them.
>
> Additionally, as the the initial disclosures I disagree with your
> position regarding the documents. I believe we have adequately described
> them. We also provided a copy of the actual contract with the correct
> party. Our reference to the correspondence specifically states, to the
> extent they exist. My client is out of the country at this time. When
> he returns I will confirm whether or not he has the documents. Honestly,
> I doubt there will be anything since you sued the wrong party.
>
> As for the witnesses, I will amend after my client returns to the
> country. This will not be January 16. In a nutshell, the description
> will be Trent Voigt will testify as to the fact that the entity you sued
> had no contract and did not do business with the Plaintiff.
>
> Lauren Tow
>
> Once my client returns
>
> Sent from my iPhone
>
> On Jan 14, 2015, at 5:40 PM, David Steiner
> < dosartvatlaw@gmail.com<mailto:dpsartnetlaw@gmail.com>>wrote:
>
> Lauren, I have reviewed defendants' initial disclosures and they are not
> compliant under FRCP 26 a. Please provide a description of the witnesses'
> areas of testimony. Further the descriptions of documents are not
> sufficient under the Rules. Perhaps you should simply produce the
> documents to us at your expense, which is an alternative under 26a. That
> is acceptable to us. We in turn will be producing documents to you, and
> because we have no agreed upon Protective Order, they will be bates
> stamped and marked as we think appropriate. We will deal with the issue
> of a Protective Order at a later time, as we cannot agree to a one tier
> order given the nature of this business dispute. Please provide your
> amended initial disclosures by Jan 16. Finally, my local counsel is
> sending you today alternative manes as a mediator . Given that the Court
> gave us until Jan 15 to pick a mediator, please get back to me tomorrow
> on this subject so we can come to an agreement.
>
>
>
>
>
>
> David P. Steiner, Esq.
>
>
> David Steiner & Associates
>
> 1801 Century Park East, Suite 1600
>
> Los Angeles, CA 90067
>
> 310.557.8472 phone
>
> 310.556.0336 fax
>
>
>

> Lauren Tow
>
> Cooper & Scully, P.C.
> 900 Jackson Street, Suite 100
> Dallas, TX 75202
> Direct: 214.712.9574
> Phone: 214.712.9500
> Fax: 214.712.9540
> Email: Lauren.Tow@cooperscully.com
> www.cooperscully.com<http://www.cooperscully.com>
>
>
>
> _____
> Confidentiality Notice: This email and any attachments and their use by
> any recipient are subject to the terms, conditions, restrictions and
> disclaimers that can be reviewed by clicking the following link.
> http://www.cooperscully.com/confidentialitynotice/
> _____
> Dallas - 214.712.9500      Houston 713.236.6800      San
> Francisco 415.956.9700
> _____

--

## Taly Haghighi

*Executive Assistant to David Steiner, Esq.*

DAVID STEINER & ASSOCIATES, APC
1801 Century Park East, Suite 1600
Los Angeles, CA 90067
(310) 557-8422
(310) 556-0336 / fax

# EXHIBIT 4

**From:**          DPS Legal Assistant [jbbartnetlaw@gmail.com]
**Sent:**          Tuesday, April 07, 2015 4:31 PM
**To:**            Jerl Leutz
**Subject:**       Fwd: Chilly Dill v. JetPay

---------- Forwarded message ----------
From: **David Steiner** <dpsartnetlaw@gmail.com>
Date: Thu, Apr 2, 2015 at 11:40 AM
Subject: Re: Chilly Dill v. JetPay
To: "Tow, Lauren" <Lauren.Tow@cooperscully.com>, "plehtola@lc-lawfirm.com"< plehtola@lc-lawfirm.com>
Cc: "Dortch, Micah" <Micah.Dortch@cooperscully.com>, Eugene Rome <erome@romeandassociates.com>

Lauren, if you are designating Voight as an expert, please amend your initial disclosures; we can then deal with the Protective Order.

David P. Steiner, Esq.

David Steiner & Associates
1801 Century Park East, Suite 1600
Los Angeles, CA 90067
310.557.8422 phone
310.556.0336 fax

From: "Tow, Lauren" <Lauren.Tow@cooperscully.com>
Date: Thursday, April 2, 2015 at 9:04 AM
To: David Steiner <dpsartnetlaw@gmail.com>
Cc: "Dortch, Micah" <Micah.Dortch@cooperscully.com>
Subject: Chilly Dill v. JetPay

David,

Attached is the proposed Motion for Leave to Amend Answer and First Amended Answer. Please let me know if you will agree. If not, I will change it to an opposed motion and add a brief in support.

Additionally, I spoke with Micah and we still have an issue with the protective order. Specifically, as I mentioned Trent Voigt will likely be our expert so we need him to have access to all of the documents in order to assist us in creating a rebuttal. I am willing to agree to a protective order that allows my client to see the documents, but not use them in any way outside of this case. Just to let you know, the Northern District does require the Plaintiff to produce all documents the Plaintiff intends to rely on in support of its case.

Lauren Tow

27

LAUREN TOW

COOPER & SCULLY, P.C.
900 JACKSON STREET, SUITE 100
DALLAS, TX 75202
DIRECT 214.712.9574
PHONE: 214.712.9500
FAX 214.712.9540
EMAIL: LAUREN.TOW@COOPERSCULLY.COM
WWW.COOPERSCULLY.COM

Confidentiality Notice: This email and any attachments and their use by any recipient are subject to the terms, conditions, restrictions and disclaimers that can be reviewed by clicking the following link.
http://www.cooperscully.com/confidentialitynotice/

Dallas - 214.712.9500       Houston 713.236.6800       San Francisco 415.956.9700

--

*Taly Haghighi*

*Executive Assistant to David Steiner, Esq.*

DAVID STEINER & ASSOCIATES, APC
1801 Century Park East, Suite 1600
Los Angeles, CA 90067
(310) 557-8422
(310) 556-0336 / fax