# EXHIBIT "2"

App. 000046

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHILLY DIL CONSULTING INC., a Florida corporation, § § § § | | |
| Plaintiff, § § | | |
| vs. § § | CIVIL ACTION NO. 3:14-CV-02749-P | |
| JETPAY ISO SERVICES, LLC, a Texas limited liability company; JETPAY, LLC, a Texas limited liability company; JETPAY CORPORATION, a Delaware corporation; and TRENT VOIGT, an individual, § § § § § § § § § § | | |
| Defendants. § | | |

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and for good cause,

**IT IS HEREBY ORDERED THAT:**

This producing order shall govern record of information produced in this action and designated pursuant to this Protective Order, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery.

This Protective Order shall govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or local rule of the Court and any supplementary disclosures thereto.

**IT IS HEREBY ORDERED THAT:**

1. A producing Party shall stamp each page of documents "confidential" that are the

subject of this Order prior to providing same to the other Parties in this action;

2. The non-producing Parties will not provide the documents marked "confidential" or information contained therein to anyone who is not assisting in the prosecution or defense of this case including, but not limited to, any news source; or otherwise place these documents in an archive available to anyone who is not assisting in the prosecution or defense of this case;

3. The non-producing Parties will destroy or return the documents and all copies of the documents marked "confidential" to the producing Party's counsel in the event of settlement and/or upon final disposition of this case;

4. This Order does not prevent the Parties from disclosing these documents to consulting and testifying experts that are retained for the prosecution or defense of this case;

5. Consulting or testifying experts in this case will not provide the documents marked "confidential" or information contained therein to anyone who is not assisting in the prosecution or defense of this case including, but not limited to, any news source; or otherwise place these documents in an archive available to anyone who is not assisting in the prosecution or defense of this case;

6. The Parties will advise all consulting and testifying experts that are retained and/or working on the prosecution or defense of this case of the terms of paragraphs 2-5 above, and provide them with a copy of this Order. The Parties will retrieve copies of documents sent to their experts at the time of settlement and/or upon final disposition of the case. Additionally, all consulting and testifying experts will agree to sign a statement that they have read this Order and will be bound by this Order, specifically, including but not limited to, paragraph 5 above. (*See* Attachment "A");

7. Reports, compilations, affidavits, or testimony (including at trial or in deposition)

offered by any person, including but not limited to, consulting or testifying experts, that disclose information contained in document(s) marked "confidential" pursuant to this Order shall also be confidential information. Prior to the entry of any such information into the court record by any non-producing Party, all Parties shall be given notice of at least three working days, or sooner if practicable, to allow any Party the opportunity to move the Court to seal the record. If the offering Party fails to provide proper notice pursuant to this section, documents marked "confidential" will be treated as confidential and shall be sealed and not made public pending written permission to do otherwise by the producing Party, or by further order of the Court;

8. The non-producing Parties can disclose the documents to their employees, agents, representatives, attorneys, and respective staff, who are working on and/or assisting with the prosecution or defense of this case. Further, to the extent that this matter goes to mediation, such documents may be disclosed to the Court ordered mediator. The Parties can also disclose the documents to witnesses that are being deposed;

9. The Parties' employees, agents, representatives, attorneys, or staff working on and/or assisting with the prosecution or defense of this case will not provide the documents marked "confidential" or information contained therein to anyone who is not assisting in the prosecution or defense of this case, including, but not limited to, any news source; or otherwise place these documents marked "confidential" in an archive available to anyone who is not assisting in the prosecution or defense of this case;

10. The Parties are precluded from using the information gained about the documents marked "confidential' in any other case, or for any other purpose other than the prosecution or defense of this litigation. This Order, and production of documents pursuant to this Order, shall not be construed as a waiver of the producing Party's rights, assertions of privilege, or other

objections to such use in any other manner;

11. The documents marked "confidential" can be used in any manner in the litigation, but prior to attaching any deposition transcripts containing confidential information, or other documents marked confidential, to any court pleadings as exhibits, the offering party shall provide all Parties notice of at least three working days, or sooner if practicable, to allow any Party the opportunity to seek appropriate relief from this Court. If the offering Party fails to provide proper notice pursuant to this section, documents marked "confidential" will be treated as confidential and shall be sealed and not made public pending written permission to do otherwise by the producing Party, or by further order of the Court;

12. The Parties shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that the Parties disagree at any stage of these proceedings with the designation by a producing Party of any information as confidential, the Parties shall try to dispose of such dispute in good faith and on an informal basis. If the dispute cannot be resolved, the objecting entity may seek appropriate relief from this Court. If the Parties contend that any document has been erroneously marked "confidential," they shall nevertheless treat the document as a confidentially protected document pursuant to the terms of this Order unless and until they either (a) obtain written permission to do otherwise by the producing Party, or (b) provide all Parties notice of at least three working days, to allow any Party the opportunity to seek appropriate relief from this Court; and

13. Nothing in this Order shall preclude the Parties from disclosing information that is obtained from other independent sources, or shall preclude the Parties from using their own information and documents in their business or otherwise.

## ATTACHMENT "A"
## NON-DISCLOSURE AGREEMENT

I, _____, agree that I have read the Protective Order entered into by the Court in *Chilly Dil Consulting, Inc. v. JetPay ISO Services, LLC, JetPay, LLC, JetPay Corporation and Trent Voigt*, in the Northern District of Texas, Dallas Division, Cause Number 3:14-CV-02749-P, and I hereby agree that I will be bound by the terms and conditions of the Protective Order, and I hereby consent to the jurisdiction of said court for purposes of enforcing this Protective Order.

Date: _____

_____

Name:_____

Expert:_____