THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHILLY DIL CONSULTING INC.**, a Florida corporation, | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | **CIVIL ACTION NO. 3:14-cv-02749-P** |
| **JETPAY ISO SERVICES, LLC**, a Texas limited liability company; **JETPAY, LLC**, a Texas limited liability company; **JETPAY CORPORATION**, a Delaware corporation; and **TRENT R VOIGT**, an individual, | § § § § § § § | |
| **Defendants.** | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS CONTAINED IN DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

I.
**OVERVIEW**

Plaintiff Chilly Dil Consulting, Inc. ("Chilly Dil") hereby submits its response to Defendants JetPay ISO Services, LLC, Jet Pay LLC, JetPay Corporation and Trent R. Voight's (collectively, "Defendants") evidentiary objections to Exhibit 1, which is the Declaration of Patricia Weber Carlin, and Exhibits A, B, C, H and I of the Declaration of Ms. Carlin, submitted by Chilly Dil in support of its Response to Defendants' Motion for Summary Judgment.

II.
**EXHIBITS A, B, C, H AND I ARE NOT HEARSAY OR ARE OTHERWISE ADMISSIBLE UNDER AN EXCEPTION TO THE HEARSAY RULE**

A.  **Exhibits A, B, and C are Not Hearsay Because They Are Admissions of a Party Opponent**

Defendants object to Exhibits A, B, and C on the basis that they contain statements that are hearsay. (Defendants' Reply, pp. 4-5.) Hearsay "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Exhibits A, B, and C consists of email communications and attachments thereto between Chilly Dil and Defendants. These email conversations are not hearsay because they are admissions by a party opponent. Under Federal Rule of Evidence 801(d), a non-hearsay admission includes statements offered against a party made by or authorized by the party-opponent. Here, many of the statements included in the emails or documents in Exhibits A, B, and C were made or authorized by Defendants, thus constituting an admission by a party-opponent, and are not hearsay. Fed. R. Evid. 801(d); *United States. v. Brown*, 459 F.3d 509, 528 n. 17 (5th Cir. 2006), *cert. denied*, 550 U.S. 933 (2007); *MGM Studios, Inc. v. Grokster, Ltd.*, 454 F. Supp. 2d 966, 974 (C.D. Cal. 2006) ("Documents that bear

1

Plaintiff's Response to Defendants' Evidentiary Objections Contained In Defendants' Reply Brief In Support Of Motion for Summary Judgment

[Defendants'] trade names, logos, and trademarks are statements by [Defendants themselves] and are admissible as admissions by a party-opponent under Rule 801(d)(2)").

Further, any statements made by an agent of a party-opponent acting within the scope of their agency or employment are admissible under Federal Rule of Evidence 801(d)(2)(D). Here, Trent Voight, Priyanka Deo, Jenny Whaley, Coy Lynch, Todd Fuller, and Alison Helsley, are officers or employees of Defendants JetPay ISO Services, LLC, Jet Pay LLC, and JetPay Corporation (collectively, "JetPay Entities") and their statements found in Exhibits A, B, and C were clearly made within the scope of their agency or employment with the JetPay Entities. This is evident from their emails which (1) were sent from "jetpay.com" email addresses; (2) contained signature blocks showing their respective positions with the JetPay Entities; (3) contained the JetPay logos and trademarks; and (4) contained statements demonstrating that they were acting within the scope of their employment or agency with the JetPay Entities. *See MGM Studios*, 454 F. Supp. 2d at 974. Thus the statements in Exhibits A, B, and C are also admissible as non-hearsay admissions under Federal Rule of Evidence 801(d)(2)(D).

Accordingly, any objections based on hearsay as to these exhibits must be overruled as they are admissions of a party-opponent, either by the Defendants themselves, authorized by the Defendants, or made by agents of Defendants.

      **B.    Exhibit H is Exempt from the Hearsay Rule**

To the extent that Exhibits H is considered hearsay, it is still admissible under Federal Rule of Evidence 803(3). Under this rule, a statement showing intent, plan, motive, design, and mental feeling is exempted from the hearsay rule. Fed. R. Evid 803(3). Exhibit H contains an email exchange between Plaintiff and the Confidential Merchant that shows the Confidential Merchant's intent and plan to move forward with a payment processing solution domestically,

2

Plaintiff's Response to Defendants' Evidentiary Objections Contained In Defendants' Reply Brief In Support Of Motion for Summary Judgment

rather than internationally with the EU, through the help of Defendants, and that Defendants appear to be urging an EU processing solution instead. Because these communications show the Confidential Merchant's design with respect to Defendants, it is subject to the hearsay exception set forth in Federal Rule of Evidence 803(3.)

### C. Exhibit I is Not Hearsay Because it is a Contract

Defendants argue that Exhibit I is inadmissible because it is hearsay under Federal Rule of Evidence 801. Exhibit I is a services agreement between Chilly Dil and the Confidential Merchant. The Federal Rules of Evidence "exclude from hearsay the entire category of 'verbal acts' and 'verbal parts of an act,' in which the statement itself affects the legal rights of the parties or is a circumstance bearing on conduct affecting their rights." *See* Fed. R. Evid. 801(c) advisory committee's notes. Courts have found that contracts are not hearsay because they are "verbal acts" to which the law attaches duties and liabilities. *See Mueller v. Abdnor*, 972 F.2d 931, 937 (8th Cir. 1992); *Kepner-Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 540 (5th Cir. 1994) ("'Signed instruments such as wills, contracts and promissory notes are writings that have independent legal significance, and are not hearsay'" (citations omitted).) Since Exhibit I is an executed contract between Chilly Dil and the Confidential Merchant, Defendants' hearsay objections to Exhibit I should be overruled.

Defendants also object to Exhibit I because it lacks foundation. To introduce a contract into evidence, a party need only authenticate it. *See Kepner-Tregoe*, 12 F.3d at 540. Here, Ms. Carlin authenticates Exhibit I in her declaration by attesting that it is the contract entered into between her (on behalf of Chilly Dil) and the Confidential Merchant.

Accordingly, Defendants' objections based to the above exhibits must be overruled.

3

Plaintiff's Response to Defendants' Evidentiary Objections Contained In Defendants' Reply Brief In Support Of Motion for Summary Judgment

### III.
### DEFENDANTS OBJECTIONS TO EXHIBIT 1 ARE SO VAGUE AND NON-SPECIFIC TO MAKE A RESPONSE VIRTUALLY IMPOSSIBLE

Defendants assert generally that Exhibit 1, the declaration of Ms. Carlin, is objectionable as hearsay pursuant to Federal Rule of Evidence 801, and because it is speculative. However, Defendants fail to point to the specific statements or paragraphs that Defendants find objectionable and instead leave Chilly Dil and this Court to peruse the declaration and guess to what statements Defendants object. Without any specific reference, it is virtually impossible for Chilly Dil to respond to Defendants' objection. For this basis alone, the Court should overrule Defendants' objections.

### IV.
### CONCLUSION

For the reasons set forth above, Chilly Dil respectfully requests that the Court overrule Defendants' evidentiary objections to Exhibits A, B, C, H, I and 1 submitted in support of Chilly Dil's Response to Defendants' Motion for Summary Judgment.

Respectfully submitted,

**David Steiner & Associates, PLC**


BY:       /s/David Paul Steiner
David P. Steiner
California Bar No. 64638
dpsartnetlaw@gmail.com
DAVID STEINER & ASSOCIATES, PLC
1801 Century Park East, Suite 1600
Los Angeles, CA 90067
Telephone: (310) 557-8422
Facsimile: (310) 556-0336
Attorneys for Plaintiff

4

Plaintiff's Response to Defendants' Evidentiary Objections Contained In Defendants' Reply Brief In Support Of Motion for Summary Judgment

**LEHTOLA & CANNATTI PLLC**

BY: <u>  */s/Patricia Beaujen Lethola*  </u>
Patricia Beaujean Lehtola
State Bar No. 01997700
plehtola@lc-lawfirm.com
Phillip E. Cannatti
State Bar No. 00793456
pcannatti@lc-lawfirm.com
Patrick C. Joost
State Bar No. 24078759
pjoost@lc-lawfirm.com
LEHTOLA & CANNATTI PLLC
5001 Spring Valley Road,
Suite 400 East
Dallas, Texas 75244
(972) 383-1515 (Telephone)
(866) 383-1507 (Facsimile)
*Attorneys for Plaintiff*

5

Plaintiff's Response to Defendants' Evidentiary Objections Contained In Defendants' Reply Brief In Support Of Motion for Summary Judgment

## CERTIFICATE OF SERVICE

  This is to certify that on July 2, 2015, the foregoing was served upon counsel of record in accordance with the Federal Rules of Civil Procedure as set forth below by U.S. Mail or electronic filing.

COOPER& SCULLY, P.C.
Timothy Micah Dortch
R. Brent Cooper
Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Tel.: 214/712-9501
Fax: 214/712-9540
**COUNSEL FOR DEFENDANTS**

              BY:  */s/Eugene Rome*
                 Eugene Rome

6

Plaintiff's Response to Defendants' Evidentiary Objections Contained In Defendants' Reply Brief In Support Of Motion for Summary Judgment