# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHILLY DIL CONSULTING, INC., a Florida Corporation | § § § | |
| **Plaintiff,** | § § | |
| V. | § § | CIVIL ACTION NO. 3:14-CV-02749-P |
| JETPAY ISO SERVICES, LLC, a Texas limited liability company; JETPAY, LLC, a Texas limited liability company; JETPAY CORPORATION, a Delaware corporation; and TRENT R VOIGT, an individual, | § § § § § § | |
| **Defendants.** | § § | |

**PLAINTIFF'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION
PROPOUNDED BY DEFENDANTS**

**PROPOUNDING PARTY**: Defendants JETPAY ISO SERVICES, LLC, JETPAY, LLC, JETPAY CORPORATION, TRENT R. VOIGT.

**RESPONDING PARTY**:  Plaintiff  CHILLY DIL CONSULTING, INC.

**SET NUMBER**:  ONE

Plaintiff  CHILLY DIL CONSULTING, INC. ("Plaintiff" or "Responding Party") responds to the Requests for Production, Set One, propounded by Defendants  JETPAY ISO SERVICES, LLC, JETPAY, LLC, JETPAY CORPORATION, TRENT R. VOIGT ("Defendants" or "Propounding Party"), as follows:

**PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE**

## PRELIMINARY STATEMENT

Responding Party has not completed its investigation of all of the facts and information relating to the subject matter of this action, has not fully completed its discovery, nor has it completed its preparation for trial. All of the responses contained herein are based solely upon such information and documents as are presently available and specifically known to Responding Party. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, and possibly establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the contentions set forth herein.

Accordingly, the following responses are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered fact or facts which Responding Party may later recall. Responding Party reserves the right to change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed and contentions are made. Responding Party further reserves the right to refer to, conduct discovery with reference to, or offer into evidence at the time of trial, any and all documents and things notwithstanding the responses and objections interposed herein.

The responses given are a good faith effort to provide as much actual information and specification as is presently known, but should in no way be to the prejudice of Responding Party in relation to further discovery, research, analysis, or proof thereof. This preliminary statement is hereby incorporated into each of the following responses as though fully set forth therein.

## GENERAL OBJECTIONS

As to each and every Request set forth in Defendants' First Set of Request for Production of Documents, Plaintiff states the following:

2 | Page

**PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE**

A.    Plaintiff objects to the Request on the grounds that it is improper in form, overbroad, burdensome and oppressive.

B.    To the extent the Request may be construed as calling for the disclosure of privileged or immune information, including without limitation information subject to the attorney-client privilege or work-product doctrine, Plaintiff hereby claims such privileges and immunities and objects to each Request of any documents or information subject thereto. Any disclosure of privileged or protected information is inadvertent and not intended to waive those privileges or protections.

C.    To the extent any Request calls for Plaintiff to provide information concerning the legal basis regarding its defense, Plaintiff objects on the grounds that such Request calls for mental impressions, conclusions, opinions, and/or legal theories of Plaintiff's attorneys.

D.    To the extent that the Request may be construed as seeking the disclosure of confidential financial, commercial or proprietary information, Plaintiff objects to the disclosure of such information unless and until a suitable Protective Order is entered in this case, subject to such additional terms and protections as may be necessary. Plaintiff further objects to the Request of any document or disclosure of information that is subject to a confidentiality agreement or other restrictions or to a Protective Order entered in another action or proceeding, except in accordance with such confidentiality agreements, restrictions or Protective Orders.

E.    Plaintiff objects to the Request to the extent it calls for the disclosure of documents or information that would violate the legitimate privacy rights and expectations of Plaintiff's employees, directors, officers, affiliates or subsidiaries, both current and former, or other individuals or entities, including consumers, to the extent that such privacy rights or expectations are protected by law, contract, or public policy.

3 | Page

**PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE**

F.      To the extent the Request may be construed as requiring Plaintiff to characterize documents or their contents or to speculate as to what documents may or may not show, Plaintiff objects to such Request as vague, ambiguous and calling for legal conclusions and speculation.

G.      Plaintiff objects that the Request is unduly burdensome, overbroad and oppressive with regard to the scope of the search and information sought. Plaintiff objects to conducting more than one search of any particular file to locate documents or other information which may be discoverable in this case, and objects to conducting more than one investigation of facts which may be discoverable in this case. Plaintiff also objects that the time provided in Propounding Party's notice is not adequate in light of the scope of the search, witness preparation and production Propounding Party purports to require.

H.      Plaintiff objects to the extent that the Request seeks information and/or documents not in the possession, custody or control of Plaintiff. Plaintiff further objects to the extent that any document Request seeks information and/or documents in the possession, custody or control of Propounding Party, plaintiffs or defendants, or that are equally or more readily available to Propounding Party from third parties or otherwise. Plaintiff objects to the extent that the Request seeks information and/or documents that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

I.      Plaintiff objects to the extent that the Request fails to describe with reasonable particularity the documents Requested to be produced.

J.      Plaintiff objects to Propounding Party's unilateral scheduling of the document production.

K.      Plaintiff objects to the extent that the Request calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business.

4 | P a g e

**PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE**

L.      Plaintiff objects to the extent that the Request assumes disputed facts or legal conclusions.  Plaintiff hereby denies any disputed facts or legal conclusions assumed by each Request.

M.      Plaintiff objects to the extent that the Request seeks documents or information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

N.      Plaintiff objects to the extent that the Request seeks production of proprietary information, trade secrets and/or other confidential commercial information.

Plaintiff hereby expressly reserves the right to object to the introduction into evidence, at trial or in any other proceeding, of any information or documents contained in or referred to in the responses to the First Set of Requests for Production of Documents on any ground including, without limitation, relevance and materiality.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

As to the following Definitions set forth in Propounding Party's First Set of Requests for Production of Documents to Plaintiff, Plaintiff states the following:

A.      Plaintiff objects to definition "You" and "Your" on the grounds that it is ambiguous because the definition "employees, agents, officers, representatives, directors, and any person acting on their behalf" is vague and could be read to seek information or production of documents subject to the attorney-client privilege, the work product privilege, or any other applicable privilege or immunity.

B.      Plaintiff objects to the definition of "Communications" on the grounds that on the grounds that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure, and therefore, is oppressive, and meant to harass. Plaintiff further objects to the definition as it is  overly broad, calls for attorney-client privileged and work-product information and, due to the overbreadth, is vague and uncertain.  Plaintiff further objects to this definition as

5 | Page

**PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE**

unduly burdensome insofar as it requires Plaintiff to collect, recover, restore or provide documents which exist in forms that are not reasonably accessible.

C.    Plaintiff objects to the definition of "document" on the grounds that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure, and therefore, is oppressive, and meant to harass. Plaintiff further objects on the grounds that the definition is unduly burdensome insofar as it requires Plaintiff to collect and recover, restore, or produce "every other means of recording upon any tangible thing," to the extent it seeks documents which exist in forms that are not reasonably accessible. Plaintiff further objects to this definition as overly broad, calls for attorney-client privileged and work-product information and, due to the overbreadth, is vague and uncertain.

D.    Plaintiff objects to the instruction regarding documents "in your possession and custody" on the grounds that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure, and therefore, is oppressive, unduly burdensome and meant to harass. Plaintiff further objects on the grounds that the definition is vague and could be read to seek information or production of documents subject to the attorney-client privilege, the work product privilege, or any other applicable privilege or immunity.

E.    Plaintiff objects to the definition "identify a natural person" on the grounds that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure, and therefore, is oppressive, burdensome and meant to harass.

O.    Plaintiff objects to the definition "identify some entity other than a natural person" on the grounds that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure, and therefore, is oppressive, burdensome and meant to harass. Further, Plaintiff objects to the definition on the grounds that "date of incorporation", "the state or other jurisdiction in which it is incorporated" is a public record, and, therefore, obtainable from some other source that is more convenient, less burdensome, or less expensive.

6 | P a g e

**PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE**

F.    Plaintiff objects to the definition "identify a meeting, communication or agreement" on the grounds that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure, and therefore, is oppressive, burdensome and meant to harass. Plaintiff further objects to the definition as it is  overly broad, calls for attorney-client privileged and work-product information and, due to the overbreadth, is vague and uncertain. Plaintiff further objects to this definition as unduly burdensome insofar as it requires Plaintiff to collect, recover, restore or provide documents which exist in forms that are not reasonably accessible.

G.    Plaintiff objects to the definition "identify a document" on the grounds that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure, and therefore, is oppressive, burdensome and meant to harass. Plaintiff further objects to the definition as it is  overly broad, calls for attorney-client privileged and work-product information and, due to the overbreadth, is vague and uncertain.  Plaintiff further objects to this definition as unduly burdensome insofar as it requires Plaintiff to collect, recover, restore or provide documents which exist in forms that are not reasonably accessible.

H.    Plaintiff objects to the definition "identify an act or omission" on the grounds that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure, and therefore, is oppressive, burdensome and meant to harass. Plaintiff further objects to the definition as it is  overly broad, calls for attorney-client privileged and work-product information and, due to the overbreadth, is vague and uncertain.  Plaintiff further objects to this definition as unduly burdensome insofar as it requires Plaintiff to collect, recover, restore or provide documents which exist in forms that are not reasonably accessible.

I.    Plaintiff objects to the definition "identify materials, products and/or services" on the grounds that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure, and therefore, is oppressive, burdensome and meant to harass. Plaintiff

7 | P a g e

**PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE**

further objects to the definition as it is overly broad, calls for attorney-client privileged and work-product information and, due to the overbreadth, is vague and uncertain. Plaintiff further objects to this definition as unduly burdensome insofar as it requires Plaintiff to collect, recover, restore or provide documents which exist in forms that are not reasonably accessible.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION 1:** Please produce all documents related in any way to Your response to Interrogatory No. 2.

**RESPONSE:** Responding Party incorporates by reference its Preliminary Statement and General Objections, and Objections to Definitions as though fully set forth herein. Responding Party objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other legally cognizable privilege against disclosure. Responding Party further objects to the extent that the Request seeks production of proprietary and/or confidential business information, trade secrets and/or other confidential commercial information. Responding Party objects to the extent that the Request seeks information and/or documents not in the possession, custody or control of Responding Party. Responding Party further objects to the extent that any Request seeks information and/or documents not in the possession, custody or control of Propounding Party, or that are equally or more readily available to Plaintiff from third parties or otherwise. Responding Party objects to the extent that the Request seeks information and/or documents that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Responding Party objects to the extent that the Request seeks documents or information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects on the grounds that the Request is compound. Responding Party further objects to the Request on the grounds that it is improper in

8 | Page

**PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE**

form and overbroad, unduly burdensome and oppressive with regard to the scope of the search and information sought. Responding Party objects to the Request to the extent it calls for the disclosure of documents or information that would violate the legitimate privacy rights and expectations of Responding Party and/or Responding Party's employees, directors, officers, affiliates or subsidiaries, both current and former, or other individuals or entities, including consumers, to the extent that such privacy rights or expectations are protected by law, contract, or public policy. Responding Party further objects to the Request to the extent that it seeks to impose burdens and obligations on Responding Party that are not authorized by the discovery rules.

Subject to and without waiving the foregoing, Responding Party responds as follows: A diligent search and a reasonable inquiry have been made in an effort to comply with this Request. To the extent that any documents responsive documents are within the possession, custody, or control of the Responding Party, such documents will be produced upon the entry of a Protective Order in this action.

**REQUEST FOR PRODUCTION 2:** Please produce all documents related in any way to Your response to Interrogatory No. 3.

**RESPONSE:** Responding Party incorporates by reference its Preliminary Statement and General Objections, and Objections to Definitions as though fully set forth herein. Responding Party objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other legally cognizable privilege against disclosure. Responding Party further objects to the extent that the Request seeks production of proprietary and/or confidential business information, trade secrets and/or other confidential commercial information. Responding Party objects to the extent that the Request

**PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE**

App. 000010

seeks information and/or documents not in the possession, custody or control of Responding Party. Responding Party further objects to the extent that any Request seeks information and/or documents not in the possession, custody or control of Propounding Party, or that are equally or more readily available to Plaintiff from third parties or otherwise. Responding Party objects to the extent that the Request seeks information and/or documents that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Responding Party objects to the extent that the Request seeks documents or information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects on the grounds that the Request is compound. Responding Party further objects to the Request on the grounds that it is improper in form and overbroad, unduly burdensome and oppressive with regard to the scope of the search and information sought. Responding Party objects to the Request to the extent it calls for the disclosure of documents or information that would violate the legitimate privacy rights and expectations of Responding Party and/or Responding Party's employees, directors, officers, affiliates or subsidiaries, both current and former, or other individuals or entities, including consumers, to the extent that such privacy rights or expectations are protected by law, contract, or public policy. Responding Party further objects to the Request to the extent that it seeks to impose burdens and obligations on Responding Party that are not authorized by the discovery rules.

Subject to and without waiving the foregoing, Responding Party responds as follows: A diligent search and a reasonable inquiry have been made in an effort to comply with this Request. To the extent that any documents responsive documents are within the possession, custody, or control of the Responding Party, such documents will be produced upon the entry of a Protective Order in this action.

**PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE**

**REQUEST FOR PRODUCTION 3:** Please produce all documents related in any way to Your response to Interrogatory No. 4.

**RESPONSE:** Responding Party incorporates by reference its Preliminary Statement and General Objections, and Objections to Definitions as though fully set forth herein. Responding Party objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other legally cognizable privilege against disclosure. Responding Party further objects to the extent that the Request seeks production of proprietary and/or confidential business information, trade secrets and/or other confidential commercial information. Responding Party objects to the extent that the Request seeks information and/or documents not in the possession, custody or control of Responding Party. Responding Party further objects to the extent that any Request seeks information and/or documents not in the possession, custody or control of Propounding Party, or that are equally or more readily available to Plaintiff from third parties or otherwise. Responding Party objects to the extent that the Request seeks information and/or documents that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Responding Party objects to the extent that the Request seeks documents or information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects on the grounds that the Request is compound. Responding Party further objects to the Request on the grounds that it is improper in form and overbroad, unduly burdensome and oppressive with regard to the scope of the search and information sought. Responding Party objects to the Request to the extent it calls for the disclosure of documents or information that would violate the legitimate privacy rights and expectations of Responding Party and/or Responding Party's employees, directors, officers, affiliates or subsidiaries, both current and former, or other individuals or entities, including consumers, to the extent that such privacy rights or expectations are protected by law, contract,

**PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE**

App. 000012

or public policy. Responding Party further objects to the Request to the extent that it seeks to impose burdens and obligations on Responding Party that are not authorized by the discovery rules.

Subject to and without waiving the foregoing, Responding Party responds as follows: A diligent search and a reasonable inquiry have been made in an effort to comply with this Request. To the extent that any documents responsive documents are within the possession, custody, or control of the Responding Party, such documents will be produced upon the entry of a Protective Order in this action.

**REQUEST FOR PRODUCTION 4:** Please produce all documents in any way to Your response to Interrogatory No. 7.

**RESPONSE:** Responding Party incorporates by reference its Preliminary Statement and General Objections, and Objections to Definitions as though fully set forth herein. Responding Party objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other legally cognizable privilege against disclosure. Responding Party further objects to the extent that the Request seeks production of proprietary and/or confidential business information, trade secrets and/or other confidential commercial information. Responding Party objects to the extent that the Request seeks information and/or documents not in the possession, custody or control of Responding Party. Responding Party further objects to the extent that any Request seeks information and/or documents not in the possession, custody or control of Propounding Party, or that are equally or more readily available to Plaintiff from third parties or otherwise. Responding Party objects to the extent that the Request seeks information and/or documents that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Responding Party objects to the extent that the Request seeks documents or information that is neither relevant to

**PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE**

App. 000013

any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects on the grounds that the Request is compound. Responding Party further objects to the Request on the grounds that it is improper in form and overbroad, unduly burdensome and oppressive with regard to the scope of the search and information sought. Responding Party objects to the Request to the extent it calls for the disclosure of documents or information that would violate the legitimate privacy rights and expectations of Responding Party and/or Responding Party's employees, directors, officers, affiliates or subsidiaries, both current and former, or other individuals or entities, including consumers, to the extent that such privacy rights or expectations are protected by law, contract, or public policy. Responding Party further objects to the Request to the extent that it seeks to impose burdens and obligations on Responding Party that are not authorized by the discovery rules.

Subject to and without waiving the foregoing, Responding Party responds as follows: The Request is premature as expert discovery has not yet commenced much less concluded. Responding Party will supplement in accordance with the law, as expert discovery commences and develops in this action.

**REQUEST FOR PRODUCTION 5:** Please produce all documents related in any way to Your response to Interrogatory No. 8.

**RESPONSE:** Responding Party incorporates by reference its Preliminary Statement and General Objections, and Objections to Definitions as though fully set forth herein. Responding Party objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other legally cognizable privilege against disclosure. Responding Party further objects to the extent that the Request seeks production of proprietary and/or confidential business information, trade secrets and/or other

**PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE**

App. 000014

confidential commercial information. Responding Party objects to the extent that the Request seeks information and/or documents not in the possession, custody or control of Responding Party. Responding Party further objects to the extent that any Request seeks information and/or documents not in the possession, custody or control of Propounding Party, or that are equally or more readily available to Plaintiff from third parties or otherwise. Responding Party objects to the extent that the Request seeks information and/or documents that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Responding Party objects to the extent that the Request seeks documents or information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects on the grounds that the Request is compound. Responding Party further objects to the Request on the grounds that it is improper in form and overbroad, unduly burdensome and oppressive with regard to the scope of the search and information sought. Responding Party objects to the Request to the extent it calls for the disclosure of documents or information that would violate the legitimate privacy rights and expectations of Responding Party and/or Responding Party's employees, directors, officers, affiliates or subsidiaries, both current and former, or other individuals or entities, including consumers, to the extent that such privacy rights or expectations are protected by law, contract, or public policy. Responding Party further objects to the Request to the extent that it seeks to impose burdens and obligations on Responding Party that are not authorized by the discovery rules.

Subject to and without waiving the foregoing, Responding Party responds as follows: A diligent search and a reasonable inquiry have been made in an effort to comply with this Request. To the extent that any documents responsive documents are within the possession, custody, or control of the Plaintiff, such documents will be produced upon the entry of a Protective Order in this action.

**PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE**

App. 000015

**REQUEST FOR PRODUCTION 6:** For each testifying expert You intend to call at trial, please produce all documents relating to the following:

     (a)     The facts known by the expert that relate to or form the basis of the expert's Mental impressions and opinions formed or made in connection with this lawsuit Regardless of when and how the factual information was acquired;

     (b)     The amount paid to the expert for his/her work in connection with this lawsuit and the identity of the person who made such payment;

     (c)     The relationship of the expert to the parties and attorneys involved in this case, Other than as a testifying expert in this case.

**RESPONSE:** Responding Party incorporates by reference its Preliminary Statement and General Objections, and Objections to Definitions as though fully set forth herein. Responding Party objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other legally cognizable privilege against disclosure. Responding Party further objects to the extent that the Request seeks production of proprietary and/or confidential business information, trade secrets and/or other confidential commercial information. Responding Party objects to the extent that the Request seeks information and/or documents not in the possession, custody or control of Responding Party. Responding Party objects to this Request on the grounds that it calls for the premature disclosure of expert opinion in advance of expert discovery commencement, prematurely and before the completion of the investigation.

**REQUEST FOR PRODUCTION 7:** For each consulting expert retained by You please produce all documents relating to the following:

     (a)     The facts known by the expert that relate to or form the basis of the expert's mental impressions and opinions formed or made in connection with this lawsuit

**PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE**

regardless of when and how the factual information was acquired;

(b)    The amount paid to the expert for his/her work in connection with this lawsuit and the identity of the person who made such payment;

(c)    The relationship of the expert to the parties and attorneys involved in this case, other than as a consulting expert in this case.

**RESPONSE:** Responding Party incorporates by reference its Preliminary Statement and General Objections, and Objections to Definitions as though fully set forth herein. Responding Party objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other legally cognizable privilege against disclosure. Responding Party further objects to the extent that the Request seeks production of proprietary and/or confidential business information, trade secrets and/or other confidential commercial information. Responding Party objects to the extent that the Request seeks information and/or documents not in the possession, custody or control of Responding Party. Responding Party objects to this Request on the grounds that it calls for the premature disclosure of expert opinion in advance of expert discovery commencement, prematurely and before the completion of the investigation.

**REQUEST  FOR PRODUCTION 8:** A copy of all documents, including, but not limited to communication or emails, by and between the Plaintiff and/or Defendants that mention, refer or relate in any way to the Confidential Merchant that form the basis of this lawsuit.

**RESPONSE:** Responding Party incorporates by reference its Preliminary Statement and General Objections, and Objections to Definitions as though fully set forth herein. Responding Party objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other legally cognizable privilege against disclosure. Responding Party further objects to the extent that the Request seeks

**PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE**

App. 000017

production of proprietary and/or confidential business information, trade secrets and/or other confidential commercial information. Responding Party objects to the extent that the Request seeks information and/or documents not in the possession, custody or control of Responding Party. Responding Party further objects to the extent that any Request seeks information and/or documents not in the possession, custody or control of Propounding Party, or that are equally or more readily available to Plaintiff from third parties or otherwise. Responding Party objects to the extent that the Request seeks information and/or documents that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Responding Party objects to the extent that the Request seeks documents or information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects on the grounds that the Request is compound. Responding Party further objects to the Request on the grounds that it is improper in form and overbroad, unduly burdensome and oppressive with regard to the scope of the search and information sought. Responding Party objects to the Request to the extent it calls for the disclosure of documents or information that would violate the legitimate privacy rights and expectations of Responding Party and/or Responding Party's employees, directors, officers, affiliates or subsidiaries, both current and former, or other individuals or entities, including consumers, to the extent that such privacy rights or expectations are protected by law, contract, or public policy. Responding Party further objects to the Request to the extent that it seeks to impose burdens and obligations on Responding Party that are not authorized by the discovery rules.

Subject to and without waiving the foregoing, Responding Party responds as follows:

Subject to and without waiving the foregoing, Responding Party responds as follows:

Subject to and without waiving the foregoing, Responding Party responds as follows:

**PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE**

App. 000018

A diligent search and a reasonable inquiry have been made in an effort to comply with this Request. To the extent that any documents responsive documents are within the possession, custody, or control of the Plaintiff, such documents will be produced upon the entry of a Protective Order in this action.

**REQUEST FOR PRODUCTION 9:** A copy of all documents, including, but not limited to communication or emails, by and between the Plaintiff and/or JetPay Solutions, Ltd. that mention, refer or relate in any way to the Confidential Merchant and/or contracts entered into between the Plaintiff and/or JetPay Solutions, LTD.

**RESPONSE:** Responding Party incorporates by reference its Preliminary Statement and General Objections, and Objections to Definitions as though fully set forth herein. Responding Party objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other legally cognizable privilege against disclosure. Responding Party further objects to the extent that the Request seeks production of proprietary and/or confidential business information, trade secrets and/or other confidential commercial information. Responding Party objects to the extent that the Request seeks information and/or documents not in the possession, custody or control of Responding Party. Responding Party further objects to the extent that any Request seeks information and/or documents not in the possession, custody or control of Propounding Party, or that are equally or more readily available to Plaintiff from third parties or otherwise. Responding Party objects to the extent that the Request seeks information and/or documents that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Responding Party objects to the extent that the Request seeks documents or information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects on the grounds that the Request is

**PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE**

App. 000019

compound. Responding Party further objects to the Request on the grounds that it is improper in form and overbroad, unduly burdensome and oppressive with regard to the scope of the search and information sought. Responding Party objects to the Request to the extent it calls for the disclosure of documents or information that would violate the legitimate privacy rights and expectations of Responding Party and/or Responding Party's employees, directors, officers, affiliates or subsidiaries, both current and former, or other individuals or entities, including consumers, to the extent that such privacy rights or expectations are protected by law, contract, or public policy. Responding Party further objects to the Request to the extent that it seeks to impose burdens and obligations on Responding Party that are not authorized by the discovery rules.

Subject to and without waiving the foregoing, Responding Party responds as follows:
A diligent search and a reasonable inquiry have been made in an effort to comply with this Request. To the extent that any documents responsive documents are within the possession, custody, or control of the Plaintiff, such documents will be produced upon the entry of a Protective Order in this action.

**REQUEST FOR PRODUCTION 10:** A copy of any and all Schedules that you contend include the amounts owed to you by the Defendants under the alleged contract with JetPay ISO Services, LLC.

**RESPONSE:** Responding Party incorporates by reference its Preliminary Statement and General Objections, and Objections to Definitions as though fully set forth herein. Responding Party objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other legally cognizable privilege against disclosure. Responding Party further objects to the extent that the Request seeks production of proprietary and/or confidential business information, trade secrets and/or other

19 | P a g e
**PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE**

App. 000020

confidential commercial information.  Responding Party objects to the extent that the Request seeks information and/or documents not in the possession, custody or control of Responding Party. Responding Party further objects to the extent that any Request seeks information and/or documents not in the possession, custody or control of Propounding Party, or that are equally or more readily available to Plaintiff from third parties or otherwise. Responding Party objects to the extent that the Request seeks information and/or documents that are obtainable from some other source that is more convenient, less burdensome, or less expensive.  Responding Party objects to the extent that the Request seeks documents or information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Responding Party further objects on the grounds that the Request is compound.  Responding Party further objects to the Request on the grounds that it is improper in form and overbroad, unduly burdensome and oppressive with regard to the scope of the search and information sought.  Responding Party objects to the Request to the extent it calls for the disclosure of documents or information that would violate the legitimate privacy rights and expectations of Responding Party and/or Responding Party's employees, directors, officers, affiliates or subsidiaries, both current and former, or other individuals or entities, including consumers, to the extent that such privacy rights or expectations are protected by law, contract, or public policy.  Responding Party further objects to the Request to the extent that it seeks to impose burdens and obligations on Responding Party that are not authorized by the discovery rules.

Subject to and without waiving the foregoing, Responding Party responds as follows: A diligent search and a reasonable inquiry have been made in an effort to comply with this Request.  To the extent that any documents responsive documents are within the possession, custody, or control of the Plaintiff, such documents will be produced upon the entry of a Protective Order in this action.

**PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE**

**REQUEST FOR PRODUCTION 11:** A copy of any and all payments received by you from JetPay Solutions, LTD.

**RESPONSE:** Responding Party incorporates by reference its Preliminary Statement and General Objections, and Objections to Definitions as though fully set forth herein. Responding Party objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other legally cognizable privilege against disclosure. Responding Party further objects to the extent that the Request seeks production of proprietary and/or confidential business information, trade secrets and/or other confidential commercial information. Responding Party objects to the extent that the Request seeks information and/or documents not in the possession, custody or control of Responding Party. Responding Party further objects to the extent that any Request seeks information and/or documents not in the possession, custody or control of Propounding Party, or that are equally or more readily available to Plaintiff from third parties or otherwise. Responding Party objects to the extent that the Request seeks information and/or documents that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Responding Party objects to the extent that the Request seeks documents or information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects on the grounds that the Request is compound. Responding Party further objects to the Request on the grounds that it is improper in form and overbroad, unduly burdensome and oppressive with regard to the scope of the search and information sought. Responding Party objects to the Request to the extent it calls for the disclosure of documents or information that would violate the legitimate privacy rights and expectations of Responding Party and/or Responding Party's employees, directors, officers, affiliates or subsidiaries, both current and former, or other individuals or entities, including

**PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE**

App. 000022

consumers, to the extent that such privacy rights or expectations are protected by law, contract, or public policy. Responding Party further objects to the Request to the extent that it seeks to impose burdens and obligations on Responding Party that are not authorized by the discovery rules.

Subject to and without waiving the foregoing, Responding Party responds as follows: A diligent search and a reasonable inquiry have been made in an effort to comply with this Request. To the extent that any documents responsive documents are within the possession, custody, or control of the Plaintiff, such documents will be produced upon the entry of a Protective Order in this action.

**REQUEST FOR PRODUCTION 12:** A copy of any and all communications between you and the Confidential Merchant that relate to the Defendants and/or JetPay Solutions, LTD.

**RESPONSE:** Responding Party incorporates by reference its Preliminary Statement and General Objections, and Objections to Definitions as though fully set forth herein. Responding Party objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other legally cognizable privilege against disclosure. Responding Party further objects to the extent that the Request seeks production of proprietary and/or confidential business information, trade secrets and/or other confidential commercial information. Responding Party objects to the extent that the Request seeks information and/or documents not in the possession, custody or control of Responding Party. Responding Party further objects to the extent that any Request seeks information and/or documents not in the possession, custody or control of Propounding Party, or that are equally or more readily available to Plaintiff from third parties or otherwise. Responding Party objects to the extent that the Request seeks information and/or documents that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Responding Party

**PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE**

App. 000023

objects to the extent that the Request seeks documents or information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects on the grounds that the Request is compound. Responding Party further objects to the Request on the grounds that it is improper in form and overbroad, unduly burdensome and oppressive with regard to the scope of the search and information sought. Responding Party objects to the Request to the extent it calls for the disclosure of documents or information that would violate the legitimate privacy rights and expectations of Responding Party and/or Responding Party's employees, directors, officers, affiliates or subsidiaries, both current and former, or other individuals or entities, including consumers, to the extent that such privacy rights or expectations are protected by law, contract, or public policy. Responding Party further objects to the Request to the extent that it seeks to impose burdens and obligations on Responding Party that are not authorized by the discovery rules.

Subject to and without waiving the foregoing, Responding Party responds as follows: A diligent search and a reasonable inquiry have been made in an effort to comply with this Request. To the extent that any documents responsive documents are within the possession, custody, or control of the Plaintiff, such documents will be produced upon the entry of a Protective Order in this action.


**REQUEST FOR PRODUCTION 13:** A copy of all documents, including, but not limited to communication by and between any officers, directors, members and/or employees of Chilly Dil that mention, refer or relate in any way to the Defendants and/or JetPay Solutions, LTD.

**RESPONSE:** Responding Party incorporates by reference its Preliminary Statement and General Objections, and Objections to Definitions as though fully set forth herein. Responding Party objects to this Request to the extent that it calls for the disclosure of information protected by the

**PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE**

attorney-client privilege, the attorney work product doctrine, or any other legally cognizable privilege against disclosure. Responding Party further objects to the extent that the Request seeks production of proprietary and/or confidential business information, trade secrets and/or other confidential commercial information.  Responding Party objects to the extent that the Request seeks information and/or documents not in the possession, custody or control of Responding Party. Responding Party further objects to the extent that any Request seeks information and/or documents not in the possession, custody or control of Propounding Party, or that are equally or more readily available to Plaintiff from third parties or otherwise. Responding Party objects to the extent that the Request seeks information and/or documents that are obtainable from some other source that is more convenient, less burdensome, or less expensive.  Responding Party objects to the extent that the Request seeks documents or information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Responding Party further objects on the grounds that the Request is compound.  Responding Party further objects to the Request on the grounds that it is improper in form and overbroad, unduly burdensome and oppressive with regard to the scope of the search and information sought.  Responding Party objects to the Request to the extent it calls for the disclosure of documents or information that would violate the legitimate privacy rights and expectations of Responding Party and/or Responding Party's employees, directors, officers, affiliates or subsidiaries, both current and former, or other individuals or entities, including consumers, to the extent that such privacy rights or expectations are protected by law, contract, or public policy.  Responding Party further objects to the Request to the extent that it seeks to impose burdens and obligations on Responding Party that are not authorized by the discovery rules.

Subject to and without waiving the foregoing, Responding Party responds as follows:

**PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE**

App. 000025

A diligent search and a reasonable inquiry have been made in an effort to comply with this Request. To the extent that any documents responsive documents are within the possession, custody, or control of the Plaintiff, such documents will be produced upon the entry of a Protective Order in this action.

**REQUEST FOR PRODUCTION 14:** A copy of all documents, including, but not limited to communication by and between any officers, directors, members and/or employees of Chilly Dil that mention, refer to or relate in any way to the Confidential Merchant.

**RESPONSE:** Responding Party incorporates by reference its Preliminary Statement and General Objections, and Objections to Definitions as though fully set forth herein. Responding Party objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other legally cognizable privilege against disclosure. Responding Party further objects to the extent that the Request seeks production of proprietary and/or confidential business information, trade secrets and/or other confidential commercial information. Responding Party objects to the extent that the Request seeks information and/or documents not in the possession, custody or control of Responding Party. Responding Party further objects to the extent that any Request seeks information and/or documents not in the possession, custody or control of Propounding Party, or that are equally or more readily available to Plaintiff from third parties or otherwise. Responding Party objects to the extent that the Request seeks information and/or documents that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Responding Party objects to the extent that the Request seeks documents or information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects on the grounds that the Request is compound. Responding Party further objects to the Request on the grounds that it is improper in

**PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE**

App. 000026

form and overbroad, unduly burdensome and oppressive with regard to the scope of the search and information sought. Responding Party objects to the Request to the extent it calls for the disclosure of documents or information that would violate the legitimate privacy rights and expectations of Responding Party and/or Responding Party's employees, directors, officers, affiliates or subsidiaries, both current and former, or other individuals or entities, including consumers, to the extent that such privacy rights or expectations are protected by law, contract, or public policy. Responding Party further objects to the Request to the extent that it seeks to impose burdens and obligations on Responding Party that are not authorized by the discovery rules.

Subject to and without waiving the foregoing, Responding Party responds as follows: A diligent search and a reasonable inquiry have been made in an effort to comply with this Request. To the extent that any documents responsive documents are within the possession, custody, or control of the Plaintiff, such documents will be produced upon the entry of a Protective Order in this action.

**REQUEST FOR PRODUCTION 15:** A copy of all documents, including, but not limited to communication, by and between Chilly Dil and any third parties (except Plaintiff's attorneys) that mention, refer, or relate in any way to the causes of action in this lawsuit.

**RESPONSE:** Responding Party incorporates by reference its Preliminary Statement and General Objections, and Objections to Definitions as though fully set forth herein. Responding Party objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other legally cognizable privilege against disclosure. Responding Party further objects to the extent that the Request seeks production of proprietary and/or confidential business information, trade secrets and/or other confidential commercial information. Responding Party objects to the extent that the Request

**PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE**

seeks information and/or documents not in the possession, custody or control of Responding Party. Responding Party further objects to the extent that any Request seeks information and/or documents not in the possession, custody or control of Propounding Party, or that are equally or more readily available to Plaintiff from third parties or otherwise. Responding Party objects to the extent that the Request seeks information and/or documents that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Responding Party objects to the extent that the Request seeks documents or information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects on the grounds that the Request is compound. Responding Party further objects to the Request on the grounds that it is improper in form and overbroad, unduly burdensome and oppressive with regard to the scope of the search and information sought. Responding Party objects to the Request to the extent it calls for the disclosure of documents or information that would violate the legitimate privacy rights and expectations of Responding Party and/or Responding Party's employees, directors, officers, affiliates or subsidiaries, both current and former, or other individuals or entities, including consumers, to the extent that such privacy rights or expectations are protected by law, contract, or public policy. Responding Party further objects to the Request to the extent that it seeks to impose burdens and obligations on Responding Party that are not authorized by the discovery rules.

Subject to and without waiving the foregoing, Responding Party responds as follows: A diligent search and a reasonable inquiry have been made in an effort to comply with this Request. To the extent that any documents responsive documents are within the possession, custody, or control of the Plaintiff, such documents will be produced upon the entry of a Protective Order in this action.

**PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE**

**REQUEST FOR PRODUCTION 16:** Please produce a copy of any and all tape recordings, videotapes and other recordings that mention, refer or relate in any way to the account and/or contract that forms the basis of MSC lawsuit.

**RESPONSE:** Responding Party incorporates by reference its Preliminary Statement and General Objections, and Objections to Definitions as though fully set forth herein. Responding Party objects to this Request to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other legally cognizable privilege against disclosure. Responding Party further objects to the extent that the Request seeks production of proprietary and/or confidential business information, trade secrets and/or other confidential commercial information. Responding Party objects to the extent that the Request seeks information and/or documents not in the possession, custody or control of Responding Party. Responding Party further objects to the extent that any Request seeks information and/or documents not in the possession, custody or control of Propounding Party, or that are equally or more readily available to Plaintiff from third parties or otherwise. Responding Party objects to the extent that the Request seeks information and/or documents that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Responding Party objects to the extent that the Request seeks documents or information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects on the grounds that the Request is compound. Responding Party further objects to the Request on the grounds that it is improper in

**PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE**

App. 000029

form and overbroad, unduly burdensome and oppressive with regard to the scope of the search and information sought. Responding Party objects to the Request to the extent it calls for the disclosure of documents or information that would violate the legitimate privacy rights and expectations of Responding Party and/or Responding Party's employees, directors, officers, affiliates or subsidiaries, both current and former, or other individuals or entities, including consumers, to the extent that such privacy rights or expectations are protected by law, contract, or public policy. Responding Party further objects to the Request to the extent that it seeks to impose burdens and obligations on Responding Party that are not authorized by the discovery rules.

Subject to and without waiving the foregoing, Responding Party responds as follows: Responding Party does not understand what the MSC lawsuit is.

DATED this ____ day of March, 2015.

                                        DAVID STEINER & ASSOCIATES, PLC

                                        David Paul Steiner
                                        DAVID STEINER & ASSOCIATES, PLC

                                        Patricia Beaujean Lehtola
                                        LEHTOLA & CANNATTI PLLC
                                        *Attorneys for Plaintiff*

**PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE**

App. 000030

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of STEINER & ASSOCIATES, and

that pursuant to Rule 5(b), Federal Rules of Civil Procedure, a true and correct copy of the

foregoing **PLAINTIFF'S RESPONSES TO FIRST SET OF REQUESTS FOR**

**PRODUCTION PROPOUNDED BY DEFENDANTS** was delivered to the following this

_25th_ day of _March_, 2015:


[ ]    Via U.S. Mail

[ ]    Via CM/ECF System

[X]    Via Electronic Mail (as indicated below; per agreement dated 12-22-14)

Lauren Tow                          lauren.tow@cooperscully.com
Timothy Micah Dortch                micah.dortch@cooperscully.com
Brent Cooper                        brent.cooper@cooperscully.com
Donna Botello                       donna.botello@cooperscully.com
Luisa Ulluela                       luisa.ulluela@cooperscully.com
Cooper & Scully, P.C.
Founders Square
900 Jackson Street, Suite 100
Dallas, TX 75202

*Attorneys for Defendants*


_____
Sharon Alsina

**PLAINTIFF'S RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE**

App. 000031

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHILLY DIL CONSULTING, INC., a** <br> **Florida Corporation** | § <br> § <br> § | |
| **Plaintiff,** | § <br> § | |
| **V.** | § <br> § | **CIVIL ACTION NO. 3:14-CV-02749-P** |
| **JETPAY ISO SERVICES, LLC, a Texas** <br> **limited liability company; JETPAY, LLC, a** <br> **Texas limited liability company; JETPAY** <br> **CORPORATION, a Delaware corporation;** <br> **and TRENT R VOIGT, an individual,** | § <br> § <br> § <br> § <br> § <br> § | |
| **Defendants.** | § <br> § | |

**PLAINTIFF'S RESPONSES TO FIRST SET OF SPECIAL INTERROGATORIES**
**PROPOUNDED BY DEFENDANTS**

**PROPOUNDING PARTY**:  Defendants JETPAY ISO SERVICES, LLC, JETPAY, LLC,

JETPAY CORPORATION, TRENT R. VOIGT.

**RESPONDING PARTY**:  Plaintiff CHILLY DIL CONSULTING, INC.

**SET NUMBER**:  ONE

Plaintiff CHILLY DIL CONSULTING, INC. ("Plaintiff" or "Responding Party")

responds to the Special Interrogatories, Set One, propounded by Defendants JETPAY ISO

SERVICES, LLC, JETPAY, LLC, JETPAY CORPORATION, TRENT R. VOIGT

("Defendants" or "Propounding Party"), as follows:

**PLAINTIFF'S RESPONSES TO SPECIAL INTERROGATORIES, SET ONE**

App. 000032

## PRELIMINARY STATEMENT

Responding Party has not completed its investigation of all of the facts and information relating to the subject matter of this action, has not fully completed its discovery, nor has it completed its preparation for trial. All of the responses contained herein are based solely upon such information and documents as are presently available and specifically known to Responding Party. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, and possibly establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the contentions set forth herein.

Accordingly, the following responses are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered fact or facts which Responding Party may later recall. Responding Party reserves the right to change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed and contentions are made. Responding Party further reserves the right to refer to, conduct discovery with reference to, or offer into evidence at the time of trial, any and all documents and things notwithstanding the responses and objections interposed herein.

The responses given are a good faith effort to provide as much actual information and specification as is presently known, but should in no way be to the prejudice of Responding Party in relation to further discovery, research, analysis, or proof thereof. This preliminary statement is hereby incorporated into each of the following responses as though fully set forth therein.

## GENERAL OBJECTIONS

As to each and every Interrogatory set forth in Defendants' First Set of Special Interrogatories, Responding Party states the following:

2 | P a g e

**PLAINTIFF'S RESPONSES TO SPECIAL INTERROGATORIES, SET ONE**

A.  Responding Party objects to the Interrogatory on the grounds that it is improper in form and overbroad, unduly burdensome and oppressive with regard to the scope of the search and information sought.

B.  To the extent the Interrogatory may be construed as calling for the disclosure of privileged or immune information, including without limitation information subject to the attorney-client privilege or work-product doctrine, Responding Party hereby claims such privileges and immunities and objects to each Interrogatory of any documents or information subject thereto. Any disclosure of privileged or protected information is inadvertent and not intended to waive those privileges or protections.

C.  To the extent any Interrogatory calls for Responding Party to provide information concerning the legal basis regarding its defense, Responding Party objects on the grounds that such Interrogatory calls for mental impressions, conclusions, opinions, and/or legal theories of Responding Party's attorneys.

D.  To the extent that the Interrogatory may be construed as seeking the disclosure of confidential financial, commercial or proprietary information, or trade secrets, Responding Party objects to the disclosure of such information unless and until a suitable Protective Order is entered in this case, subject to such additional terms and protections as may be necessary. Responding Party further objects to the Interrogatory of any document or disclosure of information that is subject to a confidentiality agreement or other restrictions or to a Protective Order entered in another action or proceeding, except in accordance with such confidentiality agreements, restrictions or Protective Orders.

E.  Responding Party objects to the Interrogatory to the extent it calls for the disclosure of documents or information that would violate the legitimate privacy rights and expectations of Responding Party and/or Responding Party's employees, directors, officers, affiliates or subsidiaries, both current and former, or other individuals or entities, including

3 | Page

**PLAINTIFF'S RESPONSES TO SPECIAL INTERROGATORIES, SET ONE**

consumers, to the extent that such privacy rights or expectations are protected by law, contract, or public policy.

F. Responding Party objects to the extent that the Interrogatory seeks information and/or documents not in the possession, custody or control of Responding Party. Responding Party further objects to the extent that any Interrogatory seeks information and/or documents not in the possession, custody or control of Propounding Party, or that are equally or more readily available to Plaintiff from third parties or otherwise. Responding Party objects to the extent that the Interrogatory seeks information and/or documents that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

G. Responding Party objects to the extent that the Interrogatory fails to describe with reasonable particularity the information the Interrogatory is seeking.

H. Responding Party objects to the extent that the Interrogatory assumes disputed facts or legal conclusions. Responding Party hereby denies any disputed facts or legal conclusions assumed by each Interrogatory.

I. Responding Party objects to the extent that the Interrogatory seeks documents or information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

J. Responding Party hereby expressly reserves the right to object to the introduction into evidence, at trial or in any other proceeding, of any information or documents contained in or referred to in the responses to the First Set of Interrogatories on any ground including, without limitation, relevance and materiality.

K. Responding Party objects to the extent that the Interrogatory seeks the disclosure of an expert opinion or legal conclusion.

L. Except for explicit facts admitted herein, no admissions of any nature whatsoever are implied or should be inferred. The fact that any Interrogatory herein has been answered

**PLAINTIFF'S RESPONSES TO SPECIAL INTERROGATORIES, SET ONE**

should not be taken as an admission or acceptance of any facts set forth or assumed by such Interrogatory, or that such answer constitutes admissible evidence.

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

As to the following Definitions set forth in Propounding Party's First Set of Interrogatories to Responding Party, Responding Party states the following:

A.     Plaintiff objects to definition "You" and "Your" on the grounds that it is ambiguous because the definition "employees, agents, officers, representatives, directors, and any person acting on their behalf" is vague and could be read to seek information or production of documents subject to the attorney-client privilege, the work product privilege, or any other applicable privilege or immunity.

B.     Plaintiff objects to the definition of "Communications" on the grounds that on the grounds that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure, and therefore, is oppressive, and meant to harass. Plaintiff further objects to the definition as it is overly broad, calls for attorney-client privileged and work-product information and, due to the overbreadth, is vague and uncertain. Plaintiff further objects to this definition as unduly burdensome insofar as it requires Plaintiff to collect, recover, restore or provide documents which exist in forms that are not reasonably accessible.

C.     Plaintiff objects to the definition of "document" on the grounds that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure, and therefore, is oppressive, and meant to harass. Plaintiff further objects on the grounds that the definition is unduly burdensome insofar as it requires Plaintiff to collect and recover, restore, or produce "every other means of recording upon any tangible thing," to the extent it seeks documents which exist in forms that are not reasonably accessible. Plaintiff further objects to

5 | Page

**PLAINTIFF'S RESPONSES TO SPECIAL INTERROGATORIES, SET ONE**

this definition as overly broad, calls for attorney-client privileged and work-product information and, due to the overbreadth, is vague and uncertain.

D.     Plaintiff objects to the instruction regarding documents "in your possession and custody" on the grounds that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure, and therefore, is oppressive, unduly burdensome and meant to harass. Plaintiff further objects on the grounds that the definition is vague and could be read to seek information or production of documents subject to the attorney-client privilege, the work product privilege, or any other applicable privilege or immunity.

E.     Plaintiff objects to the definition "identify a natural person" on the grounds that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure, and therefore, is oppressive, burdensome and meant to harass.

A.     Plaintiff objects to the definition "identify some entity other than a natural person" on the grounds that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure, and therefore, is oppressive, burdensome and meant to harass. Further, Plaintiff objects to the definition on the grounds that "date of incorporation", "the state or other jurisdiction in which it is incorporated" is a public record, and, therefore, obtainable from some other source that is more convenient, less burdensome, or less expensive.

F.     Plaintiff objects to the definition "identify a meeting, communication or agreement" on the grounds that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure, and therefore, is oppressive, burdensome and meant to harass. Plaintiff further objects to the definition as it is overly broad, calls for attorney-client privileged and work-product information and, due to the overbreadth, is vague and uncertain. Plaintiff further objects to this definition as unduly burdensome insofar as it requires Plaintiff to collect, recover, restore or provide documents which exist in forms that are not reasonably accessible.

**PLAINTIFF'S RESPONSES TO SPECIAL INTERROGATORIES, SET ONE**

App. 000037

G.    Plaintiff objects to the definition "identify a document" on the grounds that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure, and therefore, is oppressive, burdensome and meant to harass. Plaintiff further objects to the definition as it is  overly broad, calls for attorney-client privileged and work-product information and, due to the overbreadth, is vague and uncertain.  Plaintiff further objects to this definition as unduly burdensome insofar as it requires Plaintiff to collect, recover, restore or provide documents which exist in forms that are not reasonably accessible.

H.    Plaintiff objects to the definition "identify an act or omission" on the grounds that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure, and therefore, is oppressive, burdensome and meant to harass. Plaintiff further objects to the definition as it is  overly broad, calls for attorney-client privileged and work-product information and, due to the overbreadth, is vague and uncertain.  Plaintiff further objects to this definition as unduly burdensome insofar as it requires Plaintiff to collect, recover, restore or provide documents which exist in forms that are not reasonably accessible.

I.    Plaintiff objects to the definition "identify materials, products and/or services" on the grounds that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure, and therefore, is oppressive, burdensome and meant to harass. Plaintiff further objects to the definition as it is  overly broad, calls for attorney-client privileged and work-product information and, due to the overbreadth, is vague and uncertain.  Plaintiff further objects to this definition as unduly burdensome insofar as it requires Plaintiff to collect, recover, restore or provide documents which exist in forms that are not reasonably accessible.

## RESPONSES TO SPECIAL INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify every person providing answers to these Interrogatories and Requests for Production.

**PLAINTIFF'S RESPONSES TO SPECIAL INTERROGATORIES, SET ONE**

**ANSWER:** Patricia Weber Carlin, c/o David P. Steiner; DAVID STEINER & ASSOCIATES; 1801 Century Park East, Suite 1600, Los Angeles, CA 90067; counsel for Responding Party.

**INTERROGATORY NO. 2:** Please identify each and every person in your organization who in any way was involved in:

a.    communicating with any of the Defendants regarding working with the Confidential Merchant;

b.    entering into any contracts with JetPay; or

c.    entering into any alleged contracts with the Defendants.

**ANSWER:** Responding Party incorporates by reference its Preliminary Statement and General Objections, and Objections to Definitions as though fully set forth herein. Responding Party objects to the term "organization" as vague and ambiguous.

Without waiving the foregoing objections, Responding Party responds as follows: Patricia Weber Carlin and Jared Ronski.

**INTERROGATORY NO. 3:** Please identify the relationship between you and the Confidential Merchant, including a description of all contracts entered into between you and the Confidential Merchant.

**ANSWER:** Responding Party incorporates by reference its Preliminary Statement and General Objections, and Objections to Definitions as though fully set forth herein. Responding Party further objects to the Interrogatory to the extent that it seeks legal opinion from a lay witness and calls for a legal conclusion in advance of the conclusion of discovery.

Without waiving the foregoing objections, Responding Party responds as follows: The Confidential Merchant is a client of the Responding Party, Chilly Dil and Patricia Weber Carlin.

**PLAINTIFF'S RESPONSES TO SPECIAL INTERROGATORIES, SET ONE**

App. 000039

No description of "all contacts" will be provided until Defendants enter into a satisfactory Protective Order that includes: "Attorneys Eyes Only" categories.

**INTERROGATORY NO. 4:** Please identify the relationship between you and JetPay, including a description of all contracts entered into between you and JetPay.

**ANSWER:** Responding Party incorporates by reference its Preliminary Statement and General Objections, and Objections to Definitions as though fully set forth herein. Responding Party objects to the phrase "identify the relationship" as it is not defined, and, therefore, is vague and ambiguous. Responding Party further objects on the grounds that the Interrogatory is compound. Responding Party further objects to the Interrogatory on the grounds that it is improper in form and overbroad, unduly burdensome and oppressive with regard to the scope of the search and information sought. Responding Party objects to the Interrogatory to the extent it calls for the disclosure of documents or information that would violate the legitimate privacy rights and expectations of Responding Party and/or Responding Party's employees, directors, officers, affiliates or subsidiaries, both current and former, or other individuals or entities, including consumers, to the extent that such privacy rights or expectations are protected by law, contract, or public policy. Responding Party further objects to the Interrogatory to the extent that it seeks a legal opinion in advance of the conclusion of discovery.

Without waiving the foregoing objections, Responding Party responds as follows: Responding Party acted as a referring agent to JetPay. The contract entered into between Chilly Dil and JetPay ISO Services, LLC has been attached to the Complaint.

**INTERROGATORY NO. 5:** For each testifying expert You plan to designate as an expert or call as an expert witness at trial:

9 | Page

**PLAINTIFF'S RESPONSES TO SPECIAL INTERROGATORIES, SET ONE**

(a)    The experts' name, address, and telephone number;

(b)    The subject matter on which the testifying expert will testify;

(c)    The facts known by the expert that relate to or form the basis of the expert's mental impressions and opinions formed or made in connection with the allegations and/or damages sought in this lawsuit or the Loss, regardless of when and how the factual information was acquired.

**ANSWER:** Responding Party incorporates by reference its Preliminary Statement and General Objections, and Objections to Definitions as though fully set forth herein. Responding Party objects to this Interrogatory to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other legally cognizable privilege against disclosure. Responding Party further objects to the extent that the Interrogatory seeks production of proprietary and/or confidential business information, trade secrets and/or other confidential commercial information. Responding Party objects to the extent that the Interrogatory seeks information and/or documents not in the possession, custody or control of Responding Party. Responding Party objects to this Interrogatory on the grounds that it calls for the premature disclosure of expert opinion in advance of expert discovery commencement, prematurely and before the completion of the investigation.

**INTERROGATORY NO. 6:** For each consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, please identify:

(a)    The expert's name, address, and telephone number;

(b)    The subject matter on which a testifying expert will testify;

(c)    The facts known by the expert that relate to or form the basis of the expert's mental impressions and opinions formed or made in connection with this lawsuit;

(d)    The expert's mental impressions and opinions formed or made in connection with

**PLAINTIFF'S RESPONSES TO SPECIAL INTERROGATORIES, SET ONE**

The allegations and/or damages sought in this lawsuit, the Loss, and any methods
Used to derive them; and

(e)    The relationship of the expert to the parties and attorneys involved in this lawsuit,
other than as a consulting expert to this case.

**ANSWER:** Responding Party incorporates by reference its Preliminary Statement and General
Objections, and Objections to Definitions as though fully set forth herein. Responding Party
objects to this Interrogatory to the extent that it calls for the disclosure of information protected
by the attorney-client privilege, the attorney work product doctrine, or any other legally
cognizable privilege against disclosure. Responding Party further objects to the extent that the
Interrogatory seeks production of proprietary and/or confidential business information, trade
secrets and/or other confidential commercial information.  Responding Party objects to the extent
that the Interrogatory seeks information and/or documents not in the possession, custody or
control of Responding Party. Responding Party objects to this Interrogatory on the grounds that
it calls for the premature disclosure of expert opinion in advance of expert discovery
commencement, prematurely and before the completion of the investigation.


**INTERROGATORY NO. 7:** Please explain the basis for the damages you claim you are
entitled to, including the specific amount that you believe you are owed and how you contend the
amount should be calculated.

**ANSWER:** Responding Party incorporates by reference its Preliminary Statement and General
Objections, and Objections to Definitions as though fully set forth herein. Responding Party
objects to this Interrogatory to the extent that it calls for the disclosure of information protected
by the attorney-client privilege, the attorney work product doctrine, or any other legally
cognizable privilege against disclosure. Responding Party further objects to the extent that the
Interrogatory seeks production of proprietary and/or confidential business information, trade

11 | P a g e

**PLAINTIFF'S RESPONSES TO SPECIAL INTERROGATORIES, SET ONE**

secrets and/or other confidential commercial information. Responding Party further objects to the extent that any Interrogatory seeks information and/or documents not in the possession, custody or control of Responding Party, or that are equally or more readily available to the Propounding Party from third parties or otherwise. Responding Party objects to the extent that the Interrogatory seeks information and/or documents that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Responding Party further objects on the grounds that the Interrogatory is compound. Responding Party further objects to the Interrogatory on the grounds that it is improper in form and overbroad, unduly burdensome and oppressive with regard to the scope of the search and information sought. Responding Party objects to the Interrogatory to the extent it calls for the disclosure of documents or information that would violate the legitimate privacy rights and expectations of Responding Party and/or Responding Party's employees, directors, officers, affiliates or subsidiaries, both current and former, or other individuals or entities, including consumers, to the extent that such privacy rights or expectations are protected by law, contract, or public policy. Responding Party further objects to the Interrogatory to the extent that it seeks to impose burdens and obligations on Responding Party that are not authorized by the discovery rules. Responding Party further objects to this Interrogatory to the extent that it seeks the disclosure of an expert opinion or legal conclusion.

Without waiving the foregoing objections, Responding Party responds as follows: Please see Initial Disclosures served upon Defendants.

**INTERROGATORY NO. 8:** Please state each and every negative communication about Patricia Weber or Chilly Dil that you contend that Trent Voigt said to the Confidential Merchant including the date and specific statement said.

12 | Page

**PLAINTIFF'S RESPONSES TO SPECIAL INTERROGATORIES, SET ONE**

**ANSWER:** Responding Party incorporates by reference its Preliminary Statement and General Objections, and Objections to Definitions as though fully set forth herein. Responding Party further objects to the extent that any Interrogatory seeks information and/or documents not in the possession, custody or control of Responding Party, or that are equally or more readily available to the Propounding Party from third parties or otherwise. Responding Party further objects on the grounds that the Interrogatory is compound. Responding Party further objects to the Interrogatory on the grounds that it is improper in form and overbroad, unduly burdensome and oppressive with regard to the scope of the search and information sought.

Without waiving the foregoing objections, Responding Party responds as follows: Discovery has just begun in this case. Responding Party will supplement this response when discovery is completed.

DATED this _____ day of March, 2015.

DAVID STEINER & ASSOCIATES, PLC

David Paul Steiner
**DAVID STEINER & ASSOCIATES, PLC**

Patricia Beaujean Lehtola
**LEHTOLA & CANNATTI PLLC**
*Attorneys for Plaintiff*

13 | Page

**PLAINTIFF'S RESPONSES TO SPECIAL INTERROGATORIES, SET ONE**

App. 000044

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of STEINER & ASSOCIATES, and

that pursuant to Rule 5(b), Federal Rules of Civil Procedure, a true and correct copy of the

foregoing **PLAINTIFF'S RESPONSES TO FIRST SET OF SPECIAL**

**INTERROGATORIES PROPOUNDED BY DEFENDANTS** was delivered to the following

this _25th_ day of _March_ 2015:


[ ]    Via U.S. Mail

[ ]    Via CM/ECF System

[X]    Via Electronic Mail (as indicated below; per agreement dated 12-22-14)

Lauren Tow                          lauren.tow@cooperscully.com
Timothy Micah Dortch                micah.dortch@cooperscully.com
Brent Cooper                        brent.cooper@cooperscully.com
Donna Botello                       donna.botello@cooperscully.com
Luisa Ulluela                       luisa.ulluela@cooperscully.com
Cooper & Scully, P.C.
Founders Square
900 Jackson Street, Suite 100
Dallas, TX 75202

*Attorneys for Defendants*

Sharon Alsina

**PLAINTIFF'S RESPONSES TO SPECIAL INTERROGATORIES, SET ONE**

App. 000045