# THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **CHILLY DIL CONSULTING INC.**, a Florida corporation, § § § | |
| **Plaintiff,** § § | |
| V. § | **CIVIL ACTION NO. 3:14-cv-02749-P** |
| § | |
| **JETPAY ISO SERVICES, LLC**, a Texas limited liability company; **JETPAY, LLC**, a Texas limited liability company; **JETPAY CORPORATION**, a Delaware corporation; and **TRENT R VOIGT**, an individual, § § § § § § | |
| **Defendants.** § § | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO EXTEND DEADLINE TO SEEK LEAVE TO AMEND THE COMPLAINT**

# I.
# OVERVIEW

Plaintiff Chilly Dil Consulting, Inc. ("Chilly Dil") hereby brings this motion to apply to this court for an order extending the deadline to seek leave to amend the complaint (the "Motion").  Plaintiff can demonstrate good cause to grant such an extension where Defendants are obstructing discovery of potential defendants, where pertinent discovery motions remain undecided, where no prejudice will befall non-moving Defendants, and where sufficient time remains to conduct discovery and prepare for trial.

# II.
# CERTIFICATE OF CONFERENCE

On July 10, 2015, counsel for Plaintiff contacted Defendants' counsel by way of a written letter requesting that the parties enter into a stipulation to extend the deadline for Plaintiff to seek leave to amend the complaint. Plaintiff's Appendix ("Plaint. Appx."), Rome Dec. ¶ 4 , Exh. B. Defendants initially did not acknowledge the request, but, after Plaintiff's counsel requested a second time on July 14, 2015, Defendants explicitly refused to stipulate. Plaint. Appx., Rome Dec. ¶¶ 5-7, Exhs. C, D, E. Defendants also incomprehensibly accused Plaintiff of obstructing discovery into the structure and relationships between the various defendant JetPay entities, which is evidence uniquely within the possession of Defendants. Plaint. Appx., Rome Dec. ¶ 7, Exh. E. Defendants refuse to provide any evidence explaining or relating to the structure or relationships between the entity defendants, and have refuse to produce any evidence relating to the alleged JetPay entity operating in the United Kingdom, prompting Plaintiff to file a motion to compel. (Docket Nos. 39-41.)

Accordingly, as required under Local Rule 7.1, Plaintiff determined that Defendants would not stipulate to the extension of time sought by this Motion, and that this Motion is therefore opposed by the Defendants. By the July 10th and 14th communications between counsel, a conference was held between, on the one hand, Defendants' counsel Timothy Dortch and Lauren Tow, and, on the other hand, Plaintiff's counsel Jerl B. Leutz. Plaint. Appx., Rome Dec. ¶¶ 4-8, Exhs. B, C, D, E.

Defendants refused to stipulate, and the reasoning they provided was to incomprehensibly accuse Plaintiff of obstructing discovery into Defendants' own records, which remain outstanding despite extended discovery, meeting and conferring, and a pending motion to compel thereupon. (Docket Nos. 39-41.) Defendants' reasoning lacks merit because the pertinent records lie uniquely in the Defendants' possession, and Defendants refuse to produce them. Plaintiff has filed a motion to compel their production and a motion for a protective order. *Id.* However, both motions remain pending and undecided. (Docket Nos. 28-32, 35-41, 43-49.)

Therefore, Plaintiff was unable to obtain a reasonable stipulation from Defendants, which requires the filing of this Motion.

## III.
## ARGUMENT

Good cause exists to extend the deadline for Plaintiff to seek leave to amend the Complaint. Plaintiff has been unable to obtain sufficient discovery of the structure and relationship between the various entity defendants and other potential defendants. Defendants continue to refuse to permit such discovery and have so far produced no relevant documents on this subject. Plaintiff filed pertinent motions to compel and for a protective order, but Defendants remain cemented in their position, refusing to produce the responsive documents.

Discovery is effectively at a stalemate by no fault of Plaintiff and despite Plaintiff's diligence in pursuing discovery from Defendants. Further, Plaintiff's pertinent discovery motions remain undecided. Without discovery into the Defendants' entities, Plaintiff cannot meaningfully evaluate whether new parties should be named as new defendants. Defendants will not be prejudiced by an extension, and more than nine months remain before discovery cut-off. Plaintiff therefore demonstrates good cause to extend the deadline to seek leave to amend the complaint.

Where a scheduling order has been entered establishing a deadline for amendments to pleadings, Federal Rule of Civil Procedure 16(b) provides the standard for requests to amend after a scheduling order's deadline has expired. *Marathon Fin. Ins., Inc. v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009). "Rule 16(b) provides that once a scheduling order has been entered, it 'may be modified only for good cause and with the judge's consent.'" *Marathon*, 591 F.3d at 470 (quoting Fed. R. Civ. P. 16(b)). Rule 16(b) requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id*. (quoting *S & W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir.2003)).

Federal Rule of Civil Procedure 16(b) provides: "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge"). "The 'good cause' standard focuses on the diligence of the party seeking a modification of the scheduling order." *Forge v. City of Dallas*, 2004 WL 1243151, at * 2 (N.D.Tex. June 4, 2004). Except in categories of actions exempted by district court rule as inappropriate, the district court is required in a civil case to enter a scheduling order that limits, inter alia, the time for the parties *to complete discovery*. See Rule 16(b)(3).

To determine whether the moving party has established good cause, the Court considers the following four factors: "(1) the explanation for the failure to timely move for leave to amend;

(2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id*. (quoting *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir.2003)).

Discovery is effectively at a stalemate, and by no fault of Plaintiff. Plaintiff sought discovery into the structure and relationships between the various entity defendants, as well as an alleged entity located in the United Kingdom. Defendants have refused to produce these documents, prompting Plaintiff's pending motion to compel. (Docket Nos. 39-41.) In further demonstration of Plaintiff's diligence, Plaintiff filed for a protective order and a motion to compel with the intention of compelling Defendants to produce these entity-related documents and to provide sufficient confidentiality protections for those documents. (Docket Nos. 28-32, 35-41, 43-49.)

Defendants opposed both motions, further frustrating discovery, and prolonging the stalemate. This Court has not yet ruled on either motion, both of which have been fully briefed by all interested parties. (Docket Nos. 28-32, 35-41, 43-49.)

Without discovery into the structure and relationships between the various entity defendants, Plaintiff is precluded from determining whether it is proper to name new defendants. Plaintiff is also precluded from effectively conducting depositions, during which Plaintiff must refer to and rely upon documents produced by Defendants to effectively develop relevant testimony.

Defendants refused to stipulate to the extension sought by this motion with an incomprehensible accusation that ***Plaintiff*** is somehow obstructing discovery into matters that are uniquely within ***Defendants'*** possession. Plaint. Appx., Rome Dec. ¶¶ 7, 8, Exh. D. Plaintiff propounded discovery but received insufficient responses and production. Plaintiff was forced to

4

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO EXTEND DEADLINE TO
SEEK LEAVE TO AMEND THE COMPLAINT

move to compel on these items, but they remain outstanding. (Docket Nos. 28-32, 35-41, 43-49.) Without complete discovery into the structure and relationships between the various entity defendants, and without Defendants' willingness to participate fully in discovery, Plaintiff cannot meet the July 15, 2015 deadline to seek leave to amend because Plaintiff has been precluded by Defendants from determining whether additional parties should be named as defendants.

There is no prejudice to Defendants from extension of the deadline. In fact, Defendants have demanded that Plaintiff name other entities. Plaint. Appx., Rome Dec. ¶ 7, Exh. E. Discovery Cut-off is set for December 4, 2015. Plaint. Appx., Rome Dec. 3, Exh. A. Defendants only stand to benefit by the naming of appropriate parties.

Furthermore, sufficient time remains before trial, which is currently nine months out, set for April 4, 2016. Plaint. Appx., Rome Dec. 3, Exh. A.

Plaintiff seeks a six-month extension on its deadline to amend. This amount of time will permit the court to decide the pending discovery motions, and it will permit Plaintiff to obtain the relevant entity discovery and deposition testimony. Plaintiff demonstrates good cause to grant this extension where Defendants continue to obstruct discovery into the existence of other possible defendants, where discovery motions remain undecided, where no prejudice will come to Defendants, and where sufficient time remains to conduct discovery and prepare for trial.

## IV.
## CONCLUSION

For the reasons stated above, the Court should entered an order extending Plaintiff's deadline to seek leave to amend the complaint.

Respectfully submitted,

**David Steiner & Associates, PLC**

BY:      */s/David Paul Steiner*
David P. Steiner
California Bar No. 64638
dpsartnetlaw@gmail.com
DAVID STEINER & ASSOCIATES, PLC
1801 Century Park East, Suite 1600
Los Angeles, CA 90067
Telephone: (310) 557-8422
Facsimile: (310) 556-0336
Attorneys for Plaintiff


**LEHTOLA & CANNATTI PLLC**

BY:      */s/Patricia Beaujen Lethola*
Patricia Beaujean Lehtola
State Bar No. 01997700
plehtola@lc-lawfirm.com
Phillip E. Cannatti
State Bar No. 00793456
pcannatti@lc-lawfirm.com
Patrick C. Joost
State Bar No. 24078759
pjoost@lc-lawfirm.com
LEHTOLA & CANNATTI PLLC
5001 Spring Valley Road,
Suite 400 East
Dallas, Texas 75244
(972) 383-1515 (Telephone)
(866) 383-1507 (Facsimile)
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

  This is to certify that on July 15, 2015, the foregoing was served upon counsel of record in accordance with the Federal Rules of Civil Procedure as set forth below by U.S. Mail or electronic filing.

COOPER& SCULLY, P.C.
Timothy Micah Dortch
Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Tel.: 214/712-9501
Fax: 214/712-9540
**COUNSEL FOR DEFENDANTS**

                BY: _/s/Eugene Rome_
                    Eugene Rome