## THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **CHILLY DIL CONSULTING INC., a Florida corporation,** | § § § | |
| **Plaintiff,** | § § | |
| **V.** | § § | **CIVIL ACTION NO. 3:14-cv-02749-P** |
| **JETPAY ISO SERVICES, LLC, a Texas limited liability company; JETPAY, LLC, a Texas limited liability company; JETPAY CORPORATION, a Delaware corporation; and TRENT R VOIGT, an individual,** | § § § § § § | |
| **Defendants.** | § | |

---

### PLAINTIFF'S OBJECTIONS AND REQUEST TO STRIKE DEFENDANT'S SUR-REPLY TO PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL AND MOTION FOR SANCTIONS UNDER FRCP 37

---

# I.
# OVERVIEW

Plaintiff Chilly Dil Consulting, Inc. ("Chilly Dil") hereby submits its Objections to Defendant JetPay ISO Services, LLC's ("JetPay") Sur-Reply in response to Chilly Dil's Reply in support of its Motion to Compel and Motion for Sanction under Federal Rule of Civil Procedure ("FRCP") 37 ("Sur-Reply").

# II.
# INTRODUCTION

More than two weeks after Chilly Dil filed its Reply to JetPay's Response to Motion to Compel and Motion for Sanctions under FRCP 37 ("Reply"), and less than 48 hours after this Court granted Chilly Dil's Motion for Protective Order that was opposed by JetPay, JetPay has filed a Sur-Reply in response to Chilly Dil's Reply. Given the timing of its filing, the Sur-Reply is a painfully transparent and desperate attempt to avoid being compelled to provide discovery and being sanctioned in light of the Court's recent ruling granting Chilly Dil's Motion for Protective Order that was unsuccessfully opposed by JetPay.

Further, the Sur-Reply is impermissible and should be stricken because it has not been authorized by the Court and, as JetPay admits, does not address any new arguments or evidence raised in Chilly Dil's Reply. Indeed, not only is the Sur-Reply legally improper, but it is also devoid of any legal authority to support its rehashed arguments.

Bottom line – JetPay has engaged in bad faith discovery practices in order to obstruct Chilly Dil's efforts to obtain the necessary evidence to prove its claims. The Sur-Reply is further evidence of this bad faith behavior. JetPay already had every opportunity to oppose Chilly Dil's arguments in its Response to Motion to Compel and Motion for Sanctions. The Sur-Reply

1

merely an improper attempt at another bite at the apple before the Court rules on the underlying Motion.

For these reasons, the Court should strike the Sur-Reply in its entirety and disregard the arguments therein.

### III.
### ARGUMENT

Once a motion is filed, the Local Civil Rules permit a response by the non-movant and a reply by the movant. *See* Local Civil Rule 7.1. Parties seeking to file briefings beyond that set forth in Local Civil Rule 7.1 must first obtain leave from the Court. *See Ward v. American Red Cross*, 2013 WL 2916519, *fn 1 (Court struck sur-reply, *sua sponte*, where defendant failed to seek leave first before filing). A sur-reply is a supplemental response to a reply brief and is not one of the permitted briefings set forth in Local Civil Rule 7.1. Moreover, JetPay has filed its Sur-Reply without even first attempting to seek authorization from this Court. For this reason alone, the Sur-Reply must be stricken.

Nevertheless, even if JetPay sought leave from the Court to file a sur-reply, the Sur-Reply would still be unavailing. Courts have found that sur-replies usually are not particularly helpful in resolving pending matters and only permit them in extraordinary circumstances. *Id*. "A sur-reply is appropriate by the non-movant only when the movant raises new legal theories or attempts to present new evidence at the reply stage." *Murray v. TXU Corp.*, 2005 U.S. Dist. LEXIS 10298, *13 (N.D. Tex. 2005); *see also Myers v. Ford Motor Credit Co.*, 2010 U.S. Dist. LEXIS 54517, *9 (N.D. Tex. 2010) (granting leave to file a sur-reply where movant raised new arguments for the first time in reply). Here, JetPay does not argue that Chilly Dil has raised new arguments or legal theories in the Reply that JetPay must address. In fact, the opposite is true.

2

JetPay states multiple times in the Sur-Reply that the Reply asserts the same arguments as the Motion to Compel.  (*See* Dkt. No. 58, *e.g.* "Section A of Plaintiff's Reply simply repeats the prior arguments…" (Section II, Part 1); "Plaintiff…again is simply attempting to insist…" (p.3 line 2.); "In Section E of the Reply, Plaintiff against does not dispute that it has been provided with responsive document." (p.3, 2nd para)).

Thus, the Sur-Reply is merely JetPay's impermissible attempt to "get the last word" before the Court rules on the Motion to Compel and Motion for Sanctions, by arguing points it admits Chilly Dil already made in the underlying Motion[1].

///

///

///

///

///

///

///

---

[1] JetPay additionally states in its Sur-Reply that it will now produce JetPay, LLC's 10(k) filings with the SEC. This "magnanimous" offer does not absolve JetPay from being subject to sanctions because its stubborn refusal to produce these documents, among others, when requested and during the meet and confer process is what forced Chilly Dil to file the Motion to Compel and incur unnecessary attorney fees in the first place.  Further, the 10(k) filings only partly responds to Chilly Dil's document requests as JetPay has in its possession but still refuses to produce responsive, internal documents showing the structure, ownership, and relationship between the various JetPay defendants and non-party entities.  In addition, the offer is disingenuous because JetPay could have simply amended its responses and produced the documents, which it still has not done, rather than state that it will do so.  Indeed, this 11th hour offer is just another of a plethora of examples of JetPay's repeated bad faith tactics demonstrated in this litigation, and should not go unnoticed.

PLAINTIFF'S OBJECTIONS AND REQUEST TO STRIKE DEFENDANT'S SUR-REPLY TO PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL AND MOTION FOR SANCTIONS UNDER FRCP 37

## IV.
## CONCLUSION

For the reasons stated above, the Court should strike the Sur-Reply in its entirety and disregard all arguments asserted therein.

**David Steiner & Associates, PLC**

BY:_____*/s/David Paul Steiner*_____
David P. Steiner
California Bar No. 64638
dpsartnetlaw@gmail.com
DAVID STEINER & ASSOCIATES, PLC
1801 Century Park East, Suite 1600
Los Angeles, CA 90067
Telephone: (310) 557-8422
Facsimile: (310) 556-0336
Attorneys for Plaintiff

**LEHTOLA & CANNATTI PLLC**

BY:_____*/s/Patricia Beaujen Lethola*_____
Patricia Beaujean Lehtola
State Bar No. 01997700
plehtola@lc-lawfirm.com
Phillip E. Cannatti
State Bar No. 00793456
pcannatti@lc-lawfirm.com
Patrick C. Joost
State Bar No. 24078759
pjoost@lc-lawfirm.com
LEHTOLA & CANNATTI PLLC
5001 Spring Valley Road,
Suite 400 East
Dallas, Texas 75244
(972) 383-1515 (Telephone)
(866) 383-1507 (Facsimile)
*Attorneys for Plaintiff*

4

PLAINTIFF'S OBJECTIONS AND REQUEST TO STRIKE DEFENDANT'S SUR-REPLY
TO PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL AND MOTION
FOR SANCTIONS UNDER FRCP 37

## CERTIFICATE OF SERVICE

This is to certify that on August 10, 2015, the foregoing was served upon counsel of record in accordance with the Federal Rules of Civil Procedure as set forth below by U.S. Mail or electronic filing.

COOPER& SCULLY, P.C.
Timothy Micah Dortch
Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Tel.: 214/712-9501
Fax: 214/712-9540
**COUNSEL FOR DEFENDANTS**

BY:_____*/s/Eugene Rome*_____
        Eugene Rome

5

PLAINTIFF'S OBJECTIONS AND REQUEST TO STRIKE DEFENDANT'S SUR-REPLY
TO PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL AND MOTION
FOR SANCTIONS UNDER FRCP 37