# THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **CHILLY DIL CONSULTING INC., a Florida corporation,** | § § § | |
| **Plaintiff,** | § § | |
| **V.** | § § | **CIVIL ACTION NO. 3:14-cv-02749-P** |
| **JETPAY ISO SERVICES, LLC, a Texas limited liability company; JETPAY, LLC, a Texas limited liability company; JETPAY CORPORATION, a Delaware corporation; and TRENT R VOIGT, an individual,** | § § § § § § § | |
| **Defendants.** | § | |

---

## APPENDIX OF EVIDENCE IN SUPPORT OF PLAINTIFF'S *EMERGENCY* MOTION TO EXTEND TRIAL DATE AND SCHEDULING ORDER DEADLINES

---

Pursuant to Civil Local Rules of Northern District of Texas Local Rule 7-1, Plaintiff,

CHILLY DIL CONSULTING INC., ("Plaintiff") hereby submits this Appendix of Evidence in

support of Plaintiff's *Emergency* Motion To Extend Trial Date and Scheduling Order Deadlines.

## TABLE OF CONTENTS

| Exhibit No. | Description | Page No. |
|---|---|---|
| | Declaration of Jerl B. Leutz In Support of Plaintiff's Ex Parte Motion to Extend Trial Date and Scheduling Order Deadlines | 1-4 |
| Exhibit A | Email dated September 29, 2015, containing M. Dortch's response to Plaintiff's request to enter into stipulation to extend the deadline to complete discovery and continue the trial date set forth in the January 6, 2015 Scheduling Order | 5-6 |
| Exhibit B | Amended Deposition Subpoena to Todd Fuller dated September 18, 2015 | 7-14 |
| Exhibit C | Chain of communications dated September 21, 2015 | 15-16 |
| Exhibit D | Letters dated September 29, 2015 and October 6, 2015 requesting Mr. Todd Fuller to produce documents | 17-18 |
| Exhibit E | Emails from Lauren Tow dated October 2, 2015 with objection to subpoena sent to Esquire Bank | 19-22 |

**David Steiner & Associates, PLC**

BY:_____/s/David Paul Steiner_____
David P. Steiner
California Bar No. 64638
dpsartnetlaw@gmail.com
DAVID STEINER & ASSOCIATES, PLC
1801 Century Park East, Suite 1600
Los Angeles, CA 90067
Telephone: (310) 557-8422
Facsimile: (310) 556-0336
Attorneys for Plaintiff

**LEHTOLA & CANNATTI PLLC**

BY:_____/s/Patricia Beaujen Lethola_____
Patricia Beaujean Lehtola
State Bar No. 01997700

APPENDIX OF EVIDENCE IN SUPPORT OF PLAINTIFF'S *EMERGENCY* MOTION TO
EXTEND TRIAL DATE AND SCHEDULING ORDER DEADLINES

plehtola@lc-lawfirm.com
Phillip E. Cannatti
State Bar No. 00793456
pcannatti@lc-lawfirm.com
Patrick C. Joost
State Bar No. 24078759
pjoost@lc-lawfirm.com
LEHTOLA & CANNATTI PLLC
5001 Spring Valley Road,
Suite 400 East
Dallas, Texas 75244
(972) 383-1515 (Telephone)
(866) 383-1507 (Facsimile)
*Attorneys for Plaintiff*

# DECLARATION

# THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **CHILLY DIL CONSULTING INC., a Florida corporation,** | § § § | |
| **Plaintiff,** | § § | |
| **V.** | § § | **CIVIL ACTION NO. 3:14-cv-02749-P** |
| **JETPAY ISO SERVICES, LLC, a Texas limited liability company; JETPAY, LLC, a Texas limited liability company; JETPAY CORPORATION, a Delaware corporation; and TRENT R VOIGT, an individual,** | § § § § § § | |
| **Defendants.** | § § | |

---

## DECLARATION OF JERL B. LEUTZ IN SUPPORT OF PLAINTIFF'S *EMERGENCY* MOTION TO EXTEND TRIAL DATE AND SCHEDULING ORDER DEADLINES

---

I, Jerl B. Leutz, declare as follows:

1.      I am the counsel of record for Plaintiff Chilly Dil Consulting, Inc. ("Chilly Dil"). Unless otherwise stated as based on information and belief, I have personal knowledge of the facts stated herein.  If called upon to do so, I could and would testify to the truth thereof.

2.      I make this Declaration in support of Chilly Dil's *Emergency* Motion to Extend Scheduling Order Deadlines ("Motion").

3.      On January 6, 2015, this Court issued a Scheduling Order setting forth the discovery and trial-related deadlines for the above-referenced action.  (Dkt. No. 22.)

4.      On September 29, 2015, I sent an email to counsel for defendants JetPay ISO Services, LLC ("JetPay ISO"), JetPay, LLC, JetPay Corporation, and Trent Voight (collectively, "Defendants") requesting that they enter into a stipulation to extend the deadline to complete discovery and continue the trial date set forth in the January 6, 2015 Scheduling Order.

5.      Within seconds of sending the email, Defendants' counsel, Micah Dortch, responded with a two word rejection: "We oppose."  A true and correct copy of this email exchange is attached hereto and incorporated herein by reference as Exhibit "A".

6.      Given the definitiveness of Defendants' response, we determined that Defendants would not agree to stipulate to the extension of time for the other deadlines in the Scheduling Order (as those deadlines related to the trial date), and that this Motion would be opposed by the Defendants.

7.      On March 16, 2015, Chilly Dil issued its First Set of Requests for Production and First Set of Special Interrogatories to JetPay ISO.  JetPay ISO provided incomplete responses or otherwise objected to these requests, including refusing to provide documents and information concerning the structure and relationships between the various entity defendants, and a related entity located in the United Kingdom. Defendants have also refused to produce any internal accounting or payment records. Despite several attempts to meet and confer, Defendants remained firmly entrenched in their position and Chilly Dil was forced to file a Motion to Compel on June 17, 2015.

DECLARATION OF JERL B. LEUTZ

**Appendix0002**

8.      On September 18, 2015, an amended deposition subpoena was issued to Todd Fuller, a former employee of Defendants, to appear at deposition on September 24, 2015 at 10:00 a.m. at a location in Austin, Texas.  The date, time and location of the deposition was determined by agreement with Defendants' counsel.  Defendants' counsel, Lauren Tow, represented Mr. Fuller at his deposition.  A true and correct copy of this amended subpoena is attached hereto and incorporated herein by reference as Exhibit "B".

9.      On September 21, 2015, Ms. Tow sent an email to my office with an ultimatum stating that, "[d]ue to conflicts with my schedule, we need to move the deposition to start at 11. If you have a problem with this, let me know and I will file a motion to quash the deposition based on time issues."  However, earlier on September 18, Ms. Tow told me on a telephone conversation that she simply had a disinterest in waking up early to drive from Dallas to Austin in order to be in time for the 10 a.m. deposition. In response, I informed her that due to the anticipated length of the deposition we would not be able to accommodate a later starting time. Our office exchanged numerous emails with Ms. Tow and Mr. Dortch regarding her false ultimatum, but ultimately the deposition went forward as scheduled.  Attached hereto and incorporated herein by reference as Exhibit "C" is a true and correct copy of the September 21, 2015 chain of email communications.

10.     Along with other documents requested pursuant to the subpoena, Mr. Fuller was to produce at his deposition documents related to the calculation of payments (including commissions) he received from Defendants in connection to processing of transactions for the Confidential Merchant. This information is relevant because Mr. Fuller testified that he received such commissions from Defendants and because it relates to calculation of Chilly Dil's damages. However, Mr. Fuller did not produce any documents at his deposition. Since the date of the deposition, my office sent Ms. Tow two letters, on September 29, 2015 and on October 6, 2015, requesting that these documents be produced, but as of today, Chilly Dil received no documents. True and correct copies of these letters are attached hereto and incorporated herein by reference as Exhibit "D".

DECLARATION OF JERL B. LEUTZ

11.     Chilly Dil served a subpoena for business records on September 14, 2015 to Esquire Bank.  On Friday, October 2, 2015, just one business day before the documents from Esquire Bank were due, Ms. Tow sent an email to my office stating: "Due to the overbroad, threatening, harassing nature of the subpoena to Esquire Bank, Defendants will be filing a Motion to Quash today.  Please let us know if you oppose."  Ms. Tow followed up that email by stating that it would not file the motion unless Chilly Dil withdrew the subpoena.  This was the first communication we received from Defendants concerning the Esquire Bank subpoena.  At no time prior to this email, did Defendants attempt to meet and confer about their concerns with the subpoena or identify which specific requests for production they objected to and the basis for that objection. Ms. Tow did not identify or explain her specific objections, and she only eventually provided an incomplete draft of her motion to quash. A true and correct copy of Ms. Tow's October 2, 2015 emails are attached hereto and incorporated herein by reference as Exhibit "E".

12.     Ms. Tow ultimately chose not to file the motion to quash. Our office reached a separate agreement directly with Esquire Bank to limit the scope of the subpoena.

13.     On September 29, 2015. Chilly Dil served first sets of Requests for Production and Special Interrogatories on defendant JetPay LLC.  The responses to these requests are due on October 29, 2015.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 15, 2015, in Los Angeles, California.



_____*/s/Jerl B. Leutz*_____
Jerl B. Leutz


DECLARATION OF JERL B. LEUTZ

**Appendix0004**

# EXHIBIT A

| | |
|---|---|
| **From:** | Dortch, Micah <Micah.Dortch@cooperscully.com> |
| **Sent:** | Tuesday, September 29, 2015 1:08 PM |
| **To:** | Jerl Leutz; Tow, Lauren |
| **Cc:** | Eugene Rome; Maria Arakelian; Sridavi Ganesan; dpsartnetlaw@gmail.com; jbbartnetlaw@gmail.com |
| **Subject:** | RE: Chilly Dil v. Jetpay  - Correspondence re Subpoena |

we oppose


Micah  Dortch

Cooper & Scully, P.C.
900 Jackson St. #100
Dallas, TX 75202
214.712.9530
Phone: 214.712.9500
Fax: 214.712.9540
Email: Micah.Dortch@cooperscully.com
www.cooperscully.com



Confidentiality Notice:  This email and any attachments and their use by any recipient are subject to the terms, conditions, restrictions and disclaimers that can be reviewed by clicking the following link.
http://www.cooperscully.com/confidentialitynotice/

Dallas - 214.712.9500     Houston - 713.236.6800     San Francisco - 415.956.9700

-----Original Message-----
From: Jerl Leutz [mailto:jleutz@romeandassociates.com]
Sent: Tuesday, September 29, 2015 3:08 PM
To: Tow, Lauren
Cc: Dortch, Micah; Eugene Rome; Maria Arakelian; Sridavi Ganesan; dpsartnetlaw@gmail.com; jbbartnetlaw@gmail.com
Subject: RE: Chilly Dil v. Jetpay - Correspondence re Subpoena

To counsel,

Discovery cut-off for this action is on December 4, 2015, and trial is scheduled for April 4, 2016.  I propose that we stipulate to continue these deadline by 6 months until June 4, 2016 and October 4, 2016, respectively.

There are a number of classes of documents and information we sought through discovery that remain the subject of our pending motion to compel. The motion to compel we filed to obtain those documents and information is still pending with the court, and it is unclear when the court will issue a ruling.  Accordingly, this poses an obstacle to

**Appendix0005**

completion of discovery on a timely basis by December 4, 2015. Specifically, we lack all of the necessary materials to depose Trent Voight and the JetPay entities.

Further, if discovery cut-off is continued, the trial date should also be continued to allow sufficient time analyze the discovery obtained and prepare for trial.

Please let us know by Monday, October 5, 2015 if you are amenable to these extensions.

Thank you.

My Best,

Jerl B. Leutz
Rome & Associates, A.P.C.
2029 Century Park East, Suite 1040
Los Angeles, CA 90067
Tel: (310) 282-0690 | Fax: (310) 282-0691 jleutz@romeandassociates.com

CONFIDENTIAL COMMUNICATION:
The information contained in this e-mail message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the receiver of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this email message is strictly prohibited and may violate the legal rights of others. If you have received this message in error, please immediately notify the sender by reply email or telephone and delete it from your system.

**Appendix0006**

# EXHIBIT B

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHILLY DIL CONSULTING INC., a** | § | |
| **Florida corporation,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 3:14-cv-02749-P** |
| | § | |
| **JETPAY ISO SERVICES, LLC, a Texas** | § | |
| **limited liability company; JETPAY, LLC, a** | § | |
| **Texas limited liability company; JETPAY** | § | |
| **CORPORATION, a Delaware corporation;** | § | |
| **and TRENT R VOIGT, an individual,** | § | |
| | § | |
| **Defendants.** | § | |

## AMENDED NOTICE OF INTENTION TO TAKE DEPOSITION OF TODD FULLER

To:    Todd Fuller, by and through his counsel, COOPER & SCULLY, P.C., Founders Square, 900 Jackson Street, Suite 100, Dallas, Texas 75202.

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure § 30(a)(1) Plaintiff Chilly Dil Consulting, Inc. ("Chilly Dil"), through its counsel of record, will take the oral deposition, under oath, of Todd Fuller (the "Deponent"), for the purposes of discovering facts relevant to the claims and defenses asserted by the parties in this matter. The deposition will take place on September 24, 2015, **at 10:00 a.m.,** continuing thereafter until concluded.

PLEASE TAKE FURTHER NOTICE that the deposition will take place at the office of Veritext – Austin, 1601 Rio Grande, Suite 443, Austin, TX 78701, or at such other time and place to which the parties agree and will continue from day to day until completed.

PLEASE TAKE FURTHER NOTICE that the deposition will (a) take place before a notary public or other officer authorized by law to administer oaths; (b) be recorded by a

1

certified shorthand reporter by stenographic means; and (d) be continued only upon agreement of all counsel and/or parties present.  The deposition may also be recorded by video and/or audio media.

The Deponent is hereby required to bring a copy of those items listed in Exhibit "A" attached hereto, pursuant to Federal Rules of Civil Procedure §34(f)(2)(a).

All parties are invited to attend and propound such questions to the witness as may be appropriate under the Federal Rules of Civil Procedure.

Dated: September 18, 2015

**David Steiner & Associates, PLC**

BY:_____*/s/David Paul Steiner*_____
David P. Steiner
California Bar No. 64638
dpsartnetlaw@gmail.com
DAVID STEINER & ASSOCIATES, PLC
1801 Century Park East, Suite 1600
Los Angeles, CA 90067
Telephone: (310) 557-8422
Facsimile: (310) 556-0336
Attorneys for Plaintiff

**LEHTOLA & CANNATTI PLLC**

BY:_____*/s/Patricia Beaujen Lethola*_____
Patricia Beaujean Lehtola
State Bar No. 01997700
plehtola@lc-lawfirm.com
Phillip E. Cannatti
State Bar No. 00793456
pcannatti@lc-lawfirm.com
Patrick C. Joost
State Bar No. 24078759
pjoost@lc-lawfirm.com
LEHTOLA & CANNATTI PLLC

2

5001 Spring Valley Road,
Suite 400 East
Dallas, Texas 75244
(972) 383-1515 (Telephone)
(866) 383-1507 (Facsimile)
*Attorneys for Plaintiff*

3

## Exhibit A

1. Any and all documents, records, and materials relating to Plaintiff Chilly Dil Consulting, Inc.'s ("Plaintiff") referral of the Confidential Merchant, as identified in discovery, to Defendants JetPay ISO Services, LLC; JetPay, LLC; JetPay Corporation or Trent Voigt; and/or, to JetPay Solutions, Ltd ("JetPay").

2. Any and all documents, records, and materials relating to Patricia Weber or Patricia Weber-Carlin's ("Patricia Carlin") referral of the Confidential Merchant to JetPay.

3. Any and all documents, records, and materials relating to JetPay's processing payments for the Confidential Merchant, Backpage LLC or JetPay.

4. Any and all communications relating to Plaintiff's referral of the Confidential Merchant to JetPay.

5. Any and all communications between JetPay and you concerning the Confidential Merchant.

6. Any and all communications between you and Plaintiff concerning the Confidential Merchant.

7. Any and all communications between you and the Confidential Merchant.

8. Any and all communications between you and any third party concerning the Confidential Merchant.

9. Any and all communications between you and Bank Frick & Co. A.G. concerning the Confidential Merchant.

10. Any and all communications between you and Esquire Bank concerning the Confidential Merchant.

11. Any and all communications between you and Wells Fargo concerning the Confidential Merchant.

12. Any and all communications between you and Trent Voigt concerning the Confidential Merchant.

13. Any and all communications between you and Trent Voigt concerning processing the Confidential Merchant's payments in United States Dollars through European banks.

14. Any and all communications between you and any other bank concerning the Confidential Merchant.

15. Any and all communications between you and any other merchant concerning the Confidential Merchant.

16. Any and all communications between you and the Confidential Merchant in relation to processing other domestic or foreign transactions for the Confidential Merchant, or its related URLS.

17. Any and all communications between you and JetPay in relation to processing other domestic or foreign transactions for the Confidential Merchant, or its related URLS.

18. Any and all communications between you and Trent Voigt in relation to processing other domestic or foreign transactions for the Confidential Merchant, or its related URLS.

19. Any and all documents, records, and materials relating to processing the Confidential Merchant's transactions.

20. Any and all documents, records, and materials relating to processing Bigcity.com's transactions.

21. Any and all documents, records, and materials relating to other merchants referred to JetPay by Plaintiff.

22. Any and all documents, records, and materials relating to other merchants referred to JetPay by the Confidential Merchant.

23. Any and all documents, records, and materials relating to fees generated by the Confidential Merchant's transactions.

24. Any and all documents, records, and materials relating to ownership of the JetPay entities.

25. Any and all documents, records, and materials relating to the management of the JetPay entities.

26. Any and all agreements between the JetPay entities.

27. Any and all agreements between you and JetPay.

28. Any and all agreements between you and Wles, LP.

29. Any and all documents, records, and materials relating to processing the Confidential Merchant's transactions.

30. Any and all agreements between Wles, LP and JetPay.

31. Any and all reports you received or are required to receive from JetPay for client matters that relate to processing referred by Plaintiff or Patricia Carlin, including but not limited to Confidential Merchant.

32. Any and all reports you received or are required to receive from Trent Voigt for client matters that relate to processing referred by Plaintiff or Patricia Carlin, including but not limited to Confidential Merchant.

33. Any and all current contracts, including but not limited to employment or independent contractor contracts, between you and JetPay.

34. Any and all current contracts, including but not limited to employment or independent contractor contracts, between you and Trent Voigt.

35. Any and all current contracts, including but not limited to employment or independent contractor contracts, between you and Wles, LP.

36. Any and all documents reflecting the calculation of payments (bonuses, commissions, consulting fees, refund fees) you have received in relation to the processing of transactions for Confidential Merchant, other than salary.

37. Any and all documents related to any agreements by and between JetPay ISO Services, LLC; JetPay, LLC; JetPay Corporation or Trent Voigt on the one hand and JetPay Solutions, Ltd., on the other hand which concern or relate to the Confidential Merchant.

38. Any and all communications related to any agreements by and between JetPay ISO Services, LLC; JetPay, LLC; JetPay Corporation or Trent Voigt on the one hand and JetPay Solutions, Ltd., on the other hand which concern or relate to the Confidential Merchant.

39. All documents reflecting any compensation received by JetPay ISO Services, LLC; JetPay, LLC; JetPay Corporation or Trent Voigt as a result of any services provided by JetPay Solutions, Ltd., to the Confidential Merchant.

40. Any and all documents related to any agreements by and between JetPay ISO Services, LLC; JetPay, LLC; JetPay Corporation or Trent Voigt on the one hand and JetPay Solutions, Ltd., on the other hand which concern or relate to companies or businesses associated with the Confidential Merchant, including but not limited to BigCities.com.

41. Any and all communications related to any agreements by and between JetPay ISO Services, LLC; JetPay, LLC; JetPay Corporation or Trent Voigt on the one hand and

**Appendix0012**

JetPay Solutions, Ltd., on the other hand which concern or relate to companies or businesses associated with the Confidential Merchant, including but not limited to BigCities.com.

42. All documents reflecting any compensation received by JetPay ISO Services, LLC; JetPay, LLC; JetPay Corporation or Trent Voigt as a result of any services provided by JetPay Solutions, Ltd., to companies or businesses associated with the Confidential Merchant, including but not limited to BigCities.com.

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of ROME & ASSOCIATES, A.P.C.,

and that pursuant to Rule 5(b), Federal Rules of Civil Procedure, a true and correct copy of the

foregoing **AMENDED NOTICE OF INTENTION TO TAKE DEPOSITION OF TODD**

**FULLER** was delivered to the following this 18th day of September, 2015:


[  ]     Via U.S. Mail

[  ]     Via CM/ECF System

[X]     Via Electronic Mail (as indicated below; per agreement dated 12-22-14)


Lauren Tow
Timothy Micah Dortch
Brent Cooper
Donna Botello
Luisa Ulluela
Cooper & Scully, P.C.
Founders Square
900 Jackson Street, Suite 100
Dallas, TX 75202

*Attorneys for Defendants*


_/S/ MARIA ARAKELIAN_
Maria Arakelian

Appendix0014

**EXHIBIT C**

| | |
|---|---|
| **From:** | Dortch, Micah <Micah.Dortch@cooperscully.com> |
| **Sent:** | Monday, September 21, 2015 5:57 PM |
| **To:** | Eugene Rome |
| **Cc:** | Tow, Lauren; Jerl Leutz; Maria Arakelian; Sridavi Ganesan; dpsartnetlaw@gmail.com; jbbartnetlaw@gmail.com |
| **Subject:** | Re: Chilly Dil v. Jetpay  - Correspondence re Subpoena |

You're gonna report asking to move a depo one hour to the state bar?  The bar here is a little busy for that.

Sent from my iPad

> On Sep 21, 2015, at 7:38 PM, Eugene Rome <erome@romeandassociates.com> wrote:
>
> This entire exchange is completely inappropriate.
>
> Ms. Tow, we have a deposition scheduled and we'll be taking it as set.  I am puzzled by this propensity to manufacture disputes.  We are not required to report to you our travel arrangements.  I note that the deposition was set for a place and time which you personally approved.  That said, be advised that both David Steiner and I are flying in for the deposition.  Both of us charge for travel time.  Should you disrupt the deposition from proceeding as set, we will move for sanctions.  Be further reminded that you are an officer of the bar and are expected to conduct yourself in a manner commensurate with the oath you took.  Advising my colleague Jerl Leutz that you wanted to avoid waking up to make the drive to Austin and then claiming a conflicting appointment that prevents you from attending the deposition at 10:00 a.m. is not only unprofessional but also unethical.  Again, David Steiner and I will be attending the deposition as set in the notice.  If you cause it to be interrupted, you will see all of our "flight time" in a motion for sanctions.  We will also be reporting the conduct to the Texas State bar.  Consider yourself placed on notice.
>
> Very truly yours,
>
> Eugene
>
> ERome@RomeAndAssociates.com
> Rome & Associates, A.P.C.
> 2029 Century Park East, Suite 1040
> Los Angeles, CA 90067
> Telephone: (310) 282-0690
> Facsimile:  (310) 282-0691
>
> ~~ www.romeandassociates.com ~~
>
> CONFIDENTIAL COMMUNICATION:
>
> The information contained in this e-mail message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the receiver of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this email message is strictly prohibited and may violate the legal rights of others.  If you have received this message in error, please immediately notify the sender by reply email or telephone and delete it from your system.
>
> -----Original Message-----

**Appendix0015**

> From: Tow, Lauren [mailto:Lauren.Tow@cooperscully.com]

> Sent: Monday, September 21, 2015 4:33 PM

> To: Jerl Leutz

> Cc: Dortch, Micah; Eugene Rome; Maria Arakelian; Sridavi Ganesan;

> dpsartnetlaw@gmail.com; jbbartnetlaw@gmail.com

> Subject: Re: Chilly Dil v. Jetpay - Correspondence re Subpoena

>

> Jerl,

>

> Send me the flight times.

>

> Lauren

>

> Sent from my iPhone

>

>> On Sep 21, 2015, at 6:30 PM, Jerl Leutz <jleutz@romeandassociates.com> wrote:

>>

>> Dear Lauren,

>>

>> No, we will not permit this.  We will seek sanctions to reimburse us for all of our flight time, hotel time, and billed time. Both Eugene and David have booked their flights, prepaid. They will proceed to Austin. They bill for all travel time.

>>

>> If you do choose to move to quash, I want to make sure that you will remember to include in your declaration that you called me on Thursday, September 17, 2015 to inquire as to whether the deposition would "last all day" because you wanted to somehow avoid "getting your ass out of bed so early to avoid driving down there."

>>

>> My Best,

>>

>> Jerl B. Leutz

>> Rome & Associates, A.P.C.

>> jleutz@romeandassociates.com

>>

>> Jerl,

>>

>> Due to conflicts with my schedule we need to move the deposition to start at 11.  If you have a problem with this let me know and I will file a motion to quash the deposition based on time issues.

>>

>> Lauren Tow

>>

>> Sent from my iPhone

>>

>>

>> Lauren  Tow

>>

>> Cooper & Scully, P.C.

>> 900 Jackson Street, Suite 100

>> Dallas, TX 75202

>> 214.712.9574

>> Phone: 214.712.9500

>> Fax: 214.712.9540

>> Email: Lauren.Tow@cooperscully.com

>> www.cooperscully.com

Appendix0016

**EXHIBIT D**



**Rome ● Associates**

2029 Century Park East, Suite 1040    Phone: 310.282.0690
Los Angeles, CA 90067    Fax:    310.282.0691

www.romeandassociates.com

September 29, 2015

**VIA EMAIL ONLY: LAUREN.TOW@COOPERSCULLY.COM**

Lauren Tow
COOPER & SCULLY, P.C.
Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202

        **Re:**    *Chilly Dil Consulting, Inc. v. Jetpay ISO Services, LLC, et al., Northern District of Texas District Court Case No. 3:14-cv-02749-P*

Dear Ms. Tow:

        I write to follow up on the production of documents requested from the deponent Todd Fuller, whom your firm represented at the deposition that took place on September 24, 2014 in Austin, Texas.

        Request for Production No. 36 stated in the Subpoena seeks "Any and all DOCUMENTS reflecting the calculation of payments (bonuses, commissions, consulting fees, refund fees) you have received in relation to the processing of transactions for CONFIDENTIAL MERCHANT, other than salary." A copy of the Subpoena is attached.

        For his part, Mr. Fuller testified that he has received commissions paid by ACH in connection with the "Confidential Merchant," i.e. Backpage.com. Accordingly, we request that Mr. Fuller compile and turn over the entirety of documents evidencing the subject commissions. We are looking for original documents such as bank statements, e-mails reflecting any promised commission or report of a commission and any other documents pertaining to the Confidential Merchant. The documents are directly relevant to the claims in this case and any privacy issues would be addressed by the entered Protective Order.

        We ask that these documents be produced by no later than October 5, 2015.

                        Very truly yours,

                        Eugene Rome

Enclosure
cc: David P. Steiner

**Appendix0017**

# Rome &Associates

2029 Century Park East, Suite 1040    Phone: 310.282.0690
Los Angeles, CA 90067    Fax:    310.282.0691

www.romeandassociates.com

October 6, 2015

**VIA EMAIL ONLY: LAUREN.TOW@COOPERSCULLY.COM**

Lauren Tow
COOPER & SCULLY, P.C.
Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202

> **Re:** *Chilly Dil Consulting, Inc. v. Jetpay ISO Services, LLC, et al., Northern*
> *District of Texas District Court Case No. 3:14-cv-02749-P*

Dear Ms. Tow:

I write to follow-up on my letter dated September 29, 2015 addressing Todd Fuller's omission to produce documents evidencing the commissions paid by ACH in connection with the "Confidential Merchant," as testified to at his deposition taken on September 24, 2015. We attach September 29, 2015 correspondence for your reference.

Again, we request that your client produce these documents. Absent a response by no later than *__October 9, 2015__*, we will have no choice but to move to compel and seek reimbursement of our attorneys' fees.

Very truly yours,

Eugene Rome

Enclosure
cc: David P. Steiner

Appendix0018

# EXHIBIT E

| | |
|---|---|
| **From:** | Tow, Lauren <Lauren.Tow@cooperscully.com> |
| **Sent:** | Friday, October 02, 2015 9:53 AM |
| **To:** | Jerl Leutz |
| **Cc:** | Dortch, Micah; Eugene Rome; Maria Arakelian; Sridavi Ganesan; dpsartnetlaw@gmail.com; jbbartnetlaw@gmail.com |
| **Subject:** | RE: Chilly Dil v. Jetpay  - Correspondence re Subpoena |

Based on the overbroad, irrelevant, harrassing nature of the subpoena to Esquire Bank, Defendants will be filing a Motion to Quash today.  Please let us know if you oppose.

Lauren Tow


Lauren  Tow

Cooper & Scully, P.C.
900 Jackson Street, Suite 100
Dallas, TX 75202
214.712.9574
Phone: 214.712.9500
Fax: 214.712.9540
Email: Lauren.Tow@cooperscully.com
www.cooperscully.com



Confidentiality Notice:  This email and any attachments and their use by any recipient are subject to the terms, conditions, restrictions and disclaimers that can be reviewed by clicking the following link. http://www.cooperscully.com/confidentialitynotice/

Dallas - 214.712.9500      Houston - 713.236.6800      San Francisco - 415.956.9700

-----Original Message-----
From: Jerl Leutz [mailto:jleutz@romeandassociates.com]
Sent: Tuesday, September 29, 2015 3:08 PM
To: Tow, Lauren
Cc: Dortch, Micah; Eugene Rome; Maria Arakelian; Sridavi Ganesan; dpsartnetlaw@gmail.com; jbbartnetlaw@gmail.com
Subject: RE: Chilly Dil v. Jetpay - Correspondence re Subpoena

To counsel,

Discovery cut-off for this action is on December 4, 2015, and trial is scheduled for April 4, 2016.  I propose that we stipulate to continue these deadline by 6 months until June 4, 2016 and October 4, 2016, respectively.

1

There are a number of classes of documents and information we sought through discovery that remain the subject of our pending motion to compel. The motion to compel we filed to obtain those documents and information is still pending with the court, and it is unclear when the court will issue a ruling. Accordingly, this poses an obstacle to completion of discovery on a timely basis by December 4, 2015. Specifically, we lack all of the necessary materials to depose Trent Voight and the JetPay entities.

Further, if discovery cut-off is continued, the trial date should also be continued to allow sufficient time analyze the discovery obtained and prepare for trial.

Please let us know by Monday, October 5, 2015 if you are amenable to these extensions.

Thank you.

My Best,

Jerl B. Leutz
Rome & Associates, A.P.C.
2029 Century Park East, Suite 1040
Los Angeles, CA 90067
Tel: (310) 282-0690 | Fax: (310) 282-0691 jleutz@romeandassociates.com

CONFIDENTIAL COMMUNICATION:
The information contained in this e-mail message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the receiver of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this email message is strictly prohibited and may violate the legal rights of others. If you have received this message in error, please immediately notify the sender by reply email or telephone and delete it from your system.

2

Appendix0020

| | |
|---|---|
| **From:** | Eugene Rome |
| **Sent:** | Friday, October 02, 2015 10:04 AM |
| **To:** | Tow, Lauren; Jerl Leutz |
| **Cc:** | Dortch, Micah; Maria Arakelian; Sridavi Ganesan; dpsartnetlaw@gmail.com; jbbartnetlaw@gmail.com; Eugene Rome; plehtola@lc-lawfirm.com |
| **Subject:** | RE: Chilly Dil v. Jetpay  - Correspondence re Subpoena |
| **Importance:** | High |

Dear Ms. Tow,

Your inquiry is incomprehensible.  If you are purporting to meet and confer prior to the filing of the motion, then your one-sentence instruction that a motion will be filed today hardly constitutes a valid meet and confer effort.  It is devoid of law and fact and simply draws conclusions (frivolous at that) regarding the scope of the subpoena.  Equally significant is the lack of standing on behalf of your client to challenge the request made to Esquire.  Self-evidently, you are committed to the filing of the motion and the below-referenced inquiry is nothing more than a pretext rather than a proper effort to resolve a difference of opinion.  That being the case, please be advised that we will be opposing and, further, will be seeking sanctions against your client, your firm and the person signing the motion for the identified improper filing.

Very truly yours,

Eugene

ERome@RomeAndAssociates.com
Rome & Associates, A.P.C.
2029 Century Park East, Suite 1040
Los Angeles, CA 90067
Telephone: (310) 282-0690
Facsimile:  (310) 282-0691

~~ www.romeandassociates.com ~~

CONFIDENTIAL COMMUNICATION:

The information contained in this e-mail message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the receiver of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this email message is strictly prohibited and may violate the legal rights of others.  If you have received this message in error, please immediately notify the sender by reply email or telephone and delete it from your system.

-----Original Message-----
From: Tow, Lauren [mailto:Lauren.Tow@cooperscully.com]
Sent: Friday, October 02, 2015 9:53 AM
To: Jerl Leutz
Cc: Dortch, Micah; Eugene Rome; Maria Arakelian; Sridavi Ganesan; dpsartnetlaw@gmail.com; jbbartnetlaw@gmail.com
Subject: RE: Chilly Dil v. Jetpay - Correspondence re Subpoena

Appendix0021

| From: | Tow, Lauren <Lauren.Tow@cooperscully.com> |
|---|---|
| Sent: | Friday, October 02, 2015 10:09 AM |
| To: | Eugene Rome; Jerl Leutz |
| Cc: | Dortch, Micah; Maria Arakelian; Sridavi Ganesan; dpsartnetlaw@gmail.com; jbbartnetlaw@gmail.com; plehtola@lc-lawfirm.com |
| Subject: | RE: Chilly Dil v. Jetpay  - Correspondence re Subpoena |

Will you withdraw the subpoena?  If you withdraw it obviously we will not need to file?

Also here is some case law-

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas.  To protect parties or non-parties from potential abuse of the subpoena power, a federal district court is empowered to grant a motion to quash or modify a subpoena. Fed. R. Civ. P. 45(c)(3).  The decision to quash or modify a subpoena is within the court's discretion; the court is under no obligation to employ the lesser remedy of modification before it may quash.  Tiberi v. Cigna Ins. Co., 40 F.3d 110, 112 (5th Cir. 1994) (district court's decision to quash and encourage party to file more narrowly drawn subpoena, rather than ordering modification by court, was within court's sound discretion).
In determining whether information is protected by Rule 45, courts must evaluate whether the information being sought is commercial information that should not be disclosed to the public.  Mannington Mills, Inc. v. Armstrong World Indus., Inc., 206 F.R.D. 525, 528 (D.Del.2002).  There are several factors courts consider in making this assessment.  First, courts have traditionally evaluated whether release of the information would unfairly harm the disclosing party's ability to compete in the marketplace.  Id. at 528–29.  If the answer to this question is in the affirmative, the information is protected from disclosure.  Id.  This result is called for because commercial information can be used to directly compete with the disclosing party or, alternatively, might be disclosed by a competitor to decrease the competitive advantage of the commercial information.  Falicia v. Advanced Tenant Services, Inc., 235 F.R.D. 5, 7 (D.D.C. 2006).  Thus, another relevant factor for a court to consider is who potentially could receive the information.  Therefore, courts understandably presume…that disclosure to a competitor is more harmful than disclosure to a non-competitor.  Id.  If a court determines that the subpoena requests commercial information, the burden shifts to the party seeking the information to show that obtaining the information is both relevant and necessary.  Id.  If this burden is satisfied, then the court must balance the two competing interests and determine what aspect of the subpoena, if any, will be enforced.  Id.
Courts also have broad discretion in determining whether a subpoena is unduly burdensome.  Whether a subpoena imposes an "undue burden" depends upon "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed."  Travelers Indemnity Co. v. Metropolitan Life Ins. Co., 228 F.R.D. 111, 113 (D.Conn.2005).

Your subpoena is extremely overbroad, harrassing and overly burdensome.  You are seeking communications from 2011 to present day when the Confidential Merchant was not in play until 2013.  You are seeking pretty much any communication/document/agreement between Esquire Bank and anyone in any way related to any Defendant. Information related to non-parties is irrelevant and overbroad.  The sole purpose of this subpoena is clearly to harrass my client and attempt to chill the relationship between JetPay and Esquire Bank, as well as the relationship between JetPay and other merchants.

If you agree to withdraw the subpoena today we will not file our Motion.  Otherwise, based on your email below I assume you oppose.

Lauren Tow

1

Appendix0022

## CERTIFICATE OF SERVICE

This is to certify that on October 15, 2015, the foregoing was served upon counsel of record in accordance with the Federal Rules of Civil Procedure as set forth below by U.S. Mail or electronic filing.

COOPER& SCULLY, P.C.
Timothy Micah Dortch
R. Brent Cooper
Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Tel.: 214/712-9501
Fax: 214/712-9540
**COUNSEL FOR DEFENDANTS**

BY:_____/s/Eugene Rome_____
Eugene Rome