# THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **CHILLY DIL CONSULTING INC.**, a Florida corporation, § § § | |
| **Plaintiff,** § § | |
| v. § | **CIVIL ACTION NO. 3:14-cv-02749-P** |
| § | |
| **JETPAY ISO SERVICES, LLC**, a Texas limited liability company; **JETPAY, LLC**, a Texas limited liability company; **JETPAY CORPORATION**, a Delaware corporation; and **TRENT R VOIGT**, an individual, § § § § § § | |
| **Defendants.** § | |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT AND FILE FIRST AMENDED COMPLAINT

# I.
# OVERVIEW

Plaintiff, Chilly Dil Consulting, Inc. ("Plaintiff" or "Chilly Dil") hereby moves for leave to amend its initial Complaint (the "Complaint") and to file a First Amended Complaint ("FAC".)  This Motion for Leave (the "Motion") is being brought to add an additional claim to the operative complaint.  (Pursuant to Local Rule 15.1, Chilly Dil's Proposed FAC is filed concurrently herewith as Exhibit A.)  The Proposed FAC will contain a new claim, pled in the alternative, for breach of oral contract against Defendants, Trent Voigt ("Voigt") and JetPay, LLC ("JetPay"), arising out of the same factual circumstances already alleged in the Complaint.

Chilly Dil bases its amendment in part on significant factual developments substantiated through the recent deposition of Todd Fuller ("Fuller"). (Plaintiff's Appendix, filed concurrently herewith ("Plaint. Appx."), Declaration of David P. Steiner ("Steiner Dec."), ¶ 11.)  Fuller was a former executive officer of the JetPay Texas entities, and his deposition was taken on September 24, 2015.  (*Id*.) Fuller's testimony disclosed the full extent of Voigt's and JetPay's wrongful dealings with Confidential Merchant, leading Plaintiff to seek leave to amend the complaint and file the FAC. (*Id*.)

Plaintiff can now fully articulate a claim for breach of oral contract against Voigt and JetPay for their wrongful dealings with the Confidential Merchant. By this Motion, Plaintiff seeks leave of court to amend and file the FAC.

# II.
# FACTUAL BACKGROUND

Chilly Dil filed this action on July 31, 2014, alleging claims for breach of written contract, money had and received, tortious interference with existing contract, violation of the Texas Theft Liability Act, and negligence.  (Dkt. No. 1; Steiner Dec., ¶ 3.)  On November 4,

2014, Defendants filed their Answer to the Complaint. (Dkt. No. 14.; Steiner Dec., ¶ 4.) On April 13, 2015, Defendants amended their Answer to add an affirmative defense of Impossibility. (Dkt. No. 27; Steiner Dec., ¶ 4.)

Chilly Dil propounded substantial written discovery with respect to the Complaint, directed to Defendants. (Steiner Dec., ¶ 5.) On March 16, 2015, Chilly Dil served Defendants its First Set of Requests for Production of Documents and a First Set Special Interrogatories. (*Id*.) On April 17, 2015, Defendants served their Objections and Responses to Chilly Dil's discovery requests. (Steiner Dec., ¶ 6.) Between April 28, 2015 and May 21, 2015, Chilly Dil attempted to meet and confer on Defendants' discovery objections, as further detailed in Chilly Dil's Motion to Compel and Motion for Sanctions (the "Motion to Compel") filed on June 17, 2015. (Steiner Dec., ¶ 7)**.** Currently, Chilly Dil's Motion to Compel is still pending, and Defendants responses remain incomplete. (*Id*.; Dkt. Nos. 39-41.)

Prior to the aforementioned discovery matters, on January 6, 2015, the Court issued its Scheduling Order establishing discovery and trial deadlines. (Dkt. No. 22.) The Scheduling Order provides, among other things, that motions for leave to amend pleadings shall be filed by July 15, 2015. (Dkt. No. 22.) Since Defendants were frustrating progress in discovery, Plaintiff was not able to determine whether the Complaint should be amended as set forth in this Motion, despite Plaintiff's diligent pursuit.

On and around July 10, 2015 and July 14, 2015, Defendants attempted to seek an extension on the July 15 amendment deadline based on the discovery issues; however, the negotiations were ultimately fruitless. Defendants communicated to Chilly Dil that they would not stipulate to extend time to permit Plaintiff to seek leave to amend. (Steiner Dec., ¶¶ 9-10) Chilly Dil was thereby forced to file its Motion to Extend Deadline to Seek Leave to Amend the

Complaint (the "Motion to Extend") on July 15, 2015, seeking a six-month extension of the July 15, 2015 deadline. (*Id*.; Dkt. Nos. 50-52)  The Motion to Extend is currently pending.  (*Id*.)

On September 24, 2015, Chilly Dil took a partial deposition of Fuller in Austin, Texas and reserved their right to complete the deposition upon receipt of additional documents. (Steiner Dec., ¶ 11.) During the deposition, Plaintiff learned that Fuller failed to produce responsive documents at his deposition relating to commissions and fees he earned from the Confidential Merchant's payment processing.[1] (*Id*.)

Fuller's testimony in part supports the amendments now proposed by Plaintiff, which consists of the addition of a cause of action for breach of oral contract pled in the alternative against defendants Trent Voigt and JetPay LLC. The same factual situation as alleged in the original Complaint underlies this new cause of action. (Complaint, ¶¶ 22-29.)

## III.
## CERTIFICATE OF CONFERENCE

In a conference between counsel, pursuant to Local Rule 7.1, Chilly Dil determined Defendants would not stipulate to Chilly Dil's filing of the FAC.  On and around October 14 and 15, 2015, counsel discussed the proposed amendments by email**.** (Steiner Dec., ¶ 12, Exhibit B.) Counsel for Plaintiff requested a stipulation from Defendants that would permit the proposed amendments without opposition. (*Id*.) Counsel discussed the legal and factual bases of Plaintiff's proposed amendments, where Fuller's deposition testimony provided confirmation that the earlier allegations of the Complaint in fact supported addition of a new claim for breach of oral contract, pled in the alternative against Defendants Voigt and JetPay LLC. (*Id*.) However, despite Plaintiff's explanation and provision of clear legal support, Defendants' counsel

---

[1] For this reason, Plaintiff had to postpone the conclusion of the deposition pending Fuller's production of these items. Fuller's production of these missing documents remains outstanding as of the date of this Motion and prevents the completion of his deposition.

3

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND
THE COMPLAINT AND FILE FIRST AMENDED COMPLAINT

remained steadfast in its opposition, but provided no support for their position. (*Id*. at ¶ 13.) Therefore, having conducted a conference of counsel in compliance with Local Rule 7.1, Plaintiff was forced to file this Motion where Defendants flatly opposed the amendments.  (*Id*.)

## IV.
## ARGUMENT

Federal Rule of Civil Procedure ("FRCP") Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. However, the court should freely give leave when justice so requires." Fed. R. Civ. P. § 15(a)(2).  Historically, the Fifth Circuit has interpreted Rule 15(a) as "evincing a bias in favor of granting leave to amend." *J.R. Stripling v. Jordan Prod. Co., L.L.C.*, 234 F.3d 863, 872 (5th Cir. 2000); *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999).  Further, the district court is required to have a "substantial reason" to deny a request for leave to amend.  *Herrmann Holdings Ltd. v. Lucent Technologies Inc.,* 302 F.3d 552, 566 (5th Cir. 2002).

Under Fed. R. Civ. P. § 8, Plaintiff is permitted to plead alternative claims, even if they are inconsistent with each other. *Southwestern Bell Telephone Co. v. Fitch*, 643 F.Supp.2d 902, 908 (S.D. Tex. 2009); Fed. R. Civ. P. §§ 8(d), (e). "Until an action has actually reached the point of entering a judgment, Rule 8 allows a plaintiff to explore alternative, mutually exclusive theories." *Laurence v. Atzenhoffer Chevrolet*, 281 F.Supp.2d 898, 900 (S.D. Tex. 2003). Plaintiff may therefore plead alternative theories of recovery under Federal pleading standards.

In order to determine whether to authorize leave to amend a pleading, the Fifth Circuit looks at the following factors:  (1) undue delay or bad faith; (2) prejudice to the opposing party; and (3) futility of the proposed amendment.  *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Smith v. EMC Cor.,* 393 F .3d 590, 595 (5th Cir. 2004).  "In the

absence of any apparent or declared reason… the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis,* 371 U.S. 178, 182 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). As discussed below, the factors weigh in favor of permitting Chilly Dil to file a FAC.

### A. Chilly Dil Acted in Good Faith in Seeking Amendment.

A plaintiff acts in good faith in filing for leave to amend the complaint if a plaintiff does not use knowledge of facts to improperly acquire a tactical advantage. *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599 (5th Cir. 1981) Further, amendments later in the case do not necessarily show improper tactics. *Id.* In *Dussouy,* the court found that plaintiff acted in good faith and was obligated to have the opportunity to file its third amended complaint, even where it sought to submit the amendment one week prior to trial. *Id.* at 596. The court in *Dussouy* also found that plaintiff did not use knowledge of facts to acquire a tactical advantage even if plaintiff generally knew of these facts from the beginning of the case. *Id.*

Here, Chilly Dil acted in good faith in regards to this FAC. Chilly Dil's proposed amendment is sought as a result of newly developed theories and factual corroboration obtained in part from the deposition of Fuller. Here, the circumstances surrounding Chilly Dil's amendment are even more favorable than the circumstances in *Dussouy*, where the plaintiff had prior notice of the facts. In this case, Chilly Dil's discovery efforts were frustrated by Defendants' obstruction of discovery. (Steiner Dec., ¶¶ 5-8.) In addition, the Court has not ruled on Chilly Dil's pending Motion to Compel, leaving substantial discovery issues outstanding. (Dkt. No. 40.) Despite prevalent obstacles, Chilly Dil diligently sought discovery of relevant facts and now seeks amendment based on the testimony it obtained from the Fuller deposition. Chilly Dil has not acted in bad faith in seeking the amendment.

5

### B.
### Chilly Dil Seeks Amendment Without any Delay

Chilly Dil has not contributed any undue delay by seeking this amendment. To determine if there was undue delay, "the Court may properly consider (1) an 'unexplained delay' following an original complaint, and (2) whether the facts underlying the amended complaint were known to the party when the original complaint was filed." *Sabre, Inc. v. Lyn-Lea Travel Corp.,* No. CIV.A. 3:96-CV-2068R, 2003 WL 21339291, at *5 (N.D. Tex. June 5, 2003); See *Matter of Southmark Corp.,* 88 F.3d 311, 316 (5th Cir.1996). Further, delay must be "undue," not merely attributable to the age of the case. *See Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 599 (5th Cir.1981). "Amendment can be appropriate as late as trial or even after trial." *Id.* at 598 (5th Cir. 1981); See Fed. R. Civ. Pro. 15(b).

Here, there has been no delay. Chilly Dil has immediately moved to amend the complaint without delay following the Fuller deposition. The same factual situations underlie the proposed amendments, which is the addition of a new claim for recovery under breach of oral contract. Before the Fuller deposition, Plaintiff was unable to uncover all relevant information from Defendants, who have so far only produced "self-help" materials. Some factual developments uncovered in Fuller's deposition relate to a breach of oral contract claim, as explained in the FAC. Chilly Dil brings this Motion immediately and without any delay. Chilly Dil acted in good faith and timely moved for leave to amend.

### C.
### Chilly Dil's FAC Will Not Prejudice Defendants.

Defendants bear the burden of establishing that they will be prejudiced. *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 271 (5th Cir. 2010). In *Texas Capital Bank, N.A. v. First Am. Title Ins. Co.,* the court held that defendants were not prejudiced by granting leave to

6
MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND
THE COMPLAINT AND FILE FIRST AMENDED COMPLAINT

amend plaintiffs' complaint, which described new facts and added a legal claim. No. CIV.A. 3:09CV-661-H, 2010 WL 1904463, at *2 (W.D. Ky. May 11, 2010). Similarly here, Defendants are not prejudiced. The amendment is a new cause of action arising out of the same factual circumstances already alleged in the Complaint. (Complaint, ¶¶ 22-29.)

Although the breach of oral contract claim is based in part upon factual corroboration in Fuller's deposition, the claim itself makes arguments similar to the Complaint as a whole, and the underlying facts have already been pled. (Complaint, ¶¶ 22-29.) The facts here are more favorable than those in *Texas Capital Bank, N.A.*, where the court permitted amendment. Here, Chilly Dil's amendment to the complaint adds a new legal claim and relies on the same collection of facts already pled in the complaint. By granting leave to amend the complaint, Defendants will not suffer prejudice.

### D.

### Chilly Dil's Proposed Amendment States a Valid Claim Against Defendants.

"The Fifth Circuit has defined 'futility' to mean that the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC,* 234 F.3d 863, 873 (5th Cir.2000); *Freilich v. Green Energy Res., Inc.,* 297 F.R.D. 277, 281 (W.D. Tex. 2014). District courts in the Fifth Circuit are required to use the "same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* A 12(b)(6) motion to dismiss provides that the "plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Freilich v. Green Energy Res., Inc.*, 297 F.R.D. 277, 281-82 (W.D. Tex. 2014). Additionally, a claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Here, Chilly Dil's new legal claim of breach of oral contract is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). By analyzing the new cause of action under a 12(b)(6) legal standard, The FAC states that Chilly Dil, Trent Voigt, and JetPay LLC were parties to an oral agreement, breached by the latter. (Exhibit A, FAC ¶ 44; Complaint, ¶¶ 22-29.) The FAC states facts permitting the Court to reasonably infer Defendants are liable for the breach of the parties' oral agreement in relation to the per-transaction fees required by Chilly Dil. (FAC ¶ 50.) Chilly Dil states a cognizable claim against Defendants.

To the extent Defendants intend to challenge Chilly Dil's amended breach of oral contract claim for purportedly being distinct from its existing breach of written contract claims, Defendants' challenge would be of no moment. The facts were already pled in the original Complaint (Complaint, ¶¶ 22-29), and under Fed. R. Civ. P. § 8, Plaintiff is permitted to plead alternative claims, even if they are inconsistent with each other. *Southwestern Bell Telephone Co.*, *supra*, 643 F.Supp.2d at 908; Fed. R. Civ. P. §§ 8(d), (e). Plaintiff is bringing a new legal theory based on existing allegations. (Section IV(C), *supra*.) Accordingly, Chilly Dil is free to plead an alternative claim for breach of oral contract.

Furthermore, amendments permitting the addition of new legal theories are liberally permitted, and where the same sequence of facts underlies the new legal theory, amendment is not futile since the claims "relate back" to the original filing date. *See, e.g., EnerQuest Oil & Gas, LLC v. Plains Exploration & Production Co.*, 981 F.Supp.2d 575, 613-614 (WD Tex.

2013). The same parties and the same transactions or occurrences are at issue for the purposes of this amended cause of action. (Complaint, ¶¶ 22-29.) The amendment should be permitted.

In summary, given the absence of any substantial reason to deny leave to amend, the Court must grant Chilly Dil's Motion for Leave to File its FAC.

## V.
## CONCLUSION

For the reasons stated above, the Court should grant Chilly Dil's Motion for Leave to Amend the Complaint and to file its Proposed First Amended Complaint.

Respectfully submitted,

**David Steiner & Associates, PLC**

BY:       */s/David P. Steiner*
      David P. Steiner
      California Bar No. 64638
      dpsartnetlaw@gmail.com
      DAVID STEINER &
      ASSOCIATES, PLC
      1801 Century Park East, Suite 1600
      Los Angeles, CA 90067
      Telephone: (310) 557-8422
      Facsimile: (310) 556-0336
      Attorneys for Plaintiff

**LEHTOLA & CANNATTI PLLC**

BY:       */s/Patricia Beaujean Lehtola*
      Patricia Beaujean Lehtola
      State Bar No. 01997700
      plehtola@lc-lawfirm.com
      Phillip E. Cannatti
      State Bar No. 00793456
      pcannatti@lc-lawfirm.com
      Patrick C. Joost
      State Bar No. 24078759
      pjoost@lc-lawfirm.com

                                      LEHTOLA & CANNATTI PLLC
                                      5001 Spring Valley Road,
                                      Suite 400 East
                                      Dallas, Texas 75244
                                      (972) 383-1515 (Telephone)
                                      (866) 383-1507 (Facsimile)
                                      *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

       This is to certify that on October 19, 2015, the foregoing was served upon counsel of record in accordance with the Federal Rules of Civil Procedure as set forth below by U.S. Mail or electronic filing.

COOPER& SCULLY, P.C.
Timothy Micah Dortch
Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Tel.: 214/712-9501
Fax: 214/712-9540
**COUNSEL FOR DEFENDANTS**


                                        BY: */s/Eugene Rome*
                                                Eugene Rome