THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHILLY DIL CONSULTING INC., a Florida corporation, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 3:14-cv-02749-P |
| JETPAY ISO SERVICES, LLC, a Texas limited liability company; JETPAY, LLC, a Texas limited liability company; JETPAY CORPORATION, a Delaware corporation; and TRENT R VOIGT, an individual, | § § § § § § § | |
| Defendants. | § § | |

**DEFENDANTS' SUR-REPLY TO PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR SANCTIONS UNDER FRCP 37**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendants in the above-styled and numbered cause, file this Sur-reply to Plaintiff's Motion to Compel and Motion for Sanctions under FRCP 37, and respectfully allege the following:

**I.
INTRODUCTION**

Despite the Defendant's continued attempts to compromise through additional production and amended interrogatory responses, a majority of Plaintiff's Reply does not focus on documents that the Plaintiff actually needs or is lacking, but rather on an argument that the Defendant must conduct unnecessary work for no clear purpose other than to satisfy Plaintiff's counsel. This continued insistence on demanding unnecessary steps be taken is a waste of the Court's time and is causing an unnecessary increase in attorney's fees incurred by both parties.

To the extent the discovery requests are clarified, the Defendant has attempted to resolve the matters, but the Defendant should not be forced to pay unnecessary attorney's fees solely to comply with unnecessary requests.

## II.
## ARGUMENT AND AUTHORITIES

1. **PLAINTIFF ADMITS THAT IT HAS RECEIVED THE INFORMATION NECESSARY AND IS SIMPLY INSISTING ON CAUSING THE DEFENDANT TO DO ADDITIONAL UNNECESSARY WORK.**

Section A of Plaintiff's Reply simply repeats the prior arguments made by the Plaintiff without addressing the fact that the Plaintiff is actually trying to compel more than was originally requested in written discovery. Plaintiff has yet again failed to cite a single case that states that the response of "none" is unacceptable as a discovery response.

Plaintiff even admits that Defendant's response to Interrogatory No. 13 specifically addresses the issues it claims to have with Defendant's response to Interrogatory No. 9. This is because Interrogatory No. 13 is actually the question that Plaintiff appears to want answered. Yet despite having admitted it was provided the information it is seeking, the Plaintiff is still insisting that for some unknown reason the Defendant must amend its response to Interrogatory No. 9 to include information that was not requested and was actually provided in response to Interrogatory No. 13. This is a clear waste of the Defendant's time and the Court's time.

Additionally, Plaintiff again goes on to list other Requests for Production and Interrogatories that it claims are incomplete without explaining why they are incomplete. Since the Defendant believes it has fully responded to the discovery requests as phrased, it is impossible to determine what the Plaintiff is actually seeking from these requests without further explanation.

In Section C of the Reply, the Plaintiff addresses the issue related to how the documents were produced and again is simply attempting to insist that the Defendant's counsel conduct unnecessary work. The Plaintiff does not state that it is incapable of determining the responsive documents based on the 901 pages of documents provided or that the documents were produced in such a manner as to be incomprehensible. The majority of the case law cited by the Plaintiff deals with an extremely large production of documents that would justify the necessity for further clarification. In contrast, the documents produced by the Defendant do not reach the level of burdensome when it comes to understanding them. Additionally, the Plaintiff failed to comply with its own requests. The few documents that the Plaintiff has produced after the Defendant's Response to the Motion to Compel were not organized or indexed. There was no explanation as to whether they were kept in the ordinary course of business. Despite the Plaintiff's hypocritical actions, the Defendant has not insisted on amended responses to its Request for Production and instead has simply reviewed the documents to determine their applicability.

In Section E of the Reply, the Plaintiff again does not dispute that it has been provided with responsive documents. Instead it simply demands amended responses to Requests for Production to reflect that supplemental documents were produced. Again, the Plaintiff did not provide amended responses to Requests for Production when it produced documents and is simply acting hypocritically by demanding something of the Defendant that the Plaintiff is unwilling to do.

2.  **JETPAY CANNOT PRODUCE DOCUMENTS THAT DO NOT EXIST.**

Plaintiff argues that JetPay ISO has failed to produce documents regarding the corporate structure of the Defendants and the UK JetPay. JetPay, LLC is a publicly traded company and

all the records related to its corporate structure are available in the 10(k) filed with the SEC. Despite the fact that these records are readily available on the SEC's website, the Defendant will produce to the Plaintiff JetPay, LLC's 10(k) in an effort to compromise. Despite the overbroad nature of the actual Requests for Production, Plaintiff appears to be seeking documents to show a relationship between the Defendants and a non-party. The 10(k) clearly outlines any and all corporate entities that JetPay, LLC is linked to. Additionally, due to the fact that the UK JetPay is a completely separate entity, there are not any documents that would evidence a non-existent relationship.

3. **PLAINTIFF IS ATTEMPTING TO FORCE JETPAY TO LIE IN ITS DISCOVERY RESPONSES.**

Section D of the Plaintiff's Reply addresses one of the key questions of fact and law in this case. Specifically, does the unsigned Merchant Agreement qualify as a valid contract or simply a negotiation between the parties? Additionally, since JetPay ISO never actually provided any processing services to any merchant provided by Chilly Dil, there is a question as to whether there can be an implied business relationship between the parties. Defendant contends there is not a valid agreement and there is no relationship and Plaintiff disagrees. This issue is being presented to the Court in Defendants' Motion for Summary Judgment and is the entire reason for the lawsuit. Plaintiff may not like the Defendant's discovery responses, but that does not entitle the Plaintiff to insist that the Defendant lie about its understanding of the discussions related to the Merchant Agreement.

4. **PLAINTIFF HAS FAILED TO ESTABLISH THE RELEVANCY OF INTERROGATORY NO. 23.**

Plaintiff insists that Defendant's response to Interrogatory No. 6 is incomplete because it does not describe the processing solution procured for the Confidential Merchant and the terms

of the solutions. JetPay ISO did not ultimately find a solution for the Confidential Merchant. The solution was procured through the non-defendant entity, JetPay Solutions, LTD, which is not the same entity as any of the named Defendants. The amended response is clear about this fact and, therefore, the amended response to Interrogatory No. 6 is complete.

Regarding Interrogatory No. 23, Chilly Dil is arguing that it needs to know about unrelated merchants to determine the payments processed through the BIN that belong to the Confidential Merchant. Chilly Dil has been provided a report created by the Bank that shows the commissions for the Confidential Merchant directly. The other parties are redacted because they are irrelevant and confidential. Therefore, breaching the confidentiality related to other merchants is completely unnecessary and irrelevant to simply provide repetitive information to Chilly Dil.

5. **PLAINTIFF HAS NO BASIS TO REQUEST SANCTIONS AGAINST THE DEFENDANT.**

The Defendant produced the supplemental documents on the same day as the filing of the Motion to Compel and Motion for Sanctions. Prior to the filing of the Motion to Compel and Motion for Sanctions, the parties conferred regarding the discovery.

On May 21, 2015, the Defendants received the bullet point list from the Plaintiff of the documents that the Plaintiff specifically wanted. The Plaintiff did not state a specific date it would be filing the Motion to Compel and Motion for Sanctions. The Defendants' counsel notified the Defendants that same day and requested the supplemental documents. Had the Defendants been aware of a specific timeline, they would have notified the Plaintiff of the specific date when production was to occur. Plaintiff did not specify a date and did not inform the Defendants of its intent to file the Motion to Compel and Motion for Sanctions on June 17, 2015. While it is ironic that the filing occurred within less than an hour of the production, it is

clear from the fact that there was a production that the Defendant was attempting to work with the Plaintiff and respond to the Plaintiff's request. Defendant should not be sanctioned for attempting to work with the Plaintiff and for simply not being aware of a specific timeline that the Plaintiff never stated.

Additionally, the Plaintiff admits that it did not produce documents until nearly a month after it filed its Motion to Compel against the Defendant. The Plaintiff's actions continue to be hypocritical and the Defendant should not be sanctioned for something the Plaintiff is also doing.

## III.
## CONCLUSION

JetPay ISO has attempted to compromise with the Plaintiff and has provided the Plaintiff over 701 pages of additional documents. Plaintiff's Motion to Compel arguments are asking for documents outside the scope of what was actually requested and attempting to shift the burden onto the Defendant beyond what is allowed under the scope of the Federal Rules of Civil Procedure. Plaintiff is simply trying to push unnecessary issues and cause the Defendant to incur unnecessary attorney's fees.

Additionally, Plaintiff is asking for sanctions against the Defendant when Plaintiff's own refusal to be involved in the discovery process is egregious and the Defendant was clearly attempting to work with the Plaintiff. Based on the arguments above, the Plaintiff's Motion to Compel should be denied.

## IV.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendants request that the Court deny Plaintiff's Motion to Compel and Motion for Sanctions under FRCP 37, and such other and further relief to which Defendants may be entitled to at law and in equity.

Respectfully submitted,

BY: _____/s/ Timothy M. Dortch_____
  **TIMOTHY MICAH DORTCH**
  State Bar No. 24044981
  micah.dortch@cooperscully.com
  **R. BRENT COOPER**
  State Bar No. 04783250
  brent.cooper@cooperscully.com
  **LAUREN TOW**
  State Bar No. 24081179
  Lauren.Tow@cooperscully.com

**COOPER & SCULLY, P.C.**
Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Tel.: 214/712-9500
Fax: 214/712-9540

**COUNSEL FOR DEFENDANTS JETPAY ISO SERVICES, LLC; JETPAY, LLC; JETPAY CORPORATION; AND TRENT R. VOIGT**

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of Defendants' Sur-Reply to Plaintiff's Motion to Compel and Motion for Sanctions Under FRCP 37 to all counsel of record for all parties via ECF on the 11th day of August, 2015.

  _/s/ Timothy M. Dortch_____
  **TIMOTHY MICAH DORTCH**