**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CHILLY DIL CONSULTING, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CASE NO. 3:14-CV-2749-P-BK |
| | § | |
| **JETPAY ISO SERVICES, LLC;** | § | |
| **JETPAY, LLC; JETPAY CORP., and** | § | |
| **TRENT R. VOIGT,** | § | |
| **Defendants,** | § | |

**ORDER**

Pursuant to the District Judge's referral, Doc. 42, the Court now considers Plaintiff's *Motion to Compel and Motion for Sanctions*, Doc. 39. For the reasons that follow, Plaintiff's *Motion to Compel and Motion for Sanctions* is **GRANTED IN PART**.

**A.     Background**

Plaintiff alleges in its complaint that it has been involved in the e-commerce payment processing industry since 1999 and acts in the capacity as a "reseller." Doc. 1 at 2. Plaintiff avers that Defendant JetPay ISO is an independent sales organization or "processor" that markets services to online merchants who need help establishing a relationship with an acquirer bank which is a member of card associations such as Visa. Doc. 1 at 4. Once an online purchase is made, the online merchant electronically sends credit card data to the acquirer bank, which processes it and then distributes funds to the merchants and certain intermediaries while retaining a fee for itself. Doc. 1 at 4. Plaintiff's role in the market is to develop relationships with online merchants who it then refers to processors like JetPay ISO, thereby earning a commission. Doc. 1 at 5.

Plaintiff alleges that in September 2011, it entered into an agreement with JetPay ISO to assist the latter in (1) soliciting prospective merchants to apply to acquirer banks for processing agreements and (2) providing various merchant services to such banks. Doc. 1 at 5. Plaintiff avers that in 2013, it presented a large potential client (the "confidential merchant") to JetPay ISO and Voigt to discuss locating an acquirer bank. Doc. 1 at 5-6. Instead, Plaintiff claims, JetPay ISO and Voight cut Plaintiff out of the deal almost entirely and forced Plaintiff to sign a "referral fee" agreement under the threat of complete ouster despite the fact that the parties' September 2011 contract remained in effect. Doc. 1 at 7-10. Plaintiff then sued Defendants JetPay ISO, JetPay LLC, and Voigt for breach of contract and sued all Defendants for (1) money had and received; (2) tortious interference with an existing contract; (3) violation of the Texas Theft Liability Act; (4) negligence; and (5) an accounting. Doc. 1 at 10-15. Plaintiffs now move to compel JetPay ISO's responses to various requests for production and interrogatories. Doc. 39.

**B.   Applicable Law**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that unless the court otherwise orders, parties may obtain discovery regarding any relevant, non-privileged matter. The scope of allowable discovery is broad: "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). Relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

2

### C. Parties' Arguments and Analysis

*1. Request for Production Nos. 23, 28, 29, 34, 40, 42-45, and 47-50; Special Interrogatory Nos. 1, 2, 8-12,15, and 16*

Plaintiff objects to the fact that JetPay ISO's responses to these discovery requests consisted solely of the word "None," arguing that it is unclear whether no documents exist or whether the response pertains to another section of the interrogatory or request for production. [Doc. 40 at 7-8](). JetPay ISO responds that the answer "None" is appropriate where there is no responsive discovery, and it is not required to provide any supporting explanation. [Doc. 45 at 2-4](). Plaintiff replies that Rule 34 of the Federal Rules of Civil Procedure provides that for each request for production, "the response must either state that the inspection or related activities will be permitted as requested, or state an objection to the request, *including reasons*." [Doc. 53 at 5]() (emphasis in original). Plaintiff asserts that if JetPay ISO replies "None" to a document request, it must explain why it cannot produce the documents requested. [Doc. 53 at 5]().

Upon consideration, the Court finds Plaintiff's position to be meritless. Rule 34 only requires that a reason be given if there is an objection to the requested production. The response "None" clearly indicates that there is no responsive discovery, especially in light of the explanation given in response the motion to compel, and no further explanation is required or warranted. Plaintiff's motion is **DENIED** as to these discovery requests.

*2. Request for Production Nos. 35-39 and 41*

Plaintiff argues that these requests, which seek documents related to the corporate structures of JetPay ISO, the other JetPay defendants, and a non-party JetPay entity, are relevant because the complaint asserts that JetPay and JetPay, LLC are alter egos of one another and acted as a common enterprise in causing Plaintiff harm. [Doc. 40 at 8](). Defendants respond that

JetPay ISO recently produced 701 additional pages of responsive documents to Plaintiff. Doc. 45 at 4. However, Plaintiff insists that the documents are not responsive. Doc. 53 at 7.

Defendants state in their surreply that JetPay, LLC is a publicly traded company, and all the records related to its corporate structure are available in the Form 10-k filed with the Securities and Exchange Commission, which will be produced to Plaintiff. Doc. 62-1 at 4-5. While Plaintiff insists that JetPay ISO also possess Form 10-k's from 2012 and 2013, and internal documents showing the structure, ownership, dealings, agreements, and relationships between the various JetPay entities, the Court cannot make such a finding. Defendants' counsel has represented, as an officer of the court, that all responsive documents have been provided, and Plaintiff has adduced no evidence to the contrary. Accordingly, Plaintiff's motion is **DENIED** as to these discovery requests. Nevertheless, Defendants are reminded of a party's continuing obligation to supplement discovery responses pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, lest it face sanctions.

*3. Manner of Production of Documents*

Plaintiff next argues that JetPay ISO improperly produced documents that were not organized or labeled to correspond to the categories of documents requested. Doc. 40 at 9-10. Defendants respond that JetPay ISO permissibly produced the responsive documents as they were kept in the ordinary course of business. Doc. 45 at 4-5. Plaintiff replies that JetPay ISO has not met its burden of showing that it produced the total of 933 pages as they were maintained in the usual course of business. Doc. 53 at 8-10.

Rule 34(b)(2)(E)(i) of the Federal Rules of Civil Procedure permits the party responding to a request for production to either "produce documents as they are kept in the usual course of business" or "organize and label them to correspond to the categories in the request." Rule 34

was amended in 1980 to add this provision because of a concern that litigants were deliberately mixing critical documents with masses of other documents to hide their existence or obscure their significance.  *See Board of Education of Evanston Township High School Dist. No. 202 v. Admiral Heating & Ventilating, Inc.,* 104 F.R.D. 23, 36 (N.D. Ill. 1984); 8A C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure, § 2213, at 431 (2nd ed. 1994).

When a producing party chooses not to organize documents to correspond with categories in the request, it is that party's burden to demonstrate that the documents are produced as kept in the usual course of business.  *CooperVision, Inc. v. Ciba Vision Corp.*, 2007 WL 2264848, at *5 (E.D. Tex. 2007) (citing *Johnson v. Kraft Foods N. Am.*, 236 F.R.D. 535 (D. Kan. 2006)).  To carry its burden, the producing party must do more than merely represent to the court and the requesting party that the documents have been produced as they are maintained.  *See Johnson*, 236 F.R.D. at 540-41; *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 618 (D. Kan. 2005) (both holding that the mere assertion that documents were produced as kept in the ordinary course of business is insufficient to fulfill the requirements of the governing rule).

In this case, Defendants have not sustained their burden of demonstrating that JetPay ISO produced the 933 pages of documents at issue in the manner in which they were kept in the usual course of business.  Accordingly, Plaintiff's motion is **GRANTED** to that extent.  As the documents already have been provided, the easiest way for Defendants to comply with the "organize and label" requirement is for them to prepare an amended discovery response, identifying by bates number which of the previously produced documents are responsive to each request for production.  This also resolves Plaintiff's complaint that JetPay ISO has failed to delineate which documents are responsive to Request for Production Nos. 14 and 15.  Doc. 53 at

11.  Accordingly. JetPay ISO is ORDERED to submit an amended discovery response as outlined above to Plaintiff within 14 days of the date of this order.

*4. JetPay ISO's Allegedly Inconsistent Responses to Discovery*

Plaintiff next alleges that JetPay ISO has provided responses to requests for production and special interrogatories that are inconsistent with other documentation. Doc. 40 at 10. In particular, Plaintiff points out that, in its responses to Request for Production Nos. 1, 3, 4, 7-10 and Special Interrogatory Nos. 3 and 4, JetPay ISO denied the existence of a business relationship and agreement with Plaintiff, which conflicts with emails produced by JetPay ISO referring to such agreements and relationships. Doc. 40 at 10.

Defendants respond that although the parties negotiated a potential business transaction, it was never consummated, thus no business relationship was ever formed. Doc. 45 at 5-7. Moreover, Defendants point out, the issues of whether the unsigned 2011 merchant agreement qualifies as a valid contract and whether there was an implied business relationship between the parties are points that are hotly disputed. Doc. 62-1 at 5.

Upon consideration, the Court finds Defendants' argument to be well-founded. Defendants' pending summary judgment motion argues that there is no signed agreement between the parties and that there is no evidence that the parties intended to be bound by an unsigned agreement. Doc. 34-2 at 13; *see also* Doc. 37 at 9-10 (Plaintiff's response to summary judgment motion, arguing that Defendants consented to be bound by the unsigned merchant agreement). The Court cannot force JetPay ISO to change its discovery responses to conform to Plaintiff's views of the evidence. The emails to which Plaintiff refers as "conflicting" will be available as impeachment evidence at trial should the complaint survive summary judgment. Accordingly, Plaintiff's motion is **DENIED** as to these discovery requests.

*5. JetPay ISO's Allegedly Incomplete Document Production*

Plaintiff next argues that JetPay ISO has failed to produce (1) a "referral fee agreement"; (2) communications with Bank Frick and Co. AG or with any other bank or third-party; and (3) numerous communications between Plaintiff and Voight that are responsive to the requests at issue and which Plaintiff has produced to Defendants. Doc. 40 at 10-11. Defendants respond that they have provided a copy of the referral agreement to Plaintiff. Doc. 45 at 6. Given the lack of context Plaintiff provided, the Court cannot discern the relevance of communications with Bank Frick and Co. AG or other banks to this matter.

To the extent that Plaintiff is seeking production of documents that it already has custody of, such duplicate production is not warranted. Plaintiff's motion is thus **DENIED** as to these discovery requests. However, Defendants are advised that a responding party is required to produce all requested relevant, non-privileged documents or things in its "possession, custody, or control." FED. R. CIV. P. 34(a)(1); *see Shell Global Solutions (US) Inc. v. RMS Eng'g, Inc.*, No. 4:09-CV-3778, 2011 WL 3418396, at *2-5 (S.D. Tex. 2011) (delineating factors to be considered in determining a party's control over requested materials that are in the actual possession of a related entity: (1) commonality of ownership; (2) intermingling employees between the entities; (3) exchange of materials between the entities in the ordinary course of business; (4) any benefit or involvement of the nonparty in the transaction at issue or in the litigation).

*6. Special Interrogatory 6*

Special Interrogatory 6 requests, in relevant part, that JetPay ISO state "all facts regarding the process employed by you to find a processing solution for the confidential merchant." Doc. 41-1 at 20. "You" is defined as "JetPay ISO Services, LLC, a Texas limited liability company, and includes any of its divisions, subsidiaries, related parent and affiliated

companies, as well as all of their respective agents, current and former employees . . . representative[s], and anyone else acting on its behalf." Doc. 41-1 at 9.

JetPay ISO asserts that it has supplemented its response to this interrogatory, Doc. 45 at 7, but Plaintiff asserts that the supplement is incomplete because it does not describe the processing solution procured for the confidential merchant and the terms of that solution. Doc. 53 at 11. Defendants reply that JetPay ISO did not ultimately find a solution, which was instead procured through the non-defendant entity JetPay Solutions, Ltd. Doc. 62-1 at 5-6.

That the solution in question was ultimately procured by a non-party entity is not altogether material under Rule 33, which governs responses to interrogatories. The applicable rule requires that if a party is a business entity, the interrogatories must be answered "by any officer or agent, who must furnish the information *available to the party*." FED. R. CIV. P. 33(b)(1)(B). Moreover, Plaintiff defined "You" broadly in an obvious attempt to capture information available to all of the JetPay entities regardless of whether they were parties to this litigation. Although the relationship between Defendants and JetPay Solutions, Ltd. is not clear from the pleadings before the Court, it appears that there is some affiliation. Additionally, if information in JetPay Solutions, Ltd.'s possession is "available" to any of Defendants, it is discoverable. Accordingly, Plaintiff's motion is **GRANTED** to this extent.

*7. Special Interrogatory 23*

Special Interrogatory 23 requests that JetPay ISO identify any merchants, other than the confidential merchant, processing transactions through the "BIN [Bank Identification Number] employed by you or any of the Defendants in the course of provision of payment processing services to confidential merchant." Doc. 41-2 at 10. JetPay ISO initially responded with confidentiality concerns, Doc. 41-2 at 10, and now additionally claims that discovery related to

other, non-party merchants is not relevant. Doc. 45 at 8. Plaintiff replies that the information is relevant to damages because if other merchants are using the same BIN as the confidential merchant to process transactions, then Plaintiff needs to segregate those transactions. Doc. 53 at 11-12. JetPay, however, avers that Plaintiff was provided with a report created by the bank that shows the commissions for the confidential merchant directly and redacts other merchant information. Upon consideration, the Court finds Defendants' position to be better taken. Plaintiff's motion is **DENIED** in this regard.

    *8. Sanctions*

Plaintiff asserts that JetPay ISO's failure to supplement its discovery responses and produce additional documents demonstrates JetPay ISO's intent to obstruct the discovery process and, as such JetPay ISO should be ordered to pay Plaintiff's attorneys' fees incurred in filing the instant motion. Doc. 40 at 17. Defendants note that, in response to the parties' meet and confer process, JetPay ISO produced an additional 700 documents, demonstrating that Defendants are not obstructing discovery. Doc. 45 at 8-9.

    Rule 37(a)(5) of the Federal Rules of Civil Procedure requires the non-movant and/or his or her attorney to pay the movant's reasonable expenses incurred in filing a motion to compel, including attorney's fees, if the motion is granted. FED. R. CIV. P. 37(a)(5)(A). However, such payment is not warranted if the non-movant was substantially justified in its nondisclosure, response, or objection or if other circumstances which would make an award of expenses unjust. *Id.* Upon consideration, the Court does not believe that JetPay ISO's objections were substantially unjustified based on the Court's findings and determination of the relative merits of the parties' positions. FED. R. CIV. P. 37(a)(5)(A)(ii). Accordingly, an award of attorneys' fees to Plaintiff is not merited in this case.

9

**D. Conclusion**

For the reasons stated above, Plaintiff's *Motion to Compel and Motion for Sanctions*, Doc. 39, is **GRANTED IN PART**. Defendants are **ORDERED** to comply with Plaintiff's discovery requests to the extent stated herein by no later than **January 4, 2016**.

**SO ORDERED** on December 21, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE