THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CHILLY DIL CONSULTING INC.,** a Florida corporation, | § § § |
| **Plaintiff,** | § § |
| V. | § § **CIVIL ACTION NO. 3:14-cv-02749-N** |
| **JETPAY ISO SERVICES, LLC,** a Texas limited liability company; **JETPAY, LLC,** a Texas limited liability company; **JETPAY CORPORATION,** a Delaware corporation; and **TRENT R. VOIGT,** an individual, | § § § § § § § |
| **Defendants.** | § § |

**INTERESTED PARTIES' REPLY IN FURTHER SUPPORT OF EMERGENCY MOTION TO INTERVENE AND SEAL DOCUMENTS**

Non-parties Backpage, LLC ("Backpage"),[1] Payment Solutions, B.V., Adtech, B.V., Ad Reputation Solutions, B.V., and Carl Ferrer (collectively, the "Interested Parties") file this Reply in further support of their Motion to Intervene and Seal Documents, seeking leave to intervene for the limited purpose of filing briefs in opposition to Plaintiff's Emergency Motion for leave to file an amended complaint. The Interested Parties would further show the Court as follows:

**I.   SUMMARY OF THE REPLY**

It is an esoteric argument that Plaintiff makes in its response and, ultimately, an unpersuasive one. The first proposition is that a party may never oppose being joined into an existing lawsuit until after it has already been joined. And the second is that Interested Parties should not be heard with respect to Plaintiff's attempted public filing of confidential information

---

[1] Backpage is incorrectly named in Plaintiff's Motion and its supporting documents as Backpage, LLC. Backpage's correct legal name is Backpage.com LLC. *See* Ferrer Decl. n.1

-1-

and unfounded allegations that are demonstrably capable of causing great harm to them. Indeed, Plaintiff's argument fails a simple common sense test. It offers, in essence, that once the damage has already been done, then at that point, Interested Parties have a right to assert a defense, but no sooner. Naturally, Plaintiff prefers adversaries restrained from fighting back—at least until after Plaintiff has had the opportunity to land a few unanswered blows. However, the rules for intervention are designed to obviate this exact scenario.

The Interested Parties have not sought to intervene in this case for any purpose other than, in the end, to avoid being brought into this case at all. Thus, the requested intervention is about as limited an intervention as can possibly be conceived. The Interested Parties do not seek to litigate any issues with Plaintiff other than the issue of the Plaintiff including Interested Parties in the pending action and the method by which Plaintiff seeks to do so. If the Court grants Interested Parties' motion, and they are heard and prevail on opposition to being joined, Plaintiff will then presumably be relieved of any further involvement in this action from the Interested Parties. If the Interested Parties are heard and do not prevail, then Plaintiff will get what it wants, which is an expansion and inevitable delay of this lawsuit with the Interested Parties in it. The only disadvantage accruing to Plaintiff by way of intervention is that the Interested Parties may be allowed a say in whether Plaintiff gets what it wants, rather than be forced to passively wait for and be subject to whatever happens next.

The Interested Parties are not attempting to enjoin Plaintiff from asserting its legal rights. Plaintiff's Response articulates the very obvious—that it may initate a new lawsuit against the Interested Parties and it may state anything it desires in such a hypothetical action, subject to certain restrictions on divulging confidential information. However, Plaintiff desires that the Interested Parties be enmeshed in this litigation, not a separate case, and thereby it seeks to

effectively reset this lawsuit—which has been ongoing for two years—back to the same stage as if it were a newly-filed case. Because Plaintiff must seek obtain leave from the Court to proceed this way, there is no harm in allowing the Interested Parties to be heard on the matter, particulary in consideration of the fact that the Interested Parties are the ostensible target of Plaintiff's motion.

## II.     ARGUMENT AND AUTHORITIES

### A.     The Interested Parties' Right to Intervene Has Not Been Substantively Challenged

In its Response, Plaintiff bypasses the facts establishing the Interested Parties' right to intervene now: (1) their application is timely, (2) they have interests that are the subject of this action, (3) their interests may be impaired or impeded, and (4) their interests are not adequately represented by a current party. *See* FED. R. CIV. P. 24(a); *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001); *Keith v. George Packing Co., Inc.,* 806 F.2d 525, 526 (5th Cir.1986).

Because no plausible argument can be made against these points, Plaintiff, instead, argues that the matter is not "ripe" for intervention because a party cannot intervene to avoid its own inclusion in an existing lawsuit. Plaintiff offers no authority for this proposition. But the Interested Parties have shown that courts have accepted intervention under similar circumstances. *See VFD Consulting, Inc. v. 21st Servs., 21st Holdings, LLC,* 2005 WL 1115870, at *4 (N.D. Cal. May 11, 2005) (finding that non-party established intervention under the permissive intervention rule, and as a matter of right, in opposing a motion to join it as a defendant). Moreover, as Plaintiff's views it, the question of the Interested Parties' involvement in this case is not an "if" but a "when." It is not as if the Interested Parties are trying to inject themselves in a lawsuit for which Plaintiff is trying to keep them out. Plaintiff's is argument that the Interested Parties' right to assert their position on inclusion <u>in this lawsuit</u> is one that only

arises after they are served with process. Such a procedure would be wastefully inefficient and needlessly dilatory on its face. It also lacks any objectively coherent rationale.

Although a non-party's intervention for purposes of opposing a motion is not common, it is hardly unprecedented as Plaintiff contends. "[I]t is well-established that a non-party may intervene for the limited purpose of opposing a motion[.]" *VFD Consulting,* 2005 WL 1115870 at *4 (citing *LG Electronics Inc. v. Q-Lity Computer*, 211 F.R.D. 360, 366 (N.D. Cal. 2002); *see also In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 3957251, at *1 n.2 (N.D. Cal. Sept. 7, 2011) (granting motion to intervene by three putative defendants for purposes of opposing plaintiff's motion to file amended complaint against them). By contrast, Plaintiff has not offered any authority, nor any persuasive reasoning, as to why the Interested Parties are barred from being heard simply because the motion at issue concerns whether they will be joined as defendants in this action. Because intervention by non-parties to oppose a motion is an accepted practice, the only question is whether the Interested Parties have met the applicable standards under Rule 24(a) or 24(b)—and Plaintiff has offered nothing to negate the Interested Parties' showing.

**B.**   **Sealing Is Necessary to Protect Backpage's Confidential and Trade Secret Information and Its Competitive Standing**

Plaintiff's argument against the seal of Plaintiff's motion and attachments, and assertion that no "confidential information" is revealed, is belied first by the fact that Plaintiff has, for two years, prosecuted this action by referring to Backpage in public filings only as the "Confidential Merchant." It is self-evident that Plaintiff has long recognized that Backpage's identity and its business relationships with the existing parties and others is an interest worthy of protection, whether as a result of common law duties or contractual ones. Moreover, Plaintiff has not argued that its past references to Backpage as a "Confidential Merchant" has impaired or impeded its

ability to prosecute this case. Plaintiff argues that it "must be able to name the defendants against whom it is stating its claim." This argument is an obvious non-sequitur. The Interested Parties have not sought an order that they be permitted to proceed in this action anonymously; rather, the Interested Parties have opposed their inclusion in this case at all. And, furthermore, have asked that the pleadings related to the determination of the issue of their inclusion in the case be sealed. Plaintiff is in no way prevented from identifying the potential defendants simply because documents may be sealed and offers no explanation in support of such an argument.

Perplexingly, Plaintiff attempts to argue against sealing of its pleadings by offering that Backpage's "financial relationships are disclosed, among other places, in an order denying a motion for preliminary injunction issued in *Backpage.com LLC v. Dart*, Case No. 1:15-cv-06340, United States District Court, Northern District of Illinois, which is available publicly online." Plaintiff's use of this opinion as support is highly ironic for multiple reasons, including (1) the only specific "financial relationships" disclosed in the opinion are those with the now-terminated credit card associations, *e.g.*, Visa and Mastercard; (2) that court's Opinion may be "publicly available online" but it is heavily redacted;[2] (3) the case was an example of one where Backpage's rights were vindicated (the preliminary injunction denied by the trial court was awarded by the Seventh Circuit), yet the publicity associated with the litigation had crippling business side effects—including the impairment of business relationships addressed in the opinion itself.[3] Plaintiff has simply reinforced the veracity of an argument that the Interested Parties have already made by pointing to the record of another lawsuit.

Moreover, Plaintiff cannot connect any information disclosed in the *Dart* opinion with any information sought to be sealed in this case. Mentioned nowhere in the redacted *Dart*

---

[2] *See Backpage.com LLC v. Dart*, Case No. 1:15-cv-06340, Redacted Memorandum Opinion and Order, Dkt. No. 63 (N.D. Ill. *entered* Aug. 24, 2015).
[3] *See* Dkt. No. 103 at 4, Ferrer Decl. ¶5-6.

opinion is any reference to "JetPay," "Chilly Dil," any of the Interested Parties other than Backpage, nor is there any reference to business relationships with specific financial institutions other than the already-terminated credit card associations. In short, Plaintiff's argument that the information at issue is already "publicly available" is unsupported and lacks any merit.

Finally, Plaintiff's focus on the publicly available nature of the "identities and relationships between the Moving Parties" completely misses (or avoids) the point of the Interested Parties' motion to seal. The purpose of the motion is not to shield the identity and relationships <u>between</u> the Interested Parties; it is to shield non-public information pertaining to the Interested Parties' relationships with the existing Parties to this action, as well as the other non-Parties mentioned in Plaintiff's pleadings with whom the Interested Parties have ongoing business and financial relationships. The best Plaintiff was able to come up with as support for information being publicly available is a speculative, conclusory argument that if a customer initiated a chargeback, he or she would be placed into contact with JetPay. Even if this were so, such a procedure is hardly akin to "publicly availability" of all information identified in Plaintiff's pleadings, insofar as this process (1) would not be available to any person who was not already a customer; and (2) it concerns only the relationship between Backpage and JetPay, and not any other business or financial relationship.

Plaintiff has not argued that those other relationships are a matter of public knowledge nor offered evidence or argument that their public disclosure will not have a harmful effect. Indeed, as noted above, Plaintiff has affirmatively taken steps to maintain the confidentiality of that information during the pendency of this litigation, at least to date. However, now that Plaintiff wants to sue the Interested Parties, Plaintiff clearly wants to make everything public. From Interested Parties' perspective, this desire not appear to be driven by a concern for the

130952241.2

"public's interest" in the obscure details of this case but, rather, a goal of imposing the maximum negative external pressure on the Interested Parties such that they will be impelled to bend to Plaintiff's will. Safeguarding against that objective is reason enough to maintain the information under seal

### III.  CONCLUSION

For the foregoing reasons, the Interested Parties respectfully requests that the Motion to Intervene and Seal be granted.

Dated: June 15, 2016

Respectfully Submitted,

*/s/ Ann Marie Painter*
Ann Marie Painter
Texas Bar No. 00784715
AMPainter@perkinscoie.com
Jason R. Elliott
Texas Bar No. 24050558
jelliott@perkinscoie.com
Lauren M. Kulpa
Texas Bar No. 24097961
lkulpa@perkinscoie.com

PERKINS COIE LLP
500 N. Akard St., Suite 3300
Dallas, Texas  75201
Telephone:  214.965.7700
Facsimile:  214.965.7773

ATTORNEYS FOR INTERESTED PARTIES

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing to all counsel of record for all parties via the Court's CM/ECF system on the 15th day of June, 2016.

*/s/ Ann Marie Painter*
Ann Marie Painter