THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHILLY DIL CONSULTING INC., a Florida corporation, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:14-cv-02749-P |
| JETPAY ISO SERVICES, LLC, a Texas limited liability company; JETPAY, LLC, a Texas limited liability company; JETPAY CORPORATION, a Delaware corporation; and TRENT R. VOIGT, an individual, | § § § § § § § | |
| Defendants. | § | |

**DEFENDANTS' REPORT REGARDING SETTLEMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Defendants JetPay ISO Services, LLC, JetPay, LLC, JetPay Corporation, and Trent R. Voigt, and, in accordance with the Court's Scheduling Order, file Defendants' Report Regarding Settlement and respectfully show the Court as follows:

**I.**

Counsel for the parties have engaged in good-faith efforts to discuss the claims and potential for settlement. To date, Plaintiff has made a written demand to the Defendants. Defendants have also requested that the parties in enter into a mediation in order to continue the settlement discussions.

Defendants are requesting that the Court enter an order requiring the parties to attend mediation or a Court ordered settlement conference before a magistrate judge. Plaintiff opposes

mediation until the Court enters an order on Plaintiff's motion for leave to amend and Plaintiff's motion to compel. Defendants contend that an order on the Plaintiff's pending motions is not necessary prior to mediation for the following reasons. First, Defendants note that the current litigation has gone on for approximately two (2) years with no prior mediation between the parties. Defendants are opposed to the Motion for Leave to Amend, because it would severely prejudice Defendants causing them to incur additional litigations costs in order to, in essence, restart the discovery process with the proposed New Defendants. Refusal by the Plaintiff to even consider attending mediation with current Defendants is another example of the delay and prejudice that the current Defendants face with the Motion for Leave to Amend. Additionally, a settlement with the current Defendants would not preclude the Plaintiff from filing a separate lawsuit against the proposed New Defendants. Finally, while the proposed New Defendants are not parties in this litigation, the current Defendants have no objection to the proposed New Defendants attending any mediation if they want to participate.

Secondly, Defendants strongly dispute the Plaintiff's position regarding the Motion to Compel. Defendants note that the Plaintiff was able to make an initial written demand to the Defendants, which required the Plaintiff to quantify what it contends is its damages. Defendants contend there are no damages, because Plaintiff has already been paid its commission through the UK JetPay company. Additionally, Defendants contend that the documents provided by the third party to the Plaintiff do provide the relevant information and the Motion to Compel is simply a fishing expedition.

Finally, the Defendants contend that the Plaintiff's refusal to mediate is unnecessarily delaying the litigation. While the Defendants believe a mediation may be fruitful, even if it is not, it does not preclude the parties from continuing settlement discussions at a later date.

Respectfully submitted,


BY:_____ */s/ Timothy M. Dortch*_____
       **TIMOTHY MICAH DORTCH**
       State Bar No. 24044981
       micah.dortch@cooperscully.com
       **R. BRENT COOPER**
       State Bar No. 04783250
       brent.cooper@cooperscully.com
       **LAUREN TOW**
       State Bar No. 24081179
       Lauren.Tow@cooperscully.com

**COOPER & SCULLY, P.C.**
Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Tel.: 214/712-9501
Fax: 214/712-9540

**COUNSEL FOR DEFENDANTS JETPAY ISO SERVICES, LLC; JETPAY, LLC; JETPAY CORPORATION; AND TRENT R. VOIGT**


## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of June, 2016, a true and correct copy of the foregoing document was electronically filed in accordance with the ECF guidelines for the United States District Court, Northern District of Texas. The ECF system sent a "Notice of Electronic Filing" and served a copy of the foregoing document on all counsel of record.


*/s/ Lauren Tow*_____
LAUREN TOW