THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHILLY DIL CONSULTING INC., a Florida corporation, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 3:14-cv-02749-P |
| JETPAY ISO SERVICES, LLC, a Texas limited liability company; JETPAY, LLC, a Texas limited liability company; JETPAY CORPORATION, a Delaware corporation; and TRENT R. VOIGT, an individual, | § § § § § § § | |
| Defendants. | § | |

**BRIEF IN SUPPORT OF DEFENDANTS' EMERGENCY
MOTION FOR EXTENSION OF TIME**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW** Defendants, JetPay ISO Services, LLC, JetPay, LLC, JetPay Corporation and Trent R. Voigt (hereinafter "Defendants"), in the above-entitled and numbered cause, and hereby file this Defendants' Emergency Motion for Extension of Time, and in support thereof would respectfully show as follows:

1.  Defendants submit this Motion and Brief in Support on an emergency basis in order to immediately address the scheduling issues resulting from the fast approaching deadline.

2.  Defendants request this Court for an order to extend the deadline nine (9) days to file all dispositive motions and motions to exclude or objections to expert witnesses.

3.  This Court entered an Amended Scheduling Order on November 5, 2015, setting the deadline to file all dispositive motions and motions to exclude or objections to expert witnesses as July 6, 2016. (Doc. No. 88)

D/948495v1

4. Defendants request that the deadline be extended from July 6, 2016 to July 15, 2016.

5. Federal Rule of Civil Procedure 6(b)(1)(B) allows a court to modify a pretrial order to extend time for good cause. Trial courts have broad discretion to modify pretrial orders issued under Fed. R. Civ. P. 16. *Geiserman v. MacDonald*, 893 F.2d 787,790 (5th Cir. 1990). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) (citations omitted).

6. Additionally, "although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id*.

7. Defendants have good cause to seek an extension. Defendant Trent Voigt is currently out of the country in the United Kingdom. (App. 1-2)  Mr. Voigt is Defendants' designated expert, as well as a party in the litigation. *Id.*  Mr. Voigt needs to provide relevant information related to the Defendants' motions regarding exclusion of experts and expert testimony.  *Id.*  Mr. Voigt also needs to sign a Declaration for Defendants' Motion for Summary Judgment regarding the current live pleading. Mr. Voigt's absence from the country has made communication extremely difficult.  *Id.*  The Defendants are diligently seeking to gather the relevant information, but in an abudance of caution the Defendants are requesting a nine (9) day extension to the deadline to file all dispositive motions and motions to exclude or objections to expert witnesses. *Id.*

8. The extension sought by Defendants is minor, merely nine (9) days. All deadlines regarding discovery and similar matters have already passed.  The next deadline in the scheduling order is not until September 19, 2016 when the parties must file a Joint Pretrial Order.

D/948495v1

Moving the deadline to file dispositive motions and expert motions will not delay that September 19, 2016 deadline, nor will moving the deadline back nine (9) days cause the Plaintiff to incur any additional attorney's fees or costs. As such, Plaintiff will not be prejudiced in any way by the extension.

## CERTIFICATE OF CONFERENCE

Counsel for Defendants and counsel for Plaintiff have personally conducted a conference regarding the issues raised in Defendants' Emergency Motion for Extension of Time and despite best efforts, counsel for Plaintiff is opposed to the motion.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that this Emergency Motion for Extension of Time be granted, and for all such other and further relief to which they may be justly entitled.

Respectfully submitted,

BY:  */s/ Lauren Tow*

**TIMOTHY MICAH DORTCH**
State Bar No. 24044981
micah.dortch@cooperscully.com
**R. BRENT COOPER**
State Bar No. 04783250
brent.cooper@cooperscully.com
**LAUREN TOW**
State Bar No. 24081179
Lauren.Tow@cooperscully.com

**COOPER & SCULLY, P.C.**
Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Tel.: 214/712-9501
Fax: 214/712-9540
**COUNSEL FOR DEFENDANTS**

D/948495v1

## CERTIFICATE OF SERVICE

    I hereby certify that I served a true and correct copy of Defendants' Emergency Motion to Extend Time to all counsel of record for all parties via ECF on the 5th day of July, 2016.

                                        */s/ Lauren Tow*
                                        **LAUREN TOW**