THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHILLY DIL CONSULTING INC.**, a Florida corporation, | § § § § | |
| **Plaintiff,** | § § | |
| V. | § § | **CIVIL ACTION NO. 3:14-cv-02749-P** |
| **JETPAY ISO SERVICES, LLC**, a Texas limited liability company; **JETPAY, LLC**, a Texas limited liability company; **JETPAY CORPORATION**, a Delaware corporation; and **TRENT R VOIGT**, an individual, | § § § § § § § | |
| **Defendants.** | § | |

**PLAINTIFF'S *EMERGENCY* MOTION TO STAY ALL DEADLINES RELATED TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO EXCLUDE EXPERT TESTIMONY AND NEW EVIDNCE OF DAMAGES PENDING THE COURT'S RULING ON PLAINTIFF'S *EMERGENCY* MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff Chilly Dil Consulting, Inc. ("Plaintiff" or "Chilly Dil") hereby files this Emergency Motion to Stay All Deadlines Related to Defendants' Motion for Summary Judgment (Dkt. No. 127) and Motion to Exclude Expert Testimony and New Evidence of Damages (Dkt. No. 126) Pending the Court's Ruling on Plaintiff's Emergency Motion for Leave to File Second Amended Complaint (Dkt. No. 100) ("Motion to Stay"), and states as follows:

1. On May 6, 2016, Plaintiff filed their Emergency Motion for Leave to File Second Amended Complaint AND to Extend Scheduling Order Deadlines ("Emergency Motion"). The Emergency Motion was brought to add a new defendant to the acton, Backpage.com, LLC, its related entities, and Carl Ferrer (collectively, "Proposed Defendants"); claims of money had and received, violations of the Texas Theft Liability Act, fraud, tortious interference with an existing contract, and breach of contract against the Proposed Defendants; and to add a new claim for fraud against Defendants JetPay ISO Services, LLC, JetPay, LLC, JetPay Corporation, and Trent Voigt (collectively, "Defendants").

2. Plaintiff brought the Emergency Motion shortly after discovering the basis of Plaintiff's claims against the Proposed Defendants and after learning that Defendants not only committed fraud upon Plaintiff but upon this Court as well.

3. Plaintiff's Emergency Motion was brought on an emergency basis because the trial date and trial related deadlines, including the deadline to complete discovery, were fast approaching, and a ruling may not have been issued in time before the deadlines with a regularly scheduled motion. Plaintiff requested in the Emergency Motion that the Court extend the deadlines set forth in the Amended Scheduling Order. (*See* Dkt. No. 88.)

2

4. Plaintiff's Emergency Motion is fully briefed and is pending before the Court. Since the filing of Plaintiff's Emergency Motion, at least two deadlines set forth in the Amended Scheduling Order have passed, including the deadline to complete discovery.

5. On July 6, 2016, Defendants filed their Motion for Summary Judgment ("MSJ") and Motion to Exclude Expert Testimony and New Evidence of Damages ("Motion to Exclude").

6. Plaintiff now brings this Motion to Stay all deadlines related to Defendants' MSJ and Motion to Exclude as (1) should the Court grant Plaintiff's Emergency Motion, the MSJ will become moot as a result of the filing of the Second Amended Complaint and Plaintiff will have expended extensive unnecessary resources and attorneys' fees in the preparation of an opposition the MSJ; (2) due to Defendants' fraudulent concealment of evidence related to Plaintiff's damages during the course of this litigation, Plaintiff has not been able to meaningfully take the depositions of any of the Defendants, and therefore cannot properly present the evidence necessary to oppose the MSJ; (3) due to Defendants' concealment of evidence, Plaintiff's expert could not properly evaluate Plaintiff's damages, preventing Plaintiff from effectively opposing the Motion to Exclude; (4) although Defendants' filed their Emergency Motion one month before the deadline to complete discovery, the Emergency Motion had not yet been ruled upon by the Court when that deadline passed, thereby preventing Plaintiff from now taking Defendants' deposition and conducting further discovery; and (6) Plaintiff will be greatly prejudiced if the Court does not grant the Motion to Stay as Plaintiff will be forced to oppose the MSJ and Motion to Exclude without having taking Defendants' depositions.

**CERTIFICATE OF CONFERENCE**

7.     On July 8, 2016, Plaintiff's attorney, Eugene Rome, wrote to Defendants' attorneys, Lauren Tow and Micah Dortch to inquire whether Defendants would stipulate to the proposed relief.  Plaintiff's request was opposed on the grounds that Plaintiff could have deposed the deponents proposed below earlier.  Defendants miss the point.  While the opportunity to depose was available, Defendants' deliberate concealment of documents and steadfast failure to produce same would have prevented Plaintiff from conducting a meaningful deposition as to specific transactions and processing activity detailed in the SAC before receiving the necessary information in discovery.  Of course, at this juncture, given the filing of yet another MSJ, Plaintiff requires the depositions, even absent the identified concealed information, to marshal the evidence necessary to oppose the MSJ and challenge the effort to exclude further evidence of damages.

**ARGUMENT &AUTHORITY**

8.     The Supreme Court and the Fifth Circuit have long held that "a district court possesses inherent power to control its docket." *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 218 (5th Cir. 1998); *see Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) (acknowledging "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants").

9.     Defendants' MSJ is based upon the First Amended Complaint.  The Emergency Motion seeks to file a Second Amended Complaint to add new claims and defendants.  If the Court grants Plaintiff's Emergency Motion, the MSJ will be rendered moot and Plaintiff will have been forced to expend extensive unnecessary fees and costs in opposing the MSJ.  Since the MSJ is tied to a complaint that may become moot, Plaintiff requests that the deadlines related to

4

the MSJ be stayed until after the Emergency Motion is ruled upon so as to conserve judicial resources and prevent unnecessary expenditure of attorney fees.

10. Since the filing of the Emergency Motion, the deadline to complete discovery has passed. If the Court does not grant the Motion to Stay, Plaintiff will be severely prejudiced because Defendants will have been allowed to file an MSJ to their benefit without Plaintiff having fully completed discovery in this action, including taking Defendants' depositions. This prejudice is underscored by the fact that much of Plaintiff's inability to complete discovery by the completion deadline is due to Defendants' unethical and deceptive litigation practices which are specified in the Emergency Motion. As detailed in Plaintiff's Emergency Motion, Defendants made knowing misrepresentations to Plaintiff in their Responses to Interrogatories and Requests for Document Production, including the concealment of critically relevant documents, and again repeated these misrepresentations to the Court in their Opposition to Motion to Compel and their Motion for Summary Judgment. (*See* Dkt. Nos. 34, 45, 100.) The Court relied on the Defendants' factual misrepresentations to deny much of Plaintiff's Motion to Compel that prevented Plaintiff from obtaining further information and documents from Defendants related to Plaintiff's discovery requests for almost a year. [1] (*See* Dkt. No. 92.) As result of Defendants' concealment of documents related to Plaintiff's damages, Plaintiff has not been able to meaningfully take the depositions of Defendants earlier.

11. Plaintiff brought its Emergency Motion four weeks before the deadline to complete discovery, shortly after it learned of Defendants' concealment. Plaintiff made every effort to protect its interests by filing the Emergency Motion without delay and in advance of the discovery completion deadline. Yet, to date, the Emergency Motion has not been adjudicated.

---

[1] Plaintiff brought its Motion to Compel on June 17, 2015. (Dkt. No. 39.) The Court entered its ruling on the Motion to Compel on December 21, 2015. (Dkt. No. 92.)

5

12.     Because of Defendants' fraudulent concealment, Plaintiff were prevented from marshalling all the necessary evidence – including the taking of Defendants' depositions – before the discovery completion deadline in order to effectively oppose Defendants' MSJ.  Similarly, Defendants' concealment prevented Plaintiff's expert from fully evaluating Plaintiff's damages, thereby preventing Plaintiff from properly opposing Defendants' Motion to Exclude.   As such, if the Motion to Stay is not granted, Defendants will be rewarded for its fraud and unethical and obstructive litigation practices, while Plaintiff, the victim of such fraud, will be greatly prejudiced.  Such an outcome would invite error.

13.     Alternative to staying the MSJ-related deadlines, Plaintiff request that the Court order Defendants to produce for deposition on July 18, 2016, in a place to be determined by Plaintiff in Dallas, Texas, (1) Persons Most Knowledgeable of the JetPay entity defendants; (2) Trent Voigt; (3) Jeffry A. Beene, Senior Vice President Risk Management at JetPay; and (4) Dave Chester, the JetPay entity defendants' former Chief Operations Officer.  At minimum, Plaintiff should be allowed to depose defendants to this suit before being required to file an opposition to the MSJ.

14.     This case is precisely the type of matter in which the Court should exercise its inherent discretion to stay discovery and other related matters.  If Plaintiff's Emergency Motion is granted, the parties will have wasted valuable time and resources addressing Defendants' MSJ.  Moreover, if the Motion to Stay is not granted, Defendants will have been rewarded for their fraudulent concealment of documents relevant to Defendants' damages and their intentional misrepresentations to the Court, as Plaintiff was resultantly prevented from having access to such information and documents for over a year and therefore was unable to meaningfully take the depositions of Defendants prior to the discovery completion deadline.  This inability prevents

Plaintiff from effectively opposing the MSJ and Motion to Exclude. Moreover, Plaintiff took the necessary steps to seek the Court's assistance by filing the Emergency Motion four weeks in advance of that deadline seeking to extend the Amended Scheduling Order deadlines and to add new claims that it recently discovered.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the Motion to Stay, or alternatively order Defendants to produce the persons set forth above for deposition on July 18, 2016.

Respectfully submitted,

**ROME & ASSOCIATES, APC**

BY:      */s/Eugene Rome*
         Eugene Rome
         California Bar No. 232780
         Erome@romeandassociates.com
         ROME & ASSOCIATES, A.P.C.
         2029 Century Park East, Suite 450
         Los Angeles, CA 90067
         Telephone: (310) 282-0690
         Facsimile: (310) 282-0691

*Attorneys for Plaintiff*

**LEHTOLA & CANNATTI PLLC**

BY:      */s/Patricia Beaujean Lehtola*
         Patricia Beaujean Lehtola
         State Bar No. 01997700
         plehtola@lc-lawfirm.com
         Phillip E. Cannatti
         State Bar No. 00793456
         pcannatti@lc-lawfirm.com
         Patrick C. Joost
         State Bar No. 24078759
         pjoost@lc-lawfirm.com
         LEHTOLA & CANNATTI PLLC
         5001 Spring Valley Road,
         Suite 400 East
         Dallas, Texas 75244

               (972) 383-1515 (Telephone)
               (866) 383-1507 (Facsimile)

               *Attorneys for Plaintiff*

8

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of **PLAINTIFF'S *EMERGENCY* MOTION TO STAY ALL DEADLINES RELATED TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO EXCLUDE EXPERT TESTIMONY AND NEW EVIDNCE OF DAMAGES PENDING THE COURT'S RULING ON PLAINTIFF'S *EMERGENCY* MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** to all counsel of record for all parties via ECF on the 11th day of July, 2016.

/s/ Eugene Rome
EUGENE ROME

9