IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHILLY DIL CONSULTING, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-2749-N |
| | § | |
| JETPAY ISO SERVICES, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This Order addresses Plaintiff Chilly Dil Consulting, Inc.'s ("Chilly Dil") motion for leave to amend its first amended complaint and extend scheduling order deadlines [100] and motion to stay [130] and third parties Backpage, LLC, Payment Solutions, B.V., Adtech, B.V., Ad Reputations Solutions, B.V., and Carl Ferrer's (collectively, "Third Parties") motion to intervene and seal documents [102]. The Court denies the motions and under the authority of 28 U.S.C § 636(b) refers the pending motion to compel [117] to United States Magistrate Judge Toliver for determination and/or findings, conclusions, and recommendations.

When the deadline for seeking leave to amend pleadings and add new parties to an action has expired, a litigant must show good cause for an amendment under Federal Rule of Civil Procedure 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Courts consider the following factors when deciding whether to allow an amendment: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4)

ORDER – PAGE 1

the availability of a continuance to cure such prejudice." *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).

In the present action, the deadline to add new parties was June 15, 2015, and the deadline to amend pleadings was July 15, 2015. *See* Scheduling Order 1 [22].[1]  Chilly Dil claims there is good cause to amend the scheduling order, add Third Parties, and amend its complaint because Third Parties recently produced documents that Defendants JetPay ISO Services, LLC, JetPay, LLC, and JetPay Corporation (collectively, "JetPay Defendants") refused to produce until after Third Parties produced them. *See* Pl.'s Mem. in Supp. 7 [100-1].  Moreover, Chilly Dil claims JetPay Defendants previously lied to Chilly Dil about the existence of the documents, which show JetPay, LLC processed American Express transactions for Third Parties from June 2014 until September 2015. *See id.*  Chilly Dil argues it could not have added Third Parties or brought its new claims before now because it did not have these documents. *See id.* at 12–13.

JetPay Defendants responded by showing that they produced documents in October 2015 indicating that JetPay Defendants processed American Express transactions for Backpage.com in early 2014.  According to JetPay Defendants, these documents provided sufficient notice of the transactions to allow Chilly Dil to bring the claims and add the parties that Chilly Dil now seeks to add to its Second Amended Complaint. *See* Defs.' Resp. 7–11 [106-1].  Chilly Dil's only reply to this argument was in a footnote: "JetPay Defendants' limited production of AMEX statements for March 2014 to April 2014 related to transfers into Esquire Bank do not explain JetPay Defendants' explicit and unqualified denial

---

[1]The Amended Scheduling Order [88] did not change these deadlines.

ORDER – PAGE 2

regarding the existence of additional documents showing any business activity between JetPay Defendants and BackPage, which was flagrantly false." Pl.'s Reply 5 n.6 [114]. Thus, Chilly Dil does not attempt to explain why it delayed bringing its new claims and adding Third Parties.

Chilly Dil received notice in October 2015 that the AMEX transactions were occurring. Chilly Dil failed to offer any explanation for why it waited to move to amend its complaint and add Third Parties and its new claims until May 2016. Allowing Chilly Dil to amend its complaint and add new parties would prejudice JetPay Defendants because JetPay Defendants are likely to incur significant costs reopening discovery in an action that is nearly two years old. *See James v. McCaw Cellular Commc'ns, Inc.*, 988 F.2d 583, 587 (5th Cir. 1993) (affirming denial of motion to add new defendant when the motion was filed "almost fifteen months after [plaintiff] filed his original complaint, ten months after the joinder deadline, five months after the deadline for amendments, [and] three weeks after [defendant] filed its Motion for Summary Judgment"). A continuance would not cure this prejudice. Chilly Dil fails to show that the importance of its amendment outweighs the prejudice to JetPay Defendants caused by Chilly Dil's delay. Thus, Chilly Dil has not shown good cause. Accordingly, the Court denies Chilly Dil's motion for leave to amend.[2]

Signed July 12, 2016.

---

[2]Because the Court denies Chilly Dil's motion for leave to amend and add Third Parties to this action, the Court denies Third Parties' motion to intervene as moot and the Court denies Chilly Dil's motion to stay as moot. The documents the Court has provisionally sealed shall remain sealed.

ORDER – PAGE 3

_____
David C. Godbey
United States District Judge

ORDER – PAGE 4