## THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **CHILLY DIL CONSULTING INC., a Florida corporation,** | § § § | |
| **Plaintiff,** | § § | |
| **V.** | § § | **CIVIL ACTION NO. 3:14-cv-02749-N** |
| **JETPAY ISO SERVICES, LLC, a Texas limited liability company; JETPAY, LLC, a Texas limited liability company; JETPAY CORPORATION, a Delaware corporation; and TRENT R VOIGT, an individual,** | § § § § § § | |
| **Defendants.** | § § | |

## DECLARATION OF DAVID STEINER IN SUPPORT OF PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL NON-PARTY BACKPAGE.COM, LLC TO COMPLY WITH SUBPOENA *DUCES TECUM* AND TO HOLD BACKPAGE.COM, LLC IN CONTEMPT

I, David Steiner, declare as follows:

1.      I am the co-counsel of record for Plaintiff Chilly Dil Consulting, Inc. ("Plaintiff") with respect to the above-referenced action.  Unless otherwise stated as based on information and belief, I have personal knowledge of the facts stated herein.  If called upon to do so, I could and would testify to the truth thereof.

2.      I make this Declaration in support of Plaintiff's Reply Brief in Support of Motion to Compel Non-Party Backpage.com, LLC to Comply With Subpoena Duces Tecum and to Hold Backpage.com, LLC in Contempt.

3.      On December 11, 2015, Plaintiff issued a subpoena to Backpage.com, LLC ("Backpage") seeking, among other things, documents reflecting processing completed by Backpage and its related entities with Jetpay ISO Services, LLC, JetPay, LLC, Jetpay Corporation, and Trent R Voigt (collectively, "Defendants").

4.      On January 8, 2016. after being served with the subpoena, Backpage's counsel Liz McDougall contacted me and stated that Backpage could readily produce certain processing statements, and whether I would agree to deem the production to be complete if these statements were produced.  I told Ms. McDougall for Backpage to produce the statements, and depending on what is produced, I would determine whether the subpoena was satisfied.

5.      At no point did I agree to limit the scope of the subpoena to only the processing statements.  Nor did I waive Plaintiff's right to compel or demand production of the other requests set forth in the subpoena.

6.      During my call with Ms. McDougall, she asked if she could email the production to my email address instead of physically delivering the documents to our office in Los Angeles. I agreed to this arrangement.  Since that point, all supplements to the productions made by Backpage's counsel have been via email per my arrangement with Ms. McDougall.

7.      At no time in my communications with Ms. McDougall, or with Anne Marie Painter of Perkins Coie, did Backpage's counsel state that millions of documents would have to be produced to comply, as was declared for the first time by Backpage in its declaration filed in

DECLARATION OF DAVID STEINER

support of its Opposition to Plaintiff's Motion to Compel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 22, 2016, in Los Angeles, California.

David Steiner

DECLARATION OF DAVID STEINER