IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHILLY DIL CONSULTING INC.**, a Florida corporation, | § § § | |
| Plaintiff, | § § § | |
| V. | § § | CIVIL ACTION NO. 3:14-cv-02749-N |
| **JETPAY ISO SERVICES, LLC**, a Texas limited liability company; **JETPAY, LLC**, a Texas limited liability company; **JETPAY CORPORATION**, a Delaware corporation; and **TRENT R. VOIGT**, an individual, | § § § § § § § | |
| Defendants. | § | |

**BACKPAGE.COM, LLC'S MOTION TO STRIKE NEW EVIDENCE AND ARGUMENT FILED IN PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL NON-PARTY BACKPAGE.COM, LLC TO COMPLY WITH SUBPOENA DUCES TECUM AND TO HOLD BACKPAGE IN CONTEMPT AND BRIEF IN SUPPORT**

Non-party Backpage.com, LLC ("Backpage.com") files this Motion to Strike New Evidence and Argument Filed in Plaintiff's Reply Brief ("Reply") in Support of Motion to Compel Non-Party Backpage.com, LLC to Comply With Subpoena Duces Tecum and to Hold Backpage in Contempt and Brief in Support, and would further show the Court as follows:

### I.    SUMMARY OF THE MOTION

Plaintiff's Reply attaches the declaration of David Steiner as support for a previously unasserted argument that Plaintiff's December 11, 2015 subpoena to Backpage.com (the "Subpoena") was "modified" such that the place of compliance with the subpoena was to be Dallas, Texas, rather than Los Angeles, California (as required on the face of the subpoena). Because the civil rules do not allow a reply brief to introduce new evidence, the Court should

strike this declaration and should not consider Plaintiff's argument associated with the new evidence. In the alternative, Backpage.com should be granted a sur-reply so that it may have a fair opportunity to rebut the alleged new evidence and argument raised for the first time in Plaintiff's Reply.

## II.   PROCEDURAL HISTORY AND RELEVANT FACTS

1. On June 16, 2016, Plaintiff filed its *Motion to Compel Non-Party Backpage.com, LLC to Comply With Subpoena Duces Tecum and to Hold Backpage in Contempt* (the "Motion"). Dkt. No. 117. Backpage.com filed its initial response on July 8, 2016.[1] Dkt. No. 129. Among other points raised, Backpage.com argued that this Court lacks jurisdiction to hear the Motion because Rule 45 mandates that the only court having authority to determine such a motion is the court in the district where compliance with the subpoena was required—in this instance, the Central District of California (Los Angeles).

2. Attached to Plaintiffs' Reply was the "Declaration of David Steiner," in which Plaintiff's counsel asserted that in January 2016, Backpage.com's in-house counsel, Liz McDougall, "asked if she could email the production to my email address instead of physically delivering the documents to our office in Los Angeles. I agreed to this arrangement." *See* Decl. of David Steiner, Dkt. No. 138-1.

3. In conjunction with this Declaration, Plaintiff argues in Reply that Plaintiff and Backpage.com "mutually agreed that Backpage might comply with the subpoena by emailing all the requested documents from Backpage counsel's office in Dallas, Texas." *See* Pl.'s Reply, Dkt. No. 138, at 5.

---

[1] Backpage.com also sought leave to file an Amended Response on July 19, 2016, to incorporate this Court's order denying Plaintiff's request to extend the case schedule. *See* Dkt. No. 133. However, the amendment is not relevant to this motion to strike.

**BACKPAGE.COM, LLC'S MOTION TO STRIKE NEW EVIDENCE AND ARGUMENT FILED IN PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL NON-PARTY BACKPAGE.COM LLC TO COMPLY WITH SUBPOENA DUECES TECUM AND TO HOLD BACKPAGE IN CONTEMPT - PAGE - 2-**
132050280.3

4.  While Plaintiff's new evidence and argument ambiguously implies that Ms. McDougall was located in Dallas, and/or that the documents were to be delivered to Plaintiff's counsel in Dallas, neither of these implied assertions are correct—as Backpage.com would demonstrate by declaratory evidence, if necessary, with a sur-reply. First, Plaintiff implies that in January 2016, as of the date of the purported "agreement" referenced by Steiner, Backpage.com had retained counsel in Dallas for the purpose of responding to the Subpoena. It had not. As demonstrated in Plaintiff's original Appendix, McDougall advised Plaintiff as of March 1, 2016, that if Plaintiff was asserting that Backpage.com had not complied with Plaintiff's request for documents and intended to further pursue the matter, "we will require adequate time to retain counsel in the N.D. Tex. to represent Backpage.com." *See* Pl.'s App., Dkt. No. 118, at Appendix030. Second, Plaintiff's Reply leaves the misleading impression that McDougall, herself, was located in Dallas. This is also not the case. Third, Plaintiff's Reply also misleadingly implies that electronic transmission of documents was not directed to counsel in Los Angeles. This too is inaccurate, as both Steiner and Eugene Rome, the recipients of the electronically transmitted documents, are attorneys located in Los Angeles.

### III.   ARGUMENT AND AUTHORITIES

Plaintiff "may not file a reply brief appendix without first obtaining leave of court." *Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.*, 2003 WL 251318, at *19 (N.D. Tex. Feb. 3, 2003) (striking evidence submitted with reply brief). Courts in this district have regularly stricken evidence filed in reply without leave as a violation of the local rules. *See Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 104 (N.D. Tex. 2001) (citing cases) ("the court will not consider any evidence from the reply appendix that he cites in his reply brief"); *United States v. City of Dallas*, 2011 WL 4912590, at *4 (N.D. Tex. Sept. 27, 2011) ("It is well established that a party may not file evidence with a reply brief without first obtaining leave of court.").

Furthermore, "[b]ecause the purpose of a reply brief is to rebut the nonmovant's response, not to introduce new evidence, such leave will be granted only in limited circumstances." *Racetrac*, 2003 WL 251318 at *19. Although leave to submit new evidence with a reply brief is generally disfavored, courts in this district have concluded when such leave is granted, it is nonetheless appropriate to grant the opposing party a sur-reply at the same time. *See Racetrac*, 2003 WL 251318 at *19; *see also Simmons v. T-Mobile USA, Inc.*, 2006 WL 3447684, at *1 (S.D. Tex. Nov. 22, 2006) ("district courts may consider a reply brief's new arguments and evidence so long as the non-movant is given an adequate opportunity to respond"). Here, Plaintiff has introduced new evidence and asserts, for the first time, that the Subpoena has been modified by the parties' agreement.

Given that Plaintiff's argument and evidence serve to support Plaintiffs' contention that the Court has jurisdiction over the Subpoena—because it has been "modified by agreement," and Plaintiff offers evidence of the alleged modification only belatedly at the reply stage, it is appropriate for the Court to strike and to disregard that evidence and argument. Alternatively, should the Court determine that it will consider Plaintiffs new evidence and argument filed with its Reply, it is only appropriate for Backpage.com to be granted the opportunity to rebut it in a sur-reply that may also contain new evidence on the same subject.

## IV.   CONCLUSION

For the foregoing reasons, Backpage.com requests the Court to strike the evidence and new argument from Plaintiff's Reply and to further deny Plaintiff's Motion in its entirety.

Dated: July 27, 2016

                        Respectfully Submitted,

                        */s/ Ann Marie Painter*
                        Ann Marie Painter
                        Texas Bar No. 00784715
                        AMPainter@perkinscoie.com
                        Jason R. Elliott
                        Texas Bar No. 24050558
                        jelliott@perkinscoie.com

                        PERKINS COIE LLP
                        500 N. Akard St., Suite 3300
                        Dallas, Texas 75201
                        Telephone: 214.965.7700
                        Facsimile: 214.965.7773

                        ATTORNEYS FOR BACKPAGE.COM, LLC

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel for Backpage.com, LLC conferred with counsel of record for all existing parties regarding the relief sought in this Motion, that Plaintiff opposes this Motion, and that Defendants are unopposed to this Motion.

                        */s/ Ann Marie Painter*
                        Ann Marie Painter

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing to all counsel of record for all parties via the Court's CM/ECF system on the 27th day of July, 2016.

                        */s/ Ann Marie Painter*
                        Ann Marie Painter