## THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **CHILLY DIL CONSULTING INC., a Florida corporation,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 3:14-cv-02749-N** |
| **JETPAY ISO SERVICES, LLC, a Texas limited liability company; JETPAY, LLC, a Texas limited liability company; JETPAY CORPORATION, a Delaware corporation; and TRENT R VOIGT, an individual,** | § § § § § § | |
| **Defendants.** | § § | |

## PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER LOCAL RULE 56.2 DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON FIRST AMENDED COMPLAINT

# I.

## OVERVIEW

Defendants JetPay ISO Services, LLC, JetPay, LLC, JetPay Corporation, and Trent Voigt (collectively, "Defendants") have moved the Court for leave to file a second motion for summary judgment as to plaintiff Chilly Dil Consulting, Inc.'s ("Plaintiff") First Amend Complaint ("FAC"). The Motion for Leave should be denied for several reasons.

First, Defendants are seeking to file their second motion for summary judgment **after** the deadline to file dispositive motions set forth in the Amended Scheduling Order. Defendants must establish good cause why the Court should further amend the Amended Scheduling Order and grant them leave to file their motion outside this deadline. Defendants have failed to make this showing, particularly so where the Court has already once denied a recent request for modification of the Scheduling Order

Second, Defendants have not established a legal basis for leave to be granted under Local Rule 56.2. Defendants assert that their second summary judgment is different from their first motion because the first motion was based on the original complaint, whereas the second motion is based on the FAC. However, other than a single claim for breach of oral contract, all other claims asserted in the two complaints are identical. Further, the Court issued its ruling on the first summary judgment motion almost **two months after** it granted leave to file the FAC. If the Court believed the FAC obviated the claims in the original complaint, it would have found the first motion for summary judgment to be moot. However, it made no such ruling. Therefore, Defendants' second motion for summary judgment is merely a second bite at the apple, which is exactly what Local Rule 56.2 prohibits.

Finally, Defendants' argument that the first motion was filed before discovery was extended and before Plaintiff filed their expert report under the Amended Scheduling Order, is of no moment as Defendants filed their first motion for summary judgment **more than six months**

1

**before the close of discovery and more than three months before Plaintiff was scheduled to file its expert report** under the original Scheduling Order.

For these reasons, Defendants' motion should be denied.

## II.

## RELEVANT FACTS

Plaintiff filed this action on July 31, 2014, alleging claims for breach of written contract; money had and received; tortious interference with existing contract; violation of the Texas Theft Liability Act; and negligence against Defendants. (Dkt. No. 1.) On May 20, 2015, Defendants filed their first motion for summary judgment as to all causes of action in the Complaint. (Dkt. No. 34.) On October 19, 2015, Plaintiff filed a motion for leave to file FAC, which sought to add a single cause of action for breach of oral contract to the Complaint. (Dkt. No. 76.) On February 2, 2016, the Court granted Plaintiff's motion for leave to file FAC and directed the clerk to file Plaintiff's FAC. (Dkt. Nos. 93, 94.) On February 3, 2016, the clerk filed the FAC. (Dkt. No. 95.) On March 31, 2016, the Court granted Defendants' motion for summary judgment with respect to the negligence cause of action, but denied the motion with respect to all other claims in the Complaint. (Dkt. No. 98.) On July 6, 2016, Defendants filed a motion for leave from the Court to file a second motion for summary judgment as to all claims in the FAC ("Motion for Leave"). (Dkt. No. 127.)

On November 5, 2015, the Court entered an Amended Scheduling Order modifying the deadlines in the original Scheduling Order. (Dkt. No. 88.) On May 6, 2016, Plaintiff filed an emergency motion for leave to amend the FAC and extend scheduling order deadlines. (Dkt. No. 100.) On July 12, 2016, the Court denied Plaintiff's emergency motion. (Dkt. No. 131.)

PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER LOCAL RULE 56.2 DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON FIRST AMENDED COMPLAINT

## III.

## <u>ARGUMENT</u>

**A.    Defendants Have Not Demonstrated Good Cause Why Their Second Motion for Summary Judgment Should be Filed in Violation of the Amended Scheduling Order**

The deadline to file dispositive motions pursuant to the Amended Scheduling Order was July 6, 2016.  (*See* Dkt. No. 88.)  Defendants' second motion for summary judgment is such a dispositive motion as it seeks to adjudicate all the claims in the FAC against them.  Defendants filed their Motion for Leave on July 6, 2016.  The Motion for Leave does not stay the deadline for dispositive motions set forth in the Amended Scheduling Order.  As such, if the Court grants Defendants' Motion for Leave, their motion for summary judgment – which would necessarily be filed after the July 6, 2016 deadline – would be untimely and in violation of the Amended Scheduling Order.

Federal Rule of Civil Procedure ("FRCP") 16(b) states that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge".  "The 'good cause' standard focuses on the diligence of the party seeking a modification of the scheduling order." *Forge v. City of Dallas*, No. 3-03-CV-0256-D, 2004 WL 1243151, at * 2 (N.D.Tex. June 4, 2004).  FRCP 16(b) requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."  *Marathon Fin. Ins., Inc. v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S & W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir.2003)).  "In this context, the Court considers the following factors as to good cause: (1) the explanation for failing to timely move for summary judgment; (2) the importance of the motion; (3) potential prejudice in allowing the motion; and (4) the availability of a continuance to cure such prejudice.  *See Green v. Brice, Vander Linden & Wernick, P.C.*, No. 3:11-cv-1498-N-BN, 2015 WL 2167996 at *5 (N.D. Tex. May 7, 2015).

Here, none of these factors for good cause weighs in favor of Defendants.  First, while Defendants have attempted to explain why the Court should grant their Motion for Leave

3

pursuant to Local Rule 56.2, they have not explained why they did not file their Motion for Leave well in advance of the July 6, 2016 deadline, such that, if granted, their second motion for summary judgment would have been timely.  Second, as discussed fully below in Parts III(B) and III(C), Defendants have not adequately demonstrated why they are entitled to a second attempt at summary judgment where they failed the first time around.

Third, the prejudice to Plaintiff in granting leave for Defendants' motion for summary judgment to be filed is tremendous.  Plaintiff recently filed an emergency motion for leave to amend the FAC and to extend the scheduling order deadlines.  (Dkt. No. 100.)  Due to the retirement of Judge Solis, who presided over this action and this Court's schedule, there was an almost two-month delay before the Court issued its ruling on Plaintiff's emergency motion.  In the interim, certain crucial deadlines passed, including the deadline to complete discovery. Ultimately, the Court denied Plaintiff's emergency motion, thereby preventing Plaintiff from taking Defendants' depositions.  (Dkt. No. 131.)  While Plaintiff still has an opportunity to cross-examine Defendants at trial and establish its claims, it would be deprived of this ability if the Court grants Defendants' Motion for Leave and would be forced to oppose a second motion for summary judgment with the disadvantage of not having taking Defendants' depositions.  In addition, Plaintiff relied upon Local Rule 56.2's limitation permitting only a single motion for summary judgment per party.  It did not anticipate a second motion for summary judgment by Defendants and did not prepare for that contingency.  Granting Defendants a continuance to file its dispositive motion would not cure this prejudice.

If the Court grants Defendants' Motion for Leave, Defendants second motion for summary judgment would necessarily be filed after August 10, 2016 (i.e. the deadline for Defendants to file their reply brief on their Motion for Leave), which is more than one month after the July 6, 2016 deadline for dispositive motions to be filed.  Defendants have not demonstrated good cause why the Court should extend this deadline.  For this reason alone, the Court should deny Defendants' Motion for Leave.  *See Green*, 2015 WL 2167996 at *5

4

**B.      Defendants Have Not Stated a Valid Legal Basis for the Court to Grant Them Leave to File a Second Motion for Summary Judgment Under Local Rule 56.2.**

Local Rule 56.2(b) provides that "[u]nless otherwise directed by the presiding judge, or permitted by law, a party may file **no more than one** motion for summary judgment." This rule "enables the court to regulate successive motions that are filed after the court has devoted time and effort to deciding an initial motion and has identified issues that are not subject to summary disposition, but as to which the movant seeks a second bite at the apple." *Home Depot USA, Inc. v. Nat'l Fire Ins. Co. of Hartford,* No. 06-CV-0073, 2007 WL 1969752 at *2 (N.D. Tex. June 27, 2007).

In *Green v. Brice, Vander Linden & Wernick, P.C.*, the defendant filed a cross-motion for summary judgment in combination with its response to the plaintiff's motion for summary judgment. The court found that since defendant had previously filed a motion for summary judgment, which the court had granted in part and denied in part, its current cross-motion for summary judgment on the claim that was previously denied was an improper second motion for summary judgment in violation of Local Civil Rule 56.2(b). Further, in denying the cross-motion for summary judgment on this basis, the court also noted that defendant had failed to "explain how or why [it] should be allowed to file a second summary judgment motion challenging the same claim." 2015 WL 2167996 at *5.

Here, Defendants have already had their shot at summary judgment when they filed their first motion on May 20, 2015. Pursuant to Local Rule 56.2, Defendants are prohibited from filing a second motion for summary judgment. As a basis for this Court to grant them leave to file such a motion, Defendants argue that, once filed, the FAC supersedes the original complaint and renders it moot. Defendants also argue that the FAC asserted new claims and allegations

5

against Defendants that are addressed in the second motion for summary judgment, whereas the first motion for summary judgment only addressed the claims in the original Complaint.[1]

Defendants' arguments are unmeritorious. First, the Court granted leave to file the FAC and the FAC was filed almost **two months before** it ruled upon Defendants' first motion for summary judgment. (*See* Dkt. No. 93-95, 98.) If this Court considered the filing of the FAC to supersede all claims in the Complaint, it would have simply rendered Defendants' motion for summary judgment moot rather than rule upon the claims addressed therein. Second, the original Complaint and FAC differ only with respect to a single cause of action for breach of oral contract. All other claims and allegations remain the same between the two complaints and were addressed in Defendants' first motion for summary judgment.

Indeed, the second motion for summary judgment gives Defendants an opportunity to correct the deficiencies and errors in its first motion for summary judgment noted by the Court for the same claims. Based on these facts, granting Defendants' motion would essentially be a "second bite at the apple" for issues the Court has already expended time and effort in deciding and that Local Rule 56.2 was designed to prevent. Therefore, Defendants have failed to articulate a proper basis for why its Motion for Leave should be granted.

## C.    Defendants' Filed Their First Motion for Summary Judgment Many Months Before Pertinent Deadlines Under the Original Scheduling Order

Defendants argue that they filed their first motion for summary judgment before the Amended Scheduling Order was filed (which opened the door to substantial discovery) (Dkt. No. 88), and before Plaintiff filed its Expert Report. (Dkt. No. 70.) However, conducting more

---

[1] Notably, Defendants proposed second motion for summary judgment does not even address Plaintiff's claim for negligence in the FAC, presumably because the Court already granted Plaintiff's motion for summary judgment as to that claim the first time around. (*See* Dkt. Nos. 98, 127-2.) By Defendants' logic, if the FAC wipes the slate clean to allow them to file a new motion for summary judgment, then the Court's ruling granting Defendants' motion for summary judgment as to Plaintiff's negligence claim in the original Complaint has no bearing on Plaintiff's negligence claim in the FAC.

6

discovery and receiving Plaintiff's Expert Report in advance of filing a motion for summary judgment were not important to Defendants when they filed their first motion for summary judgment.

Under the original Scheduling Order, Plaintiff was due to submit its expert designation and report by September 4, 2015, and discovery was required to be completed by December 4, 2015. (Dkt. No. 22.) Defendants filed their first summary judgment motion on May 20, 2015, more than four months before Plaintiff's expert report was due and more than six months before the discovery completion deadline. (*See* Dkt. No. 34.) Indeed, it is evident that Defendants made a strategic decision to file their first motion for summary judgment well in advance of these deadlines. Knowing it had only one chance to file a motion for summary judgment, Plaintiff specifically chose to file their motion prematurely – a decision that ultimately backfired.

Since conducting more discovery (including the taking of Plaintiff's deposition) and reviewing Plaintiff's expert report had absolutely no bearing on Defendants' decision to file their first motion for summary judgment, it is disingenuous for them to now claim these as a basis for granting them leave to file a second motion for summary judgment. Using Plaintiff's expert report and newly obtained discovery for their second motion for summary judgment (which addresses the same causes of action as the first motion) would essentially give Plaintiff another bite of the apple, and correct a poor strategic decision. Local Rule 52-6 simply does not permit this.

## IV.

## <u>CONCLUSION</u>

For the reasons stated above, the Defendants' Motion should be denied the Motion.

Respectfully submitted,

**ROME & ASSOCIATES, APC**

BY: _____*/s/Eugene Rome*_____
        Eugene Rome
        California Bar No. 232780
        Erome@romeandassociates.com
        ROME & ASSOCIATES, A.P.C.
        2029 Century Park East, Suite 450
        Los Angeles, CA 90067
        Telephone: (310) 282-0690
        Facsimile: (310) 282-0691

        *Attorneys for Plaintiff*

**LEHTOLA & CANNATTI PLLC**

BY: _____*/s/Patricia Beaujean Lehtola*_____
        Patricia Beaujean Lehtola
        State Bar No. 01997700
        plehtola@lc-lawfirm.com
        Phillip E. Cannatti
        State Bar No. 00793456
        pcannatti@lc-lawfirm.com
        Patrick C. Joost
        State Bar No. 24078759
        pjoost@lc-lawfirm.com
        LEHTOLA & CANNATTI
        PLLC
        5001 Spring Valley Road,
        Suite 400 East
        Dallas, Texas 75244
        (972) 383-1515 (Telephone)
        (866) 383-1507 (Facsimile)

        *Attorneys for Plaintiff*

PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER LOCAL RULE 56.2 DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON FIRST AMENDED COMPLAINT

## CERTIFICATE OF SERVICE

This is to certify that on July 27, 2016, the foregoing was served upon counsel of record in accordance with the Federal Rules of Civil Procedure as set forth below by U.S. Mail or electronic filing.

COOPER& SCULLY, P.C.
Timothy Micah Dortch
Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Tel.: 214/712-9501
Fax: 214/712-9540

**COUNSEL FOR DEFENDANTS**

BY:_____*/s/Eugene Rome*_____
Eugene Rome

9