THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CHILLY DIL CONSULTING INC.,** § <br> a Florida corporation, § <br> § <br> **Plaintiff,** § <br> § <br> V. § <br> § <br> **JETPAY ISO SERVICES, LLC**, a Texas § <br> limited liability company; **JETPAY, LLC**, a § <br> Texas limited liability company; **JETPAY** § <br> **CORPORATION**, a Delaware corporation; § <br> and **TRENT R. VOIGT**, an individual, § <br> § <br> **Defendants.** § | CIVIL ACTION NO. 3:14-cv-02749-N |

**DEFENDANTS' AMENDED RESPONSE TO PLAINTIFF'S SEALED MOTION FOR RECONSIDERATION OF THE COURT'S JULY 12, 2016 ORDER DENYING THE EMERGENCY MOTION FOR (1) LEAVE TO AMEND THE FIRST AMENDED COMPLAINT; (2) FILE A SECOND AMENDED COMPLAINT, AND (3) TO EXTEND SCHEDULING ORDER DEADLINES [DKT 132]**

JETPAY ISO SERVICES, LLC, a Texas limited liability company; JETPAY, LLC, a Texas limited liability company; JETPAY CORPORATION, a Delaware corporation; and TRENT R. VOIGT, an individual, file this Amended Response to Plaintiff's Sealed Motion for Reconsideration of the Court's July 12, 2016 Order Denying the Emergency Motion for (1) Leave to Amend the First Amended Complaint; (2) file a Second Amended Complaint, and (3) to Extend Scheduling Order Deadlines [Dkt. 132], and would show the Court as follows:

**I.**

**<u>INTRODUCTION</u>**

1.     Plaintiff continues to argue it is somehow surprised by "recently learning" about Confidential Merchant accepting American Express Payments. As set forth herein, such an

argument is belied by Plaintiff's own document production, Defendants' document production, and prior filings with the Court.

2. In its Motion for Reconsideration, Plaintiff presents no new evidence nor provides any errors of law in the Court's Order sufficient to warrant reconsideration under Rule 54(b). Plaintiff's primary argument surrounds documents that it had in its possession at the time of filing the initial (1) Motion for Leave to Amend the First Amended Complaint; (2) Motion to file a Second Amended Complaint, and (3) Motion to Extend Scheduling Order Deadlines [Dkt. 100] (hereinafter referred to as "Plaintiff's Motions"). Plaintiff merely repeats old arguments and old evidence in an attempt to retry the same issues presented in Plaintiff's Motions.

Simply put, Plaintiff argues that the Court has "erred" by failing to agree with Plaintff. Thus, Plaintiff's attempt to take a "second bite" at Plaintiff's Motions should be denied.

## II.

## ARGUMENT AND AUTHORITIES

**A.  The Legal Standard for a Motion For Reconsideration Has Not Been Met**

3. As this Court ruled in *Sved v. Chadwick*, 783 F. Supp. 2d 851 (N.D. Tex. 2009):

> "In general, "a motion for reconsideration is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'" quoting *Fisher v. Halliburton*, 2005 WL 2001351, at *1 (S.D.Tex.2005) (quoting *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir.2004)).

4. "Motions for reconsideration have a narrow purpose and are only appropriate to allow a party to correctly manifest errors of law or fact or to present newly discovered evidence." *Sec. & Exch. Comm'n v. Arcturus Corp.*, 3:13-CV-4861-K, 2016 WL 3654430, at *1 (N.D. Tex. July 8, 2016), (quoting *Reneker v. Offill*, 2012 WL 3599231, at *1 n. 1 (N.D. Tex. Aug., 22, 2012).) "A ruling should only be reconsidered where the moving party presents substantial reasons for requesting reconsideration." *Daniels v. Bowles*, CIV.A. 3:03-CV-1555-, 2004 WL

1810658, at *1 (N.D. Tex. Aug. 9, 2004). "[L]itigants are expected to present their strongest case when the matter is first considered. A motion to reconsider based on recycled arguments only serves to waste the resources of the court." *Texas Instruments, Inc. v. Hyundai Elecs. Indus., Co. Ltd.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999) (quoting *State v. Sprint Comm. Co.*, 899 F.Supp. 282, 284 (M.D.La.1995)).

B.   **Plaintiff Has Long Been Aware of the Amex Transactions and Fails to Show Good Cause for Not Acting Sooner**

5.   Plaintiff first argues that there is a relevant difference in the amounts of the Esquire Amex statements to the other Amex statements. This argument could have been brought in the prior motions filed and is not based on newly discovered evidence. *Sved* at 783 F. Supp. 2d 851. The Amex statements are attached to prior briefing, yet this argument was not made by Plaintiff before. (Doc. No. 101, App. 49-97 and Doc. No. 106, App. 25-30).

Additionally, Defendants contend that Plaintiff is not entitled to Amex funds and, therefore, the documents are irrelevant. The Defendants originally produced only the statements related to Esquire Bank in response to prior Court filings by Plaintiff. Plaintiff was fully aware in the Fall of 2015 that the statements produced only applied to Esquire Bank. In fact, Defendant's' position is clear in a November, 2015 filing with this Court where it states:

> Plaintiff also cites to emails related to transfers into Esquire Bank related to AMEX. AMEX conducts its own acquiring and the transfer was basically holding AMEX's funds similar to a bank account. These types of transfers are outside of the scope of the Agent Agreement with JetPay Solutions, LTD and the proposed Agent Agreement that Plaintiff alleges was in place with JetPay ISO, because these agreements are related to processing through an acquiring bank, not simply transferring AMEX funds into an account. Due to the fact that these transfers are related to AMEX and are outside of the scope of any agreement with Chilly Dil, these documents are completely irrelevant to this litigation. Despite the irrelevancy, in an effort to clarify the confusion created by Plaintiff, the Defendants have produced records showing the small amount of AMEX transfers that did occur regarding Esquire Bank.

(Doc. No. 85-3; Doc. No. 100).

6.      Plaintiff was aware the statements related to Esquire only covered a short period of time and that the Amex business was moved to Wells Fargo.  In an appendix filed in **October, 2015**, Plaintiff actually cites a series of emails regarding the Amex transactions that in relevant part state:

> Brian, we hope to have it switched to our other AMEX depository bank by mid week. We only set up 2 depository banks with AMEX, we checked with Wells Fargo and they don't have any problem with it since it is only a deposit from AMEX and the bank is not involved.

(Doc. No. 82, App. 13).

7.      Without question, at a minimum, Plaintiff has known since the Fall of 2015 that: (1) the Amex statements exist, (2) only Esquire Amex statements were produced, (3) Defendants contend the Amex statements are irrelevant, and (4) the Amex transactions are at another bank.  (Doc. Nos. 85-3; 100; 101, App. 49-97; 106, App. 25-30; 82, App. 13).  Plaintiff fails to show good cause for why it did not ask the Court to rule on the relevancy objection brought by Defendants.  Therefore, the first argument brought about by Plaintiff not only fails to meet the legal standard for a Motion for Reconsideration, but fails to provide good cause to excuse any delay.

C.    **Plaintiff's Own Production Shows That Amex Was Never Part Of The Agreement Between The Parties**

8.      The first document produced by Defendants in this litigation is the Merchant Application for Confidential Merchant.  Plaintiff conveniently neglects to tell the Court that prior to any JetPay relationship, the Confidential Merchant already had an Amex merchant account.  Specifically, in the **September 2013** application submitted by the Confidential Merchant to JetPay[1], the Confidential Merchant did not apply for an Amex Merchant Account because the

---

[1] This application was denied by JetPay for the bank acquiring problems discussed in other briefing.

Confidential Merchant already had an account with the Amex Merchant department[2]. The Confidential Merchant even listed their Amex merchant account number. Specifically, the application provided:

[form excerpt showing:]

**Other Cards Accepted** (Place the account number in the space below for existing accounts)

American Express 5020621371 ☐ Apply for Account

By checking "Apply" for American Express merchant account, you acknowledge that you will receive Terms and Conditions from the card company for which you wish to apply. Please note that these companies are separate entities with their own pricing and acceptance policies.
https://www200.americanexpress.com/merchant/online/en/USEng/backOfficeRateMap.do

NOTICE: Any application submitted without AMEX ID will not be authorized to accept AMEX payments.

**Location**

Building Type: ☐ Shopping Center  ☒ Office Building  ☐ Industrial Building  ☐ Residential
Merchant: ☐ Owns  ☒ Rents
Area Zoned: ☒ Commercial  ☐ Industrial  ☐ Residential
Square Footage: ☐ 0-500  ☐ 501-2500  ☒ 2501-5000  ☐ 5001-10000+

**Merchant Application and Agreement Acceptance**

By executing this Merchant Application and Agreement on behalf of the merchant described above (the "M is true, correct and complete as of the date of this Merchant Application and any fines, losses or penalties I power and authority to complete and submit this Merchant Application and Agreement and provide the ack (s) that the information contained in this Merchant Application is provided for the purpose of obtaining, prici authorize JETPAY and Bank to investigate the credit of the Merchant and each person listed on this March Bank and JETPAY, to all of the terms and conditions set forth in the Merchant Agreement. The Merchant a agreement provided and available at http://www.jetpay.com/merchant/about_merchant_terms.php, which a terms and conditions and that you agree to accept electronic notification of any changes to those terms and corporation, its proper Corporate Officer must sign. This Agreement may be signed by one or more count

Merchant
Principal 1: [signature]    Date: 9/25/13
(Signature of Officer/Owner)
Principal 2: _____    Date: _____
(Signature of Officer/Owner)

Application must be signed by Owner if Sole Proprietorship, or Partners/Officers with greater than 50% combined Ownership if Partnership or Corporation. In addition, owner information from each owner who has 25% or more ownership (or persons with authority/control, when percentage of ownership is not applicable) should be obtained.

9. Plaintiff's counsel's failure to understand the way Amex works and how it has changed over the past few years is not the fault of Defendants. Even if counsel did not understand the process, he could have asked during the deposition of Todd Fuller, a former JetPay employee. Additionally, counsel for Plaintiff could have asked during the deposition of Trent Voigt, which he cancelled and never rescheduled before the end of fact discovery.

---

[2] Unlike Visa and Mastercard, up until very late 2013/early 2014, American Express handled all of its own merchant billing, contracts, etc. However, American Express eventually came out with an OptBlue program that gave smaller businesses and incentive to take American Express.
http://www.digitaltransactions.net/news/story/AmEx-Ramps-Up-Effort-To-Sign-Small-Merchants-With-Its-OptBlue-Program.

**D.     The Plaintiff Has Long Been Aware of the Pre-Paid Card Theory and Fails to Show Good Cause For Not Previously Moving To Amend The Complaint**

10.     Plaintiff's second argument discusses the alleged pre-paid card theory brought forth in the Second Amended Complaint. Defendants dispute these allegations and contend that Plaintiff is jumping to inaccurate conclusions based on a handful of emails. Despite Defendants' position, the emails that are the basis for Plaintiff's theory have been in Plaintiff's possession since November 2, 2015, when they were served on Plaintiff. (Doc. 142, App. 29-35).

11.     Therefore, similar to the argument related to the Amex statements, Plaintiff could have easily sought to include these claims far earlier than it did and fails to show good cause for the delay. As this Court notes in its Order Denying Plaintiff's Motion for Leave to File Second Amended Complaint:

> When the deadline for seeking leave to amend pleadings and add new parties to an action has expired, a litigant must show good cause for an amendment under Federal Rule of Civil Procedure 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Courts consider the following factors when deciding whether to allow an amendment: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).

(Doc. No. 131, pp. 1-2).

12.     Additionally, the Court's order addresses the prejudice that the Defendants would incur when it states:

> Chilly Dil received notice in October 2015 that the AMEX transactions were occurring. Chilly Dil failed to offer any explanation for why it waited to move to amend its complaint and add Third Parties and its new claims until May 2016. Allowing Chilly Dil to amend its complaint and add new parties would prejudice JetPay Defendants because JetPay Defendants are likely to incur significant costs reopening discovery in an action that is nearly two years old. *See James v. McCaw Cellular Commc'ns, Inc.*, 988 F.2d 583, 587 (5th Cir. 1993) (affirming denial of motion to add new defendant when the motion was filed "almost fifteen months after [plaintiff] filed his original complaint, ten months after the joinder deadline, five months after the deadline for amendments, [and] three weeks after [defendant] filed its Motion for Summary Judgment"). A continuance would not cure this prejudice.

(Doc. No. 131, p. 3).

13.     An Amended Complaint this far into litigation is prejudicial to the Defendants whether it is based on pre-paid card allegations or the Amex transaction allegations.

### E.  There Is No Manifest Injustice, Instead There Is Simply Plaintiff's Inaction

14.     Plaintiff attempts to argue that it "could not anticipate an adverse ruling" and that is why it did not complete the depositions of the JetPay Defendants. In fact, apart from the deposition of Trent Voigt, which Plaintiff unilaterally cancelled, Plaintiff failed to request these alleged missing depositions prior to the close of discovery. (Doc. 127, App. 145-148). Plaintiff's failure to conduct discovery does not qualify as a manifest injustice.

### F.  Even if Plaintiff was "Surprised", Plaintiff still has not Identified a Single Dollar of Damage Related to the Alleged "New Information"

15.     Defendants disagree that Plaintiff was surprised by the Amex relationship. However, even if Plaintiff was surprised, Plaintiff must also show prejudice. *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).

16.     On one hand, to prolong litigation and try to save its sinking case, Plaintiff argues it was surprised and recently uncovered $700,000 in fees. Plaintiff knows that is absurd and cannot be supported in any way when put to the test. This is proven by the fact that even since the April production of documents, Plaintiff has not amended its damage disclosures or its expert report. (Doc. 127, App. 80-81). Other than a generic reference to the payment processing structure, Plaintiff's current expert report does not mention Amex or any damages related to Amex. (Doc. 70). The current report simply indicates that additional documentation is needed in order to assess the damages. (Doc. 70 at p. 16).

17.     It is axiomatic that before Plaintiff has a civil suit, it must have damages, which Plaintiff does not disclose in any fashion. If these statements that Plaintiff received in April,

2016, did put Plaintiff on notice for the first time of the amounts, then why has Plaintiff done nothing to identify any damages related to the statements, despite the fact that the discovery deadline passed after the receipt of these and countless other records.

### III.

### CONCLUSION

18. The Court should deny Plaintiff's Motion for Reconsideration because Plaintiff fails to meet the legal standard to consider a Motion for Reconsideration. Plaintiff fails to show the existence of any new evidence, new law or manifest injustice. Additionally, Plaintiff's Motion for Reconsideration should be denied because it would substantially prejudice the Defendants and Plaintiff provides no good faith basis for the requested extension. *James* at 988 F.2d 587; *Fahim* at 551 F.3d 348.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants request that the Court sustain its denial of Plaintiff's Motion for Reconsideration of the Court's July 12, 2016 Order Denying the Emergency Motion for (1) Leave to Amend the First Amended Complaint; (2) file a Second Amended Complaint, and (3) to Extend Scheduling Order Deadlines, and such other and further relief to which Defendants may be entitled to at law and in equity.

        Respectfully submitted,

BY:   *s/ Timothy Micah Dortch*
     **TIMOTHY MICAH DORTCH**
     State Bar No. 24044981
     micah.dortch@cooperscully.com
     **R. BRENT COOPER**
     State Bar No. 04783250
     brent.cooper@cooperscully.com
     **LAUREN TOW**
     State Bar No. 24081179
     lauren.tow@cooperscully.com

**COOPER & SCULLY, P.C.**
Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Tel.: 214/712-9501
Fax: 214/712-9540

**COUNSEL FOR DEFENDANTS JETPAY CORPORATION AND JETPAY ISO SERVICES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2016, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court for the Northern District of Texas, using the electronic filing system of the court. The electronic case files system sent a "Notice of Electronic Filing" to the following individuals who have consented in writing to accept this Notice as service of this document by electronic means:

Patricia Beaujean Lehtola
Phillip E. Cannatti
Patrick C. Joost
LEHTOLA & CANNATTI PLLC
5001 Spring Valley Road, Suite 400 East
Dallas, Texas  75244

Eugene Rome, admitted *pro hac vice*
ROME AND ASSOCIATES, A.P.C.
2029 Century Park East, Suite 1040
Los Angeles, CA 90067

*Counsel for Plaintiff Chilly Dil Consulting Inc.*

                                          *s/ Timothy Micah Dortch*
                                          **TIMOTHY MICAH DORTCH**