IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHILLY DIL CONSULTING INC.,** a Florida corporation, | § § § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 3:14-cv-02749-N |
| **JETPAY ISO SERVICES, LLC,** a Texas limited liability company; **JETPAY, LLC,** a Texas limited liability company; **JETPAY CORPORATION,** a Delaware corporation; and **TRENT R. VOIGT,** an individual, | § § § § § § § | |
| Defendants. | § | |

**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM
IN RESPONSE TO DEFENDANTS' MOTION FOR LEAVE
TO FILE DEFENDANTS' SUMMARY JUDGMENT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW** Defendants, JetPay ISO Services, LLC, JetPay, LLC, JetPay Corporation and Trent R. Voigt (hereinafter "Defendants"), in the above-entitled and numbered cause, and hereby file this Reply to Plaintiff's Memorandum in Response to Defendants' Motion for Leave to File Defendants' Motion Summary Judgment.

**I.
INTRODUCTION**

Plaintiff's response to the Motion for Leave once again distracts from the issues and does not address the true motion. The Motion for Leave is simple. The prior Motion for Summary Judgment was denied because discovery was early and many facts were not yet developed. Judge Solis stated time and again in his ruling that the case was early.

Reply to Plaintiff's Memorandum in Response to Defendants'
Motion for Leave to File Defendants' Summary Judgment                    Page **1** of **5**
D/950070v1

The case is no longer in an early stage. Discovery is over and the facts are fully developed. Defendants are not trying to circumvent page limits but are attempting to avoid a costly and unnecessary trial in this matter. As set forth below, there is ample good cause for permitting another summary judgment, namely judicial economy.

## II.
## ARGUMENT & AUTHORITIES

A. **Local Rule 56.2 states that "Unless otherwise directed by the presiding judge, or permitted by law, a party may file no more than one motion for summary judgment."**

While case law has not specifically defined the phrase "permitted by law," it has addressed the policy behind Local Rule 56.2. The Rule prevents the once prevalent practice of circumventing summary judgment motion page limits by dividing arguments among several motions. *Home Depot U.S.A., Inc. v. Nat'l Fire Ins. Co. of Hartford*, No. 3:06-CV-0073-D, 2007 WL 1969752, at *2 (N.D. Tex. June 27, 2007).

B. **Judge Solis' Prior ruling sets forth the likelihood of another Motion for Summary Judgment**

In his Ruling on the prior Motion for Summary Judgment, Judge Solis noted throughout that discovery was still pending and that the case was in its early stage.

> **At this point**, the Court finds that Chilly Dil's breach of contract claim does not fail for lack of a valid contract and does not reach the argument regarding whether the 2011 Agreement is relevant to the present dispute. (Doc. 98, p. 7, emphasis added).

> The Court **cannot yet determine** whether JetPay holds money that in equity and good conscience belongs to Chilly Dil. (Doc. 98, p. 9, emphasis added).

> Chilly Dil has overstated the amount and strength of its evidence, but there is some evidence of a contract and possible interference by JetPay. Because this case is still relatively early on in the discovery period, the Court agrees that **it would be premature to dismiss this** claim based on the limited evidence before the Court. (Doc. 98, p. 11, emphasis added).

Reply to Plaintiff's Memorandum in Response to Defendants'
Motion for Leave to File Defendants' Summary Judgment    Page **2** of **5**
D/950070v1

Finally and most importantly, Judge Solis found:

> As discussed above, **issues of fact remain regarding whether the 2011 Agreement is a binding contract relevant to this dispute**. (Doc. 98, p. 13, emphasis added).

It is the present pending motion that seeks to answer Judge Solis' concerns that could possibly, but did not, arise during discovery. After the ruling, the deposition of Plaintiff's 30(b)(6) was taken where Plaintiff admitted to signing a separate contract that she did not sue upon with another JetPay UK company. Plaintiff also admitted to not being able to offer any damage theory. In addition, facts have come out showing Plaintiff has no damages.

The goal is not to take a second bite at the apple, but to address the prior concerns of the Court with the facts discovered since the prior ruling and with the new complaint Plaintiff filed.

C.   **The Parties Contemplated Another Motion for Summary Judgment**

Ironically, Plaintiff argues on one hand that the Court forbids any further Motions for Summary Judgment. On the other hand, Plaintiff filed its Motion to move deadlines in this case and Plaintiff included the dispositive motion deadline in said motion. Why would a dispositive motion be on a scheduling order from Plaintiff after the first motion for summary judgment if such was not contemplated by all parties. (Doc. 72, p. 1).

D.   **Judicial Effeciency is served by permitting another MSJ**

The pending Motion for Summary Judgment would alleviate the need for a long, complicated, and confusing trial. Plaintiff has another contract with a non-party entity from which Plaintiff has been paid a significant amount of money. This is the party, if any, that Plaintiff would have a case against. Plaintiff has no damages it can prove against the current Defendants and allowing Plaintiff to drag a jury away from their jobs and family to offer no damages does not promote judicial economy.

Reply to Plaintiff's Memorandum in Response to Defendants'
Motion for Leave to File Defendants' Summary Judgment                    Page **3** of **5**
D/950070v1

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Defendants pray that their Motion for Leave to File Under Seal and Motion for Leave to File Under LR 56.2 Defendants' Motion for Summary Judgment on First Amended Complaint, Brief in Support, and Appendix be granted, and for all such other and further relief to which they may be justly entitled.

Respectfully submitted,

BY: *s/ T. Micah Dortch*
**TIMOTHY MICAH DORTCH**
State Bar No. 24044981
micah.dortch@cooperscully.com
**R. BRENT COOPER**
State Bar No. 04783250
brent.cooper@cooperscully.com
**LAUREN TOW**
State Bar No. 24081179
Lauren.Tow@cooperscully.com

**COOPER & SCULLY, P.C.**
Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile: (214) 712-9540

**COUNSEL FOR DEFENDANTS**

Reply to Plaintiff's Memorandum in Response to Defendants'
Motion for Leave to File Defendants' Summary Judgment      Page **4** of **5**
D/950070v1

## CERTIFICATE OF SERVICE

  I hereby certify that on August 8, 2016, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court for the Northern District of Texas, using the electronic filing system of the court. The electronic case files system sent a "Notice of Electronic Filing" to the following individuals who have consented in writing to accept this Notice as service of this document by electronic means:

Patricia Beaujean Lehtola
Phillip E. Cannatti
Patrick C. Joost
LEHTOLA & CANNATTI PLLC
5001 Spring Valley Road, Suite 400 East
Dallas, Texas 75244

Eugene Rome, admitted *pro hac vice*
ROME AND ASSOCIATES, A.P.C.
2029 Century Park East, Suite 1040
Los Angeles, CA 90067

*Counsel for Plaintiff Chilly Dil Consulting Inc.*

                *s/ T. Micah Dortch*
                **TIMOTHY MICAH DORTCH**

Reply to Plaintiff's Memorandum in Response to Defendants'
Motion for Leave to File Defendants' Summary Judgment   Page **5** of 5
D/950070v1