# THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **CHILLY DIL CONSULTING INC.**, a Florida corporation, § § § § **Plaintiff,** § § **v.** § § **JETPAY ISO SERVICES, LLC**, a Texas limited liability company; **JETPAY, LLC**, a Texas limited liability company; **JETPAY CORPORATION**, a Delaware corporation; and **TRENT R VOIGT**, an individual, § § § § § § § § § **Defendants.** § | **CIVIL ACTION NO. 3:14-cv-02749-N** |

### PLAINTIFF'S RESPONSE TO BACKPAGE.COM, LLC'S MOTION FOR LEAVE TO FILE AMENDED RESPONSE TO AND BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL NON-PARTY BACKPAGE.COM, LLC TO COMPLY WITH SUBPOENA DUCES TECUM AND TO HOLD BACKPAGE IN CONTEMPT, AND BACKPAGE.COM, LLC'S CROSS-MOTION FOR PROTECTIVE ORDER AND ATTORNEYS' FEES

Non-party Backpage.com, LLC ("Backpage") has moved this Court for leave to file an amended response to plaintiff Chilly Dil Consulting, Inc.'s ("Plaintiff") Motion to Compel Backpage to Comply with Subpoena *Duces Tecum* and to Hold Backpage in Contempt ("Motion for Leave"). The basis for Backpage's Motion for Leave is that Plaintiff filed its Motion to Compel after the discovery completion deadline set forth in the Amended Scheduling Order (Dkt. No. 88).[1] Backpage's Motion for Leave should be denied.

Backpage has no valid reason for failing to raise the timeliness of the Motion to Compel in its original response to the Motion to Compel filed on July 8, 2016 as it had all the relevant facts available to it at the time of that filing to make that argument. The Amended Scheduling Order was filed on November 2015. (*See Id.*) Backpage has been actively involved in this action and has had full access to the Court's docket since May 6, 2016, when Plaintiff filed its Emergency Motion for Leave to Amend the First Amended Complaint to add Backpage and its related entities as new defendants (Dkt. No. 100). (*See* e.g. Dkt. Nos. 102, 103, 105, 107, 108, 112, 113, 116.) As such, Backpage was well aware or at least was on notice of the June 3, 2016 deadline to complete discovery at the time it filed its Response to Plaintiff's Motion to Compel on July 8, 2016. (*See* Dkt. No. 129.) Courts have routinely deemed that parties like Backpage who fail to raise arguments in their opposition briefs have waived those arguments. *See Burlington Northern & Santa Fe Railway Co. v. Poole Chemical Co., Inc.*, Civ. No. 5:04-cv–047–C, 2004 WL 1926322, at *fn 7 (ND Tex. Aug. 27, 2004) (argument waived when not raised in response); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 383 (1989) (failure to argue in brief in opposition is a waiver of argument); *Oklahoma City v. Tuttle*, 471 U.S. 808, 815-816 (1985). Since Backpage failed to raise the argument as to the timeliness of Plaintiffs' Motion to Compel when it was aware of that issue at the time it prepared and filed its response to the Motion to Compel, Backpage has waived that argument.

---

[1] The Amended Scheduling Order states: "All discovery procedures shall be initiated in time to complete discovery by **June 03, 2016**." (Dkt. No. 88.) (emphasis on the original.)

PLAINTIFF'S RESPONSE TO BACKPAGE.COM, LLC'S MOTION FOR LEAVE TO FILE AMENDED RESPONSE TO AND BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL BACKPAGE.COM, LLC TO COMPLY WITH SUBPOENA DUCES TECUM AND TO HOLD BACKPAGE IN CONTEMPT

1

Backpage claims that it did not raise the argument earlier because at the time it filed its response to the Motion to Compel, the Court had not yet issued its ruling denying Plaintiffs' Emergency Motion and denying Plaintiffs' request to extend Scheduling Order deadlines. This argument fails because the effect of the Court's ruling denying the Emergency Motion was to maintain the status quo. Stated another way, the discovery completion deadline remained the same both before and after the Court's ruling on the Emergency Motion. No new facts or circumstances arose with the Court's ruling that would have made the timeliness of the Motion to Compel an available argument that did not exist at the time Backpage filed its original response to the Motion to Compel. As such, Backpage has no excuse for failing to raise the timeliness of Plaintiff's Motion to Compel. The clear reality is that Backpage simply forgot to assert the argument at the time it filed its response, and is now seeking the Court's permission to correct that error in the guise of its Motion for Leave. Their omission constitutes a waiver of the timeliness argument, and their request to amend their response to add this new argument should be denied.

For these reasons, Plaintiff requests that the Court deny Backpage's Motion for Leave. However, should the Court grant Backpage's Motion, Plaintiff requests that the Court give it an opportunity to fully brief a response to that argument in a supplemental reply brief and address the factors discussed in *Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 398-99 (N.D. Tex. 2006) that courts consider when considering motions to compel filed outside the discovery completion deadline. Plaintiff's reply brief in support of its Motion to Compel did not address this argument as the Court did not yet render a ruling on Backpage's Motion for Leave when Plaintiff filed its reply, and therefore it would be prejudiced if it is not given an opportunity to

2

PLAINTIFF'S RESPONSE TO BACKPAGE.COM, LLC'S MOTION FOR LEAVE TO FILE AMENDED RESPONSE TO AND BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL BACKPAGE.COM, LLC TO COMPLY WITH SUBPOENA DUCES TECUM AND TO HOLD BACKPAGE IN CONTEMPT

respond to Backpage's new argument.[2]

                          Respectfully submitted,

                          **ROME & ASSOCIATES, APC**

                          BY:     */s/Eugene Rome*
                                Eugene Rome
                                California Bar No. 232780
                                Erome@romeandassociates.com
                                ROME & ASSOCIATES, A.P.C.
                                2029 Century Park East, Suite 450
                                Los Angeles, CA 90067
                                Telephone: (310) 282-0690
                                Facsimile: (310) 282-0691

                                *Attorneys for Plaintiff*

                          **LEHTOLA & CANNATTI PLLC**

                          BY:     */s/Patricia Beaujean Lehtola*
                                Patricia Beaujean Lehtola
                                State Bar No. 01997700
                                plehtola@lc-lawfirm.com
                                Phillip E. Cannatti
                                State Bar No. 00793456
                                pcannatti@lc-lawfirm.com
                                Patrick C. Joost
                                State Bar No. 24078759
                                pjoost@lc-lawfirm.com

---

[2] Interestingly, Backpage wants to have its cake and eat it too. It admits that its Response to the Motion to Compel was untimely filed, but yet asks that the Court excuse its untimeliness and deny Plaintiff's Motion to Compel as untimely. (*See* Dkt. No. 133, fn 2.) Further, Backpage's counsel (a large firm consisting of many attorneys practicing litigation) had three weeks to prepare Backpage's response to the Motion to Compel and still failed to raise all the arguments available to them and to file a timely response. Backpage attempted to obtain an extension from Plaintiff to file its response on July 14, 2016, one week from the response deadline. It is apparent that Backpage's Motion for Leave, filed on July 19, 2016 is merely their attempt to file the response they would have filed had Plaintiff agreed to the extension. As discussed above, Backpage has no valid reason for its impressable attempt to amend its response. Should the Court determine that Backpage's response is timely or grants Backpage's Motion for Leave, Plaintiff also requests that the Court consider Plaintiff's Motion to Compel as timely filed.

3
PLAINTIFF'S RESPONSE TO BACKPAGE.COM, LLC'S MOTION FOR LEAVE TO FILE AMENDED RESPONSE TO AND BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL BACKPAGE.COM, LLC TO COMPLY WITH SUBPOENA DUCES TECUM AND TO HOLD BACKPAGE IN CONTEMPT

          LEHTOLA & CANNATTI
PLLC
5001 Spring Valley Road,
Suite 400 East
Dallas, Texas 75244
(972) 383-1515 (Telephone)
(866) 383-1507 (Facsimile)

*Attorneys for Plaintiff*

4

PLAINTIFF'S RESPONSE TO BACKPAGE.COM, LLC'S MOTION FOR LEAVE TO FILE AMENDED RESPONSE TO AND BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL BACKPAGE.COM, LLC TO COMPLY WITH SUBPOENA DUCES TECUM AND TO HOLD BACKPAGE IN CONTEMPT

## CERTIFICATE OF SERVICE

       This is to certify that on August 8, 2016, the foregoing was served upon all counsel of record in accordance with the Federal Rules of Civil Procedure by ECF.

                                             BY: _*/s/Eugene Rome*_
                                                  Eugene Rome

PLAINTIFF'S RESPONSE TO BACKPAGE.COM, LLC'S MOTION FOR LEAVE TO FILE AMENDED RESPONSE TO AND BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL BACKPAGE.COM, LLC TO COMPLY WITH SUBPOENA DUCES TECUM AND TO HOLD BACKPAGE IN CONTEMPT