# THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **CHILLY DIL CONSULTING INC.**, a Florida corporation, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:14-cv-02749-N |
| **JETPAY ISO SERVICES, LLC**, a Texas limited liability company; **JETPAY, LLC**, a Texas limited liability company; **JETPAY CORPORATION**, a Delaware corporation; and **TRENT R VOIGT**, an individual, | § § § § § § § | |
| Defendants. | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO BACKPAGE.COM, LLC'S MOTION TO STRIKE NEW EVIDENCE AND ARGUMENT FILED IN PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL NON-PARTY BACKPAGE.COM, LLC TO COMPLY WITH SUBPOENA DUCES TECUM AND TO HOLD BACKPAGE IN CONTEMPT**

In yet another attempt to delay adjudication of plaintiff Chilly Dil Consulting, Inc.'s ("Plaintiff") Motion to Compel non-party Backpage.com, LLC ("Backpage") to Comply with Subpoena Duces Tecum and to Hold Backpage in Contempt ("Motion to Compel"), Backpage has now filed a Motion to Strike new evidence and argument in Plaintiff's reply brief filed in support of Plaintiff's Motion to Compel.[1]  The basis for Backpage's Motion to Strike is that Plaintiff raised "new" arguments and evidence in its reply brief and in the supporting Declaration of David Steiner ("Steiner Declaration") not previously raising in the moving papers.  Backpage's Motion to Strike is meritless and should be denied.

**A.     The Evidence and Argument Presented by Plaintiff in its Reply Brief is Not "New"**

The purpose of a reply brief is to give the moving party the "final opportunity to be heard, and 'to *rebut* the nonmovants's response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *See Murray v. TXU Corp., et al.*, No. Civ. A. 303CV0888P, 2005 WL 1313422, *4 (N.D. Tex., May 27, 2005) (quoting *Pennsylvania Gen. Ins. Co. v. Story,* No. Civ. A. 3:03CV0330-G, 2003 WL 21435511, at *1 (N.D.Tex. June 10, 2003) (emphasis added).)  As a general rule, reply briefs in response to oppositions to motions are limited to only matters raised in the opposition papers.  A moving party cannot "shift gears" and introduce new facts or different legal arguments in the reply brief than presented in the moving papers. *See Lujan v. National Wildlife Federation*, 497 US 871, 894-895, 110 S.Ct. 3177, 3192 (1990).

However, a reply brief may properly address new matters raised in the opposition brief if the issues *reasonably* were unforeseen at the time of the opening brief.  *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F.Supp. 1220, 1235, (SD NY 1991) *rev'd on other grounds* (2nd Cir. 1992) 967 F.2d 742.  Likewise, evidence submitted in direct response to evidence

---

[1] Backpage has also filed a Motion for Leave to File an Amended Response to the Motion to Compel. (Dkt. No. 133.)

raised in the opposition, is not "new". *Edwards v. Toys 'R' US,* 527 F.Supp.2d 1197, 1205 n. 31 (C.D.Cal.2007) ( "Evidence is not 'new,' however, if it is submitted in direct response to proof adduced in opposition to a motion."); *Terrell v. Contra Costa County,* 232 Fed.Appx. 626, 629 n. 2 (9th Cir. 2007) (Unpub. Disp.) (evidence in reply was not "new" where "[t]he Reply Brief addressed the same set of facts supplied in Terrell's opposition to the motion but provides the full context to Terrell's selected recitation of the facts"); *Murray*, 2005 WL 1313422 at *4 (motion to strike reply brief and request to file sur-reply denied where "new" arguments in reply brief merely rebutted the response to motion.)

Here, Plaintiff's reply brief only directly addressed unanticipated arguments about jurisdiction that were raised by Backpage in its response to Motion to Compel. Indeed, Backpage's counsel never before stated its concerns about jurisdiction at any point during its almost six month meet and confer correspondence with Plaintiff's counsel. (*See* Dkt No. 118, pp. 25-53.) This is because the understanding between the parties was that this Court had jurisdiction over the subpoena. The reply brief therefore did not add wholly new arguments or evidence for the first time, but merely directly responded to reasonably unforeseen arguments asserted by Backpage in the opposition papers. Further, the reply brief addressed the same set of facts provided in Backpage's response to the Motion to Compel, "but provide[d] the full context to [Backpage's] selected recitation of the facts." *See Terrell*, 232 Fed.Appx. at n. 2. As such, the evidence in the Steiner Declaration and the argument raised in Plaintiff's reply brief that Backpage seeks to strike, should not be considered "new".

**B.     The Facts Demonstrate That the Parties Agreed to Modify the Place of Compliance**

The Steiner Declaration and the arguments about modification of the place of compliance only support what the existing facts already show. Plaintiff never raised the issue of jurisdiction of the subpoena's compliance in its moving papers because of the understanding between the parties was that the place of compliance was modified to Dallas, Texas. Further, as stated in

2

PLAINTIFF'S RESPONSE IN OPPOSITION TO BACKPAGE.COM, LLC'S MOTION TO STRIKE NEW EVIDENCE AND ARGUMENT FILED IN PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL BACKPAGE.COM, LLC TO COMPLY WITH SUBPOENA DUCES TECUM AND TO HOLD BACKPAGE IN CONTEMPT

Plaintiff's reply and in the correspondence between Plaintiff and Backpage's respective counsel attached to Plaintiffs' Appendix in support of its Motion to Compel, although the subpoena erroneously stated "Los Angeles, California" instead of "Dallas, Texas" as was required by Federal Rule of Civil Procedure ("FRCP") 45(c)(2)(A) as the place of compliance[2], Backpage and its counsel at no point asserted any objection or comment about that error.  (*See* Dkt. No. 118, pp.25-53.)

Moreover, Backpage admits in its papers that when its general counsel, Liz McDougal, could not reach an agreement with Plaintiff's counsel as to the production, she stated that she "we will require adequate time to retain counsel in the **N.D. Tex.** to represent Backpage.com." *See* Dkt. No. 139, p. 3 (emphasis added).  If Backpage's counsel had not agreed to modify the place of compliance of the subpoena to Dallas, Texas, then she would have retained counsel in Los Angeles, California, the location of the court that purportedly has jurisdiction over the subpoena (according Backpage in its response to the Motion to Compel).  Moreover, even if Ms. McDougal was unaware of FRCP 45's strictures regarding subpoenas and the courts where motions related thereto should be brought, the counsel she retained on Backpage's behalf, Ann Marie Painter, a seasoned litigator who is not a stranger to the Federal Rules of Civil Procedure, or even her co-counsel at Perkins Coie, would have been aware of this fact and would have recommended that Ms. McDougal retain counsel in Los Angeles instead to handle the subpoena issues.  Indeed, all the facts demonstrate that the parties modified the place of compliance to Dallas, Texas. The evidence in the Steiner Declaration only provides further context to those facts.

---

[2] FRCP 45(c)(2)(A) states that the place of compliance of for a subpoena seeking production of documents must be within "100 miles of where the person resides, is employed, or regularly transacts business in person."  Backpage's principal place of business is located in Dallas, Texas. As such, the subpoena should have stated a place of compliance within a 100-mile radius of Dallas, Texas.

**C.     Backpage's Request to File a Sur-Reply Should Also Be Denied**

"A sur-reply is appropriate by the non-movant only when the movant raises new legal theories or attempts to present new evidence at the reply stage." *See Murray*, 2005 WL 1313422 at *4. Given that the argument and evidence regarding modification of the subpoena's compliance presented in Plaintiff's reply brief and the supporting Steiner Declaration are not "new" and only directly address arguments and evidence asserted by Backpage in its response to the Motion to Compel, Backpage's Motion to Strike and request to file a sur-reply should be denied.

Respectfully submitted,

**ROME & ASSOCIATES, APC**

BY:     */s/Eugene Rome*
         Eugene Rome
         California Bar No. 232780
         Erome@romeandassociates.com
         ROME & ASSOCIATES, A.P.C.
         2029 Century Park East, Suite 450
         Los Angeles, CA 90067
         Telephone: (310) 282-0690
         Facsimile: (310) 282-0691

         *Attorneys for Plaintiff*

**LEHTOLA & CANNATTI PLLC**

BY:     */s/Patricia Beaujean Lehtola*
         Patricia Beaujean Lehtola
         State Bar No. 01997700
         plehtola@lc-lawfirm.com
         Phillip E. Cannatti
         State Bar No. 00793456
         pcannatti@lc-lawfirm.com
         Patrick C. Joost
         State Bar No. 24078759
         pjoost@lc-lawfirm.com

4

PLAINTIFF'S RESPONSE IN OPPOSITION TO BACKPAGE.COM, LLC'S MOTION TO STRIKE NEW EVIDENCE AND ARGUMENT FILED IN PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL BACKPAGE.COM, LLC TO COMPLY WITH SUBPOENA DUCES TECUM AND TO HOLD BACKPAGE IN CONTEMPT

LEHTOLA & CANNATTI
PLLC
5001 Spring Valley Road,
Suite 400 East
Dallas, Texas 75244
(972) 383-1515 (Telephone)
(866) 383-1507 (Facsimile)

*Attorneys for Plaintiff*

PLAINTIFF'S RESPONSE IN OPPOSITION TO BACKPAGE.COM, LLC'S MOTION TO STRIKE NEW EVIDENCE AND ARGUMENT FILED IN PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL BACKPAGE.COM, LLC TO COMPLY WITH SUBPOENA DUCES TECUM AND TO HOLD BACKPAGE IN CONTEMPT

## CERTIFICATE OF SERVICE

This is to certify that on August 8, 2016, the foregoing was served upon all counsel of record in accordance with the Federal Rules of Civil Procedure by ECF.

BY:   */s/Eugene Rome*
Eugene Rome