**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CHILLY DIL CONSULTING INC., a Florida corporation,** | § § § | |
| **Plaintiff,** | § § | |
| **V.** | § § | **CIVIL ACTION NO. 3:14-cv-02749-N** |
| **JETPAY ISO SERVICES, LLC, a Texas limited liability company; JETPAY, LLC, a Texas limited liability company; JETPAY CORPORATION, a Delaware corporation; and TRENT R. VOIGT, an individual,** | § § § § § § § | |
| **Defendants.** | § | |

_____

**BACKPAGE.COM, LLC'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO STRIKE NEW EVIDENCE AND ARGUMENT FILED IN PLAINTIFF'S REPLY BRIEF**
_____

Non-party Backpage.com, LLC ("Backpage.com") files this Reply Brief in Further Support of its *Motion to Strike New Evidence and Argument Filed in Plaintiff's Reply Brief in Support of Motion to Compel Non-Party Backpage.com, LLC to Comply With Subpoena Duces Tecum and to Hold Backpage in Contempt and Brief in Support* [Dkt. No. 139].

## I.    REPLY

Plaintiff's response to Backpage.com's motion to strike demonstrates Plaintiff's penchant for disregarding Court rules and then asking for the Court's forgiveness and accommodation where it should have asked for permission. The issue here is not whether Plaintiff *could have* justified its request for leave to file new evidence with its reply brief (on it is motion to compel), the issue is that no request for leave was ever made. If Plaintiff had valid grounds for the introduction of new evidence with the reply, *Plaintiff could and  should have set out those*

*grounds in a motion for the Court's permission to file a reply appendix.* That is what the rules of the Court require for the "just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1.

Accordingly, the law is clear. "It is well established that a party may not file evidence with a reply brief without first obtaining leave of court." *United States v. City of Dallas*, 2011 WL 4912590, at *4 (N.D. Tex. Sept. 27, 2011); *see also Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.*, 2003 WL 251318, at *19 (N.D. Tex. Feb. 3, 2003) (striking evidence submitted with reply brief); *Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 104 (N.D. Tex. 2001) (citing cases) ("[T]he court will not consider any evidence from the reply appendix that he cites in his reply brief").

Plaintiff has not identified a single case from the Northern District of Texas that has permitted the filing of a reply appendix without leave. Instead, Plaintiff attempts to rely on cases from outside of this jurisdiction. But even those cases do not justify Plaintiff's effort to file new evidence that Backpage.com cannot answer. *See Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991) (noting that the local rules of the Southern District of New York "expressly provides for the submission of 'reply papers'" but also that "*the district court should permit the nonmoving party to respond to the new matters*" (emphasis added)), *rev'd*, 967 F.2d 742 (2d Cir. 1992), *as amended* (Sept. 23, 1992); *Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1205 (C.D. Cal. 2007) (court declined to strike declarations filed in a reply that addressed the same telephone conversations raised by the non-movant's evidence, but explicitly stated that the new declarations did "*not alter the court's conclusion*" on the issues raised in the original motion and thus had no material relevance) (emphasis added).

At minimum, if the Court is inclined to forgive Plaintiff's disregard of the rules and accommodate Plaintiff's implicit belated request to submit new evidence with its reply in support of its belated motion to compel (*see* Dkt. 133), fairness and the caselaw cited by Plaintiff dictate that Backpage.com should be granted leave to file a surreply with its own new evidence in rebuttal. *See* Dkt. 148, citing *Pa. Gen. Ins. Co. v. Story*, 2003 WL 21435511, at *1 (N.D. Tex. June 10, 2003) (denying motion to strike new argument raised in reply while granting the "alternative motion for leave to file a surreply" in order to respond); *Litton*, 767 F. Supp. at 1235. Plaintiff's citation to *Murray v. TXU Corp.*, 2005 WL 1313412, at *5 (N.D. Tex. May 27, 2005), does not provide a persuasive basis for denying Backpage.com an opportunity to respond to Plaintiff's reply evidence. In *Murray*, the court denied a motion to strike a reply brief containing only new case law citations, but "no new arguments" and no new evidence. *Id.* Here, Backpage.com's objection to Plaintiff's reply is not founded on the inclusion of "new case law," but on the introduction of new evidence to support an argument to which Backpage.com cannot respond unless it is granted a surreply.

## II.   <u>CONCLUSION</u>

For the foregoing reasons, Backpage.com requests that the Court strike the declaration and exhibits submitted with Plaintiff's Reply and strike the associated new argument from Plaintiff's Reply. If the Court declines to strike this evidence and portion of Plainitff's Reply, Backpage.com requests leave to file a surreply with its own supporting evidence rebutting Plaintiff's allegation of an agreement to a change of jurisdictions.

Dated: August 22, 2016

Respectfully Submitted,

*/s/ Ann Marie Painter*

Ann Marie Painter
Texas Bar No. 00784715
AMPainter@perkinscoie.com
Jason R. Elliott
Texas Bar No. 24050558
jelliott@perkinscoie.com

PERKINS COIE LLP
500 N. Akard St., Suite 3300
Dallas, Texas  75201
Telephone:  214.965.7700
Facsimile:  214.965.7773

ATTORNEYS FOR BACKPAGE.COM, LLC

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing to all counsel of record for all parties via the Court's CM/ECF system on the 22nd day of August, 2016.

*/s/ Ann Marie Painter*

Ann Marie Painter

132322350.2